UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APYX MEDICAL CORPORATION f/k/a/ BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN, <br><br><br> Defendants. | Case No.  8:19-cv-00919-SCB-AEP <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GREGORY P. MOUTON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

      I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................... 3

            A.      Movant is Willing to Serve as a Class Representative ............................... 4

            B.      Movant Has the "Largest Financial Interest" in the Action ....................... 4

            C.      Movant Otherwise Satisfies the Requirements of Rule 23 ........................ 5

      II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL
             SHOULD BE APPROVED ............................................................................... 7

CONCLUSION ...................................................................................................................... 9

i

## TABLE OF AUTHORITIES

### CASES

*Brustein v. Lampert*,
   04-61159-CIV-LENARD/KLEIN,
   2005 U.S. Dist. LEXIS 51106 (S.D. Fla. June 15, 2005) ........................................................ 6

*Cyan, Inc. v. Beaver County Employees Ret. Fund*,
   138 S. Ct. 1061 (2018) ........................................................................................................... 8

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ............................................................................................... 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................. 6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................. 5

*Miller v. Dyadic Int'l, Inc.*,
   07-80948-CIV-DIMITROULEAS,
   2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) ........................................................ 7

*Mulvaney v. GEO Group, Inc.*,
   16-cv-81494-MIDDLEBROOKS,
   2016 U.S. Dist. LEXIS 193402 (S.D. Fla. Nov. 18, 2016)...................................................... 7

*Nghiem Tran v. Erba Diagnostics, Inc.*,
   15-cv-24440-COOKE/TORRES,
   2016 U.S. Dist. LEXIS 186864 (S.D. Fla. Apr. 8, 2016) ........................................................ 6

*Piven v. Sykes Enters.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000)................................................................................... 6

*Plymouth County Ret. Sys. v. Carter's, Inc.*,
   08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009) .......................... 5

*Prado-Steinman ex rel. Prado v. Bush*,
   22 F.3d 1266 (11th Cir. 2000) ................................................................................................ 6

*Thorpe v. Walter Inv. Mgmt., Corp.*,
   1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016) ........................ 6

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ............................................................................................ 7

ii

## STATUTES

15 U.S.C. § 78u-4(a)(3) ......................................................................................................... *passim*

## RULES

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

Gregory P. Mouton  ("Mouton" or "Movant") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (the "Exchange Act", as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Movant as Lead Plaintiff on behalf of all persons and entities that: (a) purchased or otherwise acquired Apyx Medical Corporation's ("Apyx" or the "Company") securities between August 1, 2018 and April 1, 2019, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Desmond Law Firm, P.C. ("Desmond") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint in the Action alleges that Apyx and certain of its officers defrauded investors in violation of the federal securities laws by misrepresenting Apyx's business and operations.  Apyx investors, including Movant, incurred significant losses when the truth of Defendants' misrepresentations and omissions became known.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Movant, having incurred losses of approximately $36,156.00 in connection with his purchases of Apyx common stock during the Class Period, believes that he has the largest financial interest in the relief sought in this action.

Beyond his significant financial interest, Movant also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, Movant has selected GPM as Lead Counsel for the Class.  GPM is a

1

nationally recognized securities class action firm and has recovered billions of dollars on behalf of defrauded investors. Movant has also selected the highly respected law firm of Desmond, a firm with experience in securities class action matters, with offices in this Judicial District, to serve as Liaison Counsel for the Class.

Accordingly, based on Movant's significant financial interests and his commitment to overseeing this litigation, Movant respectfully requests that the Court enter an order appointing Movant as Lead Plaintiff and approving his selections of Lead Counsel and Liaison Counsel.

## STATEMENT OF FACTS

As alleged in the Complaint filed in this Action, Apyx is a medical technology company that purportedly develops J-Plasma, a plasma-based surgical product for cutting, coagulation and ablation of soft tissue. The Company markets and sells J-Plasma under the brand name Renuvion Cosmetic Technology. The Company claims that it has developed J-Plasma/Renuvion for use in dermal resurfacing procedures.

On February 21, 2019, White Diamond Research released a report alleging, among other things, that a clinical study on the use of J-Plasma for dermal resurfacing may have missed its endpoints.

On this news, the Company's share price fell $2.10, or nearly 25%, to close at $6.40 per share on February 21, 2019, on unusually heavy trading volume.

On April 1, 2019, the Company revealed that it had withdrawn its application for regulatory clearance of J-Plasma for use in dermal resurfacing procedures, citing concerns raised by the U.S. Food and Drug Administration ("FDA").

On this news, the Company's share price fell $2.49, or nearly 36%, to close at $4.46 per share on April 2, 2019, on unusually heavy trading volume.

