## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>v.<br><br>APYX MEDICAL CORPORATION f/k/a/ BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN,<br><br>Defendants. | Case No. 8:19-cv-00919-SCB |

## MOTION OF MICHAEL T. DOLAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION

Proposed lead plaintiff Michael T. Dolan ("Movant"), by his counsel, will hereby move this Court for an Order (attached hereto): (i) appointing Movant as Lead Plaintiff; (ii) approving Movant's selection of the law firm Levi & Korsinsky LLP to serve as Lead Counsel and the law firm Cullin O'Brien Law, P.A. to serve as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.  In support of this Motion, Movant submits the incorporated Memorandum of Law, the Declaration of Cullin O'Brien ("O'Brien Decl.") and its exhibits, dated June 17, 2019.

### COMPLIANCE WITH CIVIL LOCAL RULE 3.01(g)

This motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the PSLRA.  This Section provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action.

Consequently, Movant's counsel has no way of knowing who, if any, the competing lead plaintiff candidates are at this time.  As a result, counsel for Movant has been unable to conference with opposing counsel as prescribed in Local Rule 3.01(g), and respectfully requests that the conference requirement of Local Rule 3.01(g), be waived for this motion.  Pursuant to §78u-4(a)(3)(B)(iii)(II), Defendants do not have standing to oppose the appointment of Movant as lead plaintiff.  *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1138 (C.D. Cal. 1999).

## MEMORANDUM OF LAW

### I.      PRELIMINARY STATEMENT

Presently pending before this Court is the class action lawsuit (the "Action") brought on behalf of all persons who purchased or otherwise acquired securities of Apyx Medical Corporation f/k/a/ Bovie Medical Corporation ("Apyx" or the "Company") between August 1, 2018 and April 1, 2019, inclusive (the "Class Period").  The plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 ("Exchange Act") against the Company and Charles D. Goodwin ("Goodwin")[1].

Movant Michael T. Dolan ("Movant") lost $7,712.74 as a result of the alleged fraud during the Class Period.  Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel and Cullin O'Brien Law, P.A. ("Cullin O'Brien") as Liaison Counsel.

---

[1] The Action is entitled *Pritchard v. Apyx Medical Corporation., et al.*, No. 8:19-cv-00919-SCB.

2

Movant believes that he has the largest financial interest in the outcome of the Actions.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that they, he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See In re Razorfish, Inc. Secs. Litig*., 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002).  Movant satisfies both requirements.

## II.    STATEMENT OF FACTS

Apyx, a medical technology company, develops a plasma based surgical product called J-Plasma, and markets and sells J-Plasma under the brand name Renuvion Cosmetic Technology. ¶¶ 2, 16. [4] J-Plasma is used to cut, coagulate, and ablate soft tissue, and was developed for use in dermal resurfacing procedures. *Id.*  The Company is incorporated in Delaware and maintains its principal offices in Clearwater, Florida. ¶ 14. Apyx's stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "APYX". *Id.*  The Complaint alleges that throughout

---

[2] Movant's certification identifying his transactions in Apyx, as required by the PSLRA, as well as a chart detailing his losses are attached to the Declaration of Cullin O'Brien, dated June 17, 2019 as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired Apyx securities during the Class Period.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in the Action.  The facts set forth in the Complaint are incorporated herein by reference.

the Class Period, Defendants made statements were false and/or misleading statements and/or failed to disclose that: (1) the clinical study on the use of J-Plasma for dermal resurfacing had not met its primary efficacy endpoint; (2) as a result, the clinical study did not support the Company's application for regulatory clearance; (3) as a result, the Company was unlikely to receive regulatory approval of J-Plasma for dermal resurfacing; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.¶¶ 7, 22.

The Class Period begins on August 1, 2018, when the Company issued a press release announcing its financial and operating results for the second quarter of 2018.¶ 18. This press release touted positive results from the Company's dermal resurfacing clinical study, stating results would support its submission to the Federal Drug Administration ("FDA") to market and sell Renuvion. *Id.* On November 1, 2018, Apyx announced its third quarter 2018 financial results, but did not provide clinical results from the J-Plasma study. ¶ 19

Apyx published a press release on December 21, 2018, announcing it had submitted a 510(k) application for regulatory clearance for the use of J-Plasma for dermal resurfacing procedures. ¶ 20. On January 7, 2019, Apyx highlighted the 510(k) application as a milestone in its preliminary financial results for the fourth quarter 2018. ¶ 21.

But the truth began to emerge about J-Plasma, when White Diamond Research released a report on February 21, 2019. ¶ 23. The report pointed out, among other things, that "Apyx did not reveal the results of its clinical study on J-Plasma use for dermal resurfacing – a red flag that it may have missed its endpoints." *Id.* On this news, the Company's stock dropped nearly 25%, or $2.10 per share, to close on February 21, 2019 at $6.40 per share. ¶ 24.

Then, after the market closed on April 1, 2019, Apyx revealed that it had withdrawn its

4

application for regulatory clearance of J-Plasma for use in dermal resurfacing procedures. Specifically, Apyx cited concerns that were raised by the FDA, concerning "protocol deviations" and concerns about "superior clinical results from one investigational center as compared to the other two", among other things. ¶ 25. The Company also revealed that the clinical study for J-Plasma did in fact missed its primary efficacy endpoint. *Id.*  On this news, Apyx's stock dropped again, nearly 30%, or $2.49 per share, to close on April 2, 2019 at $4.46 per share. ¶ 26.

## III.   ARGUMENT

### A.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### 1.  The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules
of  Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class

member that the presumptively most adequate plaintiff "will not fairly and adequately protect the

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique

defenses that defendants could raise against him.  Therefore, Movant is entitled to the presumption

that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed

lead plaintiff in the Actions.

### a.   Movant is Willing to Serve as Class Representative

On April 17, 2019, counsel in the first-filed action caused a notice (the "Notice") to be

published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a

securities class action had been filed against Apyx and certain of its officers and directors, and

which advised putative class members that they had until June 17, 2019 to file a motion to seek

appointment as a lead plaintiff in the action.[5]  Movant has reviewed the complaint filed in the

action and has timely filed this motion pursuant to the Notice.

### b.   Movant Has the Requisite Financial Interest in the Relief Sought by

### the Class

During the Class Period, Movant purchased Apyx securities in reliance upon the materially

false and misleading statements issued by Apyx and the individual defendants, and was injured

---

[5]  The first-filed action was filed in this Court on April 17, 2019.  On April 17, 2019, the Notice
was published over *Business Wire*, a widely-circulated national wire service.  *See* O'Brien Decl.
Ex. C.

thereby.  *See* O'Brien Decl. Ex. A.  In addition, Movant suffered a substantial loss of $7,712.74. Movant thus has a significant financial interest in the outcome of this case.  To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

**2.     Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

The PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).With respect to the qualifications of a class representative, Rule 23(a) requires generally that a representative's claims be typical of those of the class, and that the representative will fairly and adequately protect the interests of the class. *See Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, Nos. 07-81038-CIV, 07-14348, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.*, 2003 WL 21415287, at *5-6 (S.D.N.Y. June 18, 2003); *Weltz*, 199 F.R.D. at 133 (considering only typicality and adequacy on a motion for designation as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999).  *See generally* Fed. R. Civ. P. 23(a)(3)-(4).

Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by the defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiffs be identically situated with all class members. It is enough if their

situations share a common issue of law or fact.  *See Prado-Steinman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 & n.14 (11th Cir. 2000) (finding typicality satisfied as long as the named plaintiffs share the "same essential characteristics of the claims" as the class); *Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

The claims asserted by Movant are typical of those of the Class.  Movant, like the other members of the Class, acquired Apyx securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and their losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992); *see also Weiss*, 745 F.2d at 809.

Moreover, Movant is an adequate representative for the Class. There is no antagonism between Movant's interests and those of the Class. Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## IV.   <u>MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED</u>

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Cullin O'Brien as proposed Liaison Counsel. The members of both Levi & Korsinsky and Cullin O'Brien have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* O'Brien Decl. Ex. D (the firm resume of Levi & Korsinsky) and E (the resume of Cullin O'Brien).

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Actions; and (2) approve Levi & Korsinsky as Lead Counsel and Cullin O'Brien as Liaison Counsel for the Class.

Dated:  June 17, 2019                           Respectfully submitted,

/s/ *Cullin O'Brien*

Cullin O'Brien
Florida Bar No. 0597341
CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel: (561) 676-6370
Fax: (561) 320-0285
E-mail: cullin@cullinobrienlaw.com

*Proposed Liaison Counsel for Movant Michael T. Dolan and the Class*

9

Gregory M. Nespole
LEVI & KORSINSKY LLP
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
gnespole@zlk.com
(*pro hac vice to be submitted*)

*Proposed Counsel for Movant Michael T. Dolan
and the Class*

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 17, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

_/s Cullin O'Brien_
Cullin O'Brien