## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APYX MEDICAL CORPORATION f/k/a/ BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN,<br><br>Defendants. | Case No.  8:19-cv-00919-SCB-AEP<br><br>**LEAD PLAINTIFF MOVANT GREGORY P. MOUTON'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

1

Gregory P. Mouton  ("Mouton" or "Movant") respectfully submits this memorandum of law in further support of his motion for an order: (1) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Movant's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Desmond Law Firm, P.C. ("Desmond") as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper (the "Motion"); and in opposition to the competing motion filed by Michael T. Dolan (Dkt. No. 7).

## I.    PRELIMINARY STATEMENT

Two movants filed competing motions for appointment as lead plaintiff and approval of counsel pursuant to the PSLRA: Gregory P. Mouton (Dkt. No. 5) and Michael T. Dolan ("Dolan") (Dkt. No. 7).

When considering the appointment of a lead plaintiff under the PSLRA, the Court must presume that the movant with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff, unless another class member provides sufficient proof that the most adequate plaintiff fails to satisfy the adequacy and typicality requirements of a lead plaintiff.

As set forth in his opening motion, Mouton claims losses of over $36,000 – nearly five times larger than the losses of movant Dolan, the only competing lead plaintiff candidate. Based on the information provided by the foregoing movants' submissions, there is no doubt that Mouton has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Mouton satisfies the "typicality" and "adequacy" requirements of Rule 23. As the plaintiff with "the largest financial interest in the relief sought by the class" that

"otherwise satisfies the requirements of Rule 23," Mouton is the "most adequate plaintiff" within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since Movant is the presumptively most adequate plaintiff, and the presumption has not been—and, Movant submits, cannot be—rebutted, Mouton should be appointed lead plaintiff, and his selection of counsel should be approved.

## II.     ARGUMENT

### A.     Mouton is the Presumptive Most Adequate Plaintiff

#### 1.     Mouton Has the Largest Financial Interest

The PSLRA instructs Courts to presume that the movant with, *inter alia*, the largest financial interest in the relief sought by the Class is the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Okla. Firefighters Pension & Ret. Systems v. Rayonier Advanced Materials, Inc.*, No. 3:15-cv-546-J-32PDB, 2015 WL 4730383, at *1 (M.D. Fla. Aug. 10, 2015). ("The PSLRA directs the court to adopt the rebuttable presumption that the most adequate plaintiff is 'the person or group of persons' that: [1] has either filed the complaint or made a motion to serve as lead plaintiff; [2] has the largest financial interest in the relief sought by the class; and [3] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."). While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts often consider net shares purchased, class period net expenditures, and financial loss as important factors. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) (noting that financial loss is the most important factor in considering lead plaintiff appointments); *see also McIlvaine v. Arthocare Corp.*, No. 08-80343-Civ-RYSKAMP/VITUNAC, 2008 WL11331999, at *3 (S.D. Fla. July 16, 2008).

Mouton possesses the largest financial interest of all the competing movants based on the factors outlined above. The following chart compares Mouton's losses to the only other competing movant, Dolan, using the factors mentioned above. Dkt Nos. 6-4 & 7-3.

| Movant | Net Shares Purchased | Net Expenditure During CP | Net Loss |
|---|---|---|---|
| Gregory P. Mouton | 13,000 | -$104,150.00 | -$36,156.25 |
| Michael T. Dolan | 5,000 | -$34,000.00 | -$7,712.74 |

As noted above, Mouton purchased more shares during the Class Period, expended more funds and suffered the largest financial loss compared to Dolan. Therefore, Mouton clearly possesses the largest financial interest in the present litigation; and, consequently, no other movant is entitled to presumptive lead plaintiff status or further consideration of its motion. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535 (S.D.N.Y. 2015) ("Once the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'").

### 2.       Mouton Satisfies the Requirements of Rule 23

In addition to asserting the largest financial interest in the relief sought by the class, Mouton has also demonstrated that he satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *Piven v. Sykes Enters., Inc.,* 137 F. Supp. 2d 1295, 1306 (M.D.Fla. 2000) (considering only typicality and adequacy at lead plaintiff stage); *Kavra v. Health Ins. Innovations, Inc.*, 8:17-cv-2186-EAK-MAP, 2018 WL 4611215, at *3 (M.D. Fla. Feb. 6, 2018) (same). Therefore, in making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, 04-61159-CIV-LENARD/KLEIN,

4

2005 WL 8154797, at *7 (S.D. Fla. June 15, 2005).

Mouton purchased Apyx securities in reliance on defendants' alleged misstatements and omissions and, as a result, suffered significant financial losses. *See* Dkt. No. 6-4. In addition, Mouton signed a certification expressing his willingness to vigorously prosecute this action. *See* Dkt. No. 6-3. There is no question that Mouton has stepped forward to assume the role of lead plaintiff with the largest financial interest in this litigation, and has the incentive and ability to effectively manage and supervise the present litigation on behalf of the class.

**B.      The Presumption that Mouton is the "Most Adequate Plaintiff" Has Not Been (and Cannot Be) Rebutted**

The presumption that Mouton is the most adequate plaintiff can only be rebutted if another class member provides "proof that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render that plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

Here, there is no "proof" before the Court, and none can be presented, that Mouton cannot "fairly and adequately protect the interests of the class" or is "incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

Mouton has, by a wide margin, the largest financial interest of any other movant, and also satisfies Rule 23's typicality and adequacy requirements. Moreover, Mouton is not subject to any unique defenses that would render him incapable of adequately representing the class. Thus, Mouton should be appointed lead plaintiff. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

### C.    Mouton's Selection of Counsel Should be Approved

The Court should not interfere with lead plaintiff's selection of counsel unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. GEO Group, Inc.*, 16-cv-81494, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 21, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). As detailed in Mouton's Opening Brief, Dkt. No. 6, GPM and Desmond have substantial experience representing investors in securities class actions in state and federal courts throughout the country. *See* Dkt. Nos. 6-5, 6-6 (Firm resumes). By approving Mouton's selection of counsel, the class will receive the highest caliber of legal representation. Accordingly, Mouton's selection of lead counsel for the class should be approved.

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his Motion and enter an Order: (1) appointing Movant as lead plaintiff; (2) approving Movant's selection of Glancy Prongay & Murray LLP as lead counsel and Desmond Law Firm, P.C. as liaison counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated:  July 1, 2019                                  Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com

*Counsel for Movant and*
*Proposed Liaison Counsel for the Class*

6

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: lportnoy@glancylaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

7