## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APYX MEDICAL CORPORATION f/k/a/ BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN,<br><br>Defendants. | Case No.  8:19-cv-00919-SCB-AEP |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs respectfully submit this opposition to Defendants' Motion for Leave to File a Reply in Support of their Motion to Dismiss (ECF No. 37).  Previously, the parties submitted a Joint Motion to Set Pleading Deadlines (ECF No. 13), which the Court granted in part but denied with regard to allowing Defendants to file a reply without leave of Court (ECF No. 26).  Given the briefing to date on Defendants' motion to dismiss, Plaintiffs maintain that a reply is neither necessary nor appropriate.

The matters Defendants seek to address in reply fall into two categories: (1) issues that they could have addressed, but chose not to address, in the motion to dismiss, and (2) issues that they have already addressed in the motion to dismiss. There is therefore no good cause for a reply. *See Goldson v. KB Home*, 2017 WL 1038065, at*1 n.1 (M.D. Fla. Mar. 17, 2017) (Bucklew, J.) (denying leave to file a reply to opposition to motion to dismiss where a reply is unnecessary).

1

First, Defendants seek to file a reply to address Plaintiffs' arguments concerning incorporation by reference and judicial notice.  However, when filing their motion to dismiss, Defendants brazenly attached exhibits without properly requesting or justifying judicial notice.  Defendants' failure to justify their submission of extraneous documents on a motion to dismiss is not justification for a reply brief.  Treating it as such would create a perverse incentive for parties to ignore judicial notice procedures and applicable standards for consideration of materials outside the complaint when filing a motion to dismiss.

Second, Defendants seek to file a reply to address Plaintiffs' arguments regarding misleading statements and omissions, non-actionable opinions, and scienter.  However, Plaintiffs' arguments were responsive to Defendants' arguments on those exact topics in the motion to dismiss.

Providing Defendants with seven additional pages to further address these issues will prejudice Plaintiffs; Defendants' proposal is that they have 32 pages to Plaintiffs' 20. To mitigate this unfairness, Plaintiffs suggested filing a joint motion that also provided for a 5-page sur-reply, but Defendants refused.

For the foregoing reasons, Plaintiffs maintain that Defendants' proposed reply in support of their motion to dismiss is unnecessary and will unfairly prejudice Plaintiffs. Accordingly, the Court should deny Defendants' motion for leave to file a reply.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Dated: November 6, 2019

**GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Casey E. Sadler*
Robert V. Prongay
Casey E. Sadler (*pro hac vice)*
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
        csadler@glancylaw.com
        lportnoy@glancylaw.com

*Attorneys for Plaintiffs and Lead*
*Counsel for the Class*

**DESMOND LAW FIRM, P.C.**
Leo W. Desmond, Esquire
Florida Bar Number 0041920
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300
Email: lwd@desmondlawfirm.com

*Liaison Counsel for the Class*

3

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.  On November 6, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Middle District of Florida, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 6, 2019.


_s/ Casey E. Sadler_
Casey E. Sadler