2

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the clinical study on the use of J-Plasma for dermal resurfacing had not met its primary efficacy endpoint; (2) that, as a result, the clinical study did not support the Company's application for regulatory clearance; (3) that, as a result, the Company was unlikely to receive regulatory approval of J-Plasma for dermal resurfacing; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant should be appointed Lead Plaintiffs because, to his knowledge, Movant has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

3

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.   Movant is Willing to Serve as a Class Representative

On April 17, 2019, counsel for Plaintiff in the above-captioned action published a notice over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the action had been filed against Defendants and which advised investors in Apyx securities that they had 60 days to file a motion to be appointed as Lead Plaintiff (the "Notice").   *See* Declaration of Leo W. Desmond in Support of Motion ("Desmond Decl."), Ex. A.  Movant has filed the instant motion pursuant to the Notice, and has attached Certifications attesting that he is willing to serve as representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. B.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.   Movant Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Movant has the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff.  For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial

interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997); *see also Plymouth County Ret. Sys. v. Carter's, Inc.*, 08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582, at *5 (N.D. Ga. Mar. 13, 2009) (assessing financial interest with reference to *Lax* factors).

During the Class Period, Movant: (1) purchased 13,000 shares of Apyx stock; (2) expended $104,150.00 on purchases of Apyx stock; (3) retained 13,000 shares of Apyx stock; and (4) incurred losses of $36,156.25 in connection with his transactions in Apyx stock. *See* Desmond Decl., Ex. C. To the extent that Movant possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Movant Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.

5

Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005); *Nghiem Tran v. Erba Diagnostics, Inc.*, 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Thorpe v. Walter Inv. Mgmt., Corp.*, 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at *18 (S.D. Fla. Mar. 16, 2016). Here, the complaint in the action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all lead plaintiff candidates.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large". *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

Movant's claims are typical of those of the Class. Movant alleges, as do all Class members, that Defendants violated the federal securities laws by making untrue statements of material fact and omitting to state material facts both required by governing regulations and necessary to make the statements made not misleading. Movant, as did all members of the Class, purchased Apyx securities at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Apyx's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the litigation to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

Movant has submitted signed Certifications declaring his commitment to protecting the interests of the Class. *See* Desmond Decl., Ex. B. There is no evidence of antagonism or conflict between the Movant's interests and the interests of the Class. The significant losses incurred by Movant demonstrates that he has a sufficient interest in the outcome of this litigation.

Finally, as set forth in greater detail below, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choices to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. GEO Group, Inc.*, 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402, at *8 (S.D. Fla. Nov. 18, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). GPM and Desmond have substantial experience representing investors in securities class actions in state and federal courts throughout the country. *See* Desmond Decl., Exs. D and E. Earlier this year, as counsel for the respondents in *Cyan, Inc. v. Beaver County Employees Ret. Fund*, 138 S. Ct.

7

1061 (2018), GPM assisted in obtaining a unanimous decision from the United States Supreme Court holding that securities class actions alleging only violations of the Securities Act of 1933 (such as the instant action) can be brought in, and cannot be removed from, state court.

As lead or co-lead counsel, GPM has secured substantial recoveries in class actions alleging violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). *See, e.g., Robb v. Fitbit Inc., et al.*, No. 3:16-cv-00151-SI, Amended Order (N.D. Cal. May 14, 2018) ($33 million settlement of Securities Act and Exchange Act claims); *In re Akorn, Inc. Sec. Litig.*, No. 1:15-cv- 01944, Mem. Op. (N.D. Ill. June 5, 2018) ($24 million settlement of Exchange Act claims); *In Re: Penn West Petroleum Ltd. Sec. Litig.*, No. 1:14-cv-06046-JGK, Judgment (S.D.N.Y. June 28, 2016) ($19,759,282 settlement of Exchange Act claims); *In re ITT Educ. Serv., Inc. Sec. Litig.*, No. 1:14-cv-01599-TWP-DML, Final Judgment & Order (N.D. Ind. Mar. 24, 2016) ($12,537,500 settlement of Exchange Act claims); *Linde et al v. Fifth Street Asset Mgmt., Inc,. et al.*, No. 1:16- cv-01941-LAK, Order (S.D.N.Y. Feb. 17, 2017) ($9.25 million settlement of Securities Act claims); *In re Café Press Inc. S'holder Litig.*, Master File No. CIV522744, Judgment & Order (Super. Ct., San Mateo County, Cal. Aug. 11, 2015) ($8 million settlement of Securities Act claims); *see also In Re Yahoo! Inc. Sec. Litig.*, No. 5:17-cv-00373-LHK, Order (N.D. Cal. May 9, 2018) ($80 million settlement of Exchange Act claims preliminarily approved and awaiting final approval); *Singh v. 21Vianet Group, Inc., et al.*, No. 2:14-cv-00894-JRG-RSP, Amended Order (N.D. Tex. May 21, 2018) ($9 million settlement of Exchange Act claims preliminarily approved and awaiting final approval).

As a result of their extensive experience in litigation involving issues similar to those raised in the instant action, Movant's counsel have the skill, knowledge, expertise, and

8

experience that will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of counsel by Movant, with GPM as Lead Counsel and Desmond as Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the Class; and (2) approving Lead Plaintiff's selections of GPM as Lead Counsel and Desmond as Liaison Counsel for the Class.

Dated:  June 17, 2019                                    Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com

*Counsel for Movant and*
*Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**

Lesley Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: lportnoy@glancylaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

9