UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KYLE PRITCHARD, Individually and on
Behalf of All Others Similarly Situated,

       Plaintiff,

v.

APYX MEDICAL CORPORATION f/k/a/
BOVIE MEDICAL CORPORATION, and
CHARLES D. GOODWIN,

       Defendants.

Case No. 8:19-cv-00919-SCB-AEP

**DEFENDANTS APYX MEDICAL CORPORATION AND
CHARLES D. GOODWIN'S ANSWER TO PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT**

Defendants Apyx Medical Corporation ("Apyx" or the "Company") and Charles D. Goodwin (together, "Defendants"), by and through their undersigned counsel, hereby answer the Amended Class Action Complaint ("AC"), filed by Lead Plaintiff Gregory P. Mouton and plaintiff Kyle Pritchard (together, "Plaintiffs") in the above-captioned action (the "Action"). Defendants deny all factual allegations in the AC, including without limitation all allegations appearing in headings, sub-headings, and footnotes, except as otherwise stated below. Defendants expressly reserve the right to amend and/or supplement their Answer.

**SPECIFIC RESPONSES**

1.     Paragraph 1 and Footnote 1 contain Plaintiffs' characterization of the Action as to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims against Defendants. Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations concerning Plaintiffs' purported personal knowledge, their information and belief, and their counsel's investigation, and therefore deny those allegations.

2. Paragraph 2 and Footnote 2 contain Plaintiffs' characterization of the Action and purport to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 2.

3. Defendants refer to Bovie's Form 10-K filed with the Securities and Exchange Commission ("SEC") on March 13, 2018 for accurate descriptions of the Company's historical operating segments and of the J-Plasma device and how it is used. Defendants further aver that some physicians had also been using J-Plasma "off-label" for dermal resurfacing. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in the first sentence of Paragraph 4, except aver that in 2018, Apyx sold its Core business segment, leaving the Company's focus on the commercialization of J-Plasma technology. Defendants deny the remaining allegations in Paragraph 4 and refer to the referenced press releases for their complete and accurate contents.

5. Defendants deny the allegations in the first sentence of Paragraph 5 and refer to the Apyx Q4 2018 Earnings Conference Call transcript, dated March 13, 2019, for a description of the estimated number of dermal resurfacing procedures performed in the U.S. market and of the estimated annual incremental market opportunity from the sales of Apyx handpieces. The second through fourth sentences of Paragraph 5 purport to characterize the clinical study described in U.S. National Library of Medicine, *IDE Study Results for the Use of J-Plasma for Dermal Resurfacing* (publicly posted August 7, 2019), *available at*

2

https://clinicaltrials.gov/ct2/show/results/NCT03286283 (the "Study Results"), and Defendants refer to the Study Results for their complete and accurate contents. Defendants deny the allegations in the fifth sentence of Paragraph 5, aver that (i) meeting the primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, and (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and refer to the Study Results for their complete and accurate contents.

6. Defendants deny the allegations in the first sentence of Paragraph 6 and aver that, pursuant to 42 U.S.C. § 282(j)(3)(E), clinical study results need only be released within one year of a study's completion, and Apyx released the Study Results within the required time period. Defendants deny the remaining allegations in Paragraph 6, aver that (i) meeting the primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, and (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and refer to the Study Results for their complete and accurate contents.

7. Paragraph 7 contains Plaintiffs' characterization of the Action as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 7 and refer to the December 21, 2018 announcement for its complete and accurate contents.

8. Defendants deny the allegations in Paragraph 8 and refer to the February 21, 2019 analyst report for its complete and accurate contents.

9. Defendants deny the allegations in Paragraph 9, except aver that Apyx's closing stock price on February 21, 2019 was $6.40 per share and that 3,484,798 shares were traded that day.

10.    Defendants deny the allegations in the first sentence of Paragraph 10 and refer to the Apyx Q4 2018 Earnings Conference Call transcript, dated March 13, 2019, for its complete and accurate contents. Defendants deny the allegations in the second sentence of Paragraph 10, aver that (i) meeting the primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and (iii) pursuant to 42 U.S.C. § 282(j)(3)(E), clinical study results need only be released within one year of a study's completion, and Apyx released the Study Results within the required time period, and refer to the Study Results for their complete and accurate contents.

11.    Defendants admit the allegations in the first sentence of Paragraph 11. Defendants deny the remaining allegations in Paragraph 11 and refer to the April 1, 2019 press release for its complete and accurate contents.

12.    Defendants deny the allegations in Paragraph 12, except aver that Apyx's closing stock price on April 2, 2019 was $4.46 per share and that 4,881,320 shares were traded that day.

13.    Paragraph 13 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 13.

14.    Paragraph 14 contains Plaintiffs' characterization of the Action as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 14.

15.    Paragraph 15 purports to assert conclusions of law as to which no responsive

pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 15, except aver that 28 U.S.C. § 1331 and Section 27 of the Exchange Act grant this Court subject matter jurisdiction over certain claims.

16. Paragraph 16 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 16, except aver that Apyx is headquartered in Clearwater, Florida.

17. Paragraph 17 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 17.

18. Paragraph 18 contains Plaintiffs' characterization of the Action as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Mouton's purported acquisition of Apyx securities and therefore deny those allegations, refer to the referenced certification for its complete and accurate contents, and otherwise deny the allegations in Paragraph 18.

19. Paragraph 19 contains Plaintiffs' characterization of the Action as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Pritchard's purported acquisition of Apyx securities and therefore deny those allegations, refer to the referenced certification for its complete and accurate contents, and otherwise deny the allegations in Paragraph 19.

20. Defendants deny the allegations in the first sentence of Paragraph 20, except

aver that Apyx is incorporated in the state of Delaware and its principal office is in Clearwater, Florida. Defendants admit the allegations in the second and third sentences of Paragraph 20.

21.    Defendants admit the allegations in the first sentence of Paragraph 21. For the second sentence of Paragraph 21, Defendants refer to Apyx's Form 10-K filed with the SEC on March 31, 2020 for an accurate description of Mr. Goodwin's biography. Defendants deny the remaining allegations in Paragraph 21.

22.    The first sentence of Paragraph 22 contains Plaintiffs' characterization of the Action as to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 22. Defendants deny the remaining allegations in Paragraph 22, except aver that at certain times, Mr. Goodwin may have obtained and/or viewed copies of the Company's SEC filings, press releases, presentations, and/or other communications.

23.    Defendants admit the allegations in Paragraph 23.

24.    Defendants refer to the referenced annual report for its complete and accurate contents and otherwise deny the allegations in Paragraph 24.

25.    Defendants refer to the referenced Form 10-K filed with the SEC on March 13, 2018 for its complete and accurate contents, including an explanation of the Company's operating segments, and otherwise deny the allegations in Paragraph 25.

26.    Defendants refer to the referenced Form 10-K filed with the SEC on March 13, 2018 for its complete and accurate contents, including an explanation of the Company's products, brands, and distribution, and otherwise deny the allegations in Paragraph 26.

27.     Defendants refer to the referenced Form 10-K filed with the SEC on March 13, 2018 for its complete and accurate contents, including an explanation of the Company's OEM segment, and otherwise deny the allegations in Paragraph 27.

28.     For the first sentence in Paragraph 28 and Footnote 3, Defendants refer to the referenced Form 10-K, filed with the SEC on March 13, 2018, and the March 29, 2018 press release for their complete and accurate contents and otherwise deny the allegations.  For the second sentence in Paragraph 28 and Footnote 4, Defendants refer to the referenced Form 10-K, filed with the SEC on March 13, 2018, and 21 C.F.R. § 807.92(a)(3) for their complete and accurate contents and otherwise deny the allegations.  For the third sentence in Paragraph 28 and Footnote 5, Defendants refer to the referenced Form 10-K, filed with the SEC on March 13, 2018, for its complete and accurate contents and otherwise deny the allegations

29.     Defendants refer to the referenced August 4, 2015 FDA Letter for its complete and accurate contents and otherwise deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30 and refer to Bovie's Form 10-K filed with the SEC on March 13, 2018 for an accurate description of the J-Plasma device and how it is used.

31.     Defendants deny the allegations in the first sentence of Paragraph 31 and in Footnote 6 and refer to the referenced Bovie Q1 2018 Earnings Conference Call transcript, dated May 14, 2018, and the Bovie Q3 2017 Earnings Conference Call transcript, dated November 2, 2017, for their complete and accurate contents.  Defendants deny the allegations in the second sentence of Paragraph 31 and refer to the referenced Bovie Q1 2018 Earnings Conference Call transcript, dated May 14, 2018, for its complete and accurate contents.

7

32. Defendants deny the allegations in the first sentence of Paragraph 32, except aver that some physicians had been using J-Plasma "off-label" for dermal resurfacing. Defendants deny the allegations in Footnote 7 and refer to U.S. Food & Drug Administration, *Understanding Unapproved Use of Approved Drugs 'Off Label,'* (Feb. 5, 2018), *available at* https://www.fda.gov/patients/learn-about-expanded-access-and-other-treatment-options/understanding-unapproved-use-approved-drugs-label, for an accurate description of "off-label" usage. Defendants deny the allegations in the second sentence of Paragraph 32, except aver that, in September 2017, Apyx submitted a proposed IDE clinical study protocol to the FDA to demonstrate the safety and efficacy of J-Plasma for use in dermal resurfacing, and refer to U.S. National Library of Medicine, *IDE Study Details for the Use of J-Plasma for Dermal Resurfacing* (publicly posted September 18, 2017), *available at* https://clinicaltrials.gov/ct2/show/record/NCT03286283 (the "Proposed Study"), for its complete and accurate contents. Defendants deny the allegations in Footnote 8 and refer to U.S. Food & Drug Administration, *Investigational Device Exemption (IDE)*, (Dec. 13, 2019), *available at* https://www.fda.gov/medical-devices/how-study-and-market-your-device/investigational-device-exemption-ide, for an accurate description of Investigational Device Exemptions. Defendants deny the remaining allegations in Paragraph 32 and Footnote 9 and refer to the Proposed Study for its complete and accurate contents.

33. Defendants admit the allegations in the first sentence of Paragraph 33. For the remaining allegations in Paragraph 33, Defendants refer to the referenced December 18, 2017 press release for its complete and accurate contents and otherwise deny the allegations.

34.    Defendants deny the allegations in the first sentence of Paragraph 34, except aver that on March 6, 2018, Bovie announced the hiring of Dr. Topaz J. Kirlew as Director of Regulatory Affairs.    For the remaining allegations in Paragraph 34 and Footnote 10, Defendants refer to the referenced March 6, 2018, March 27, 2018, and May 1, 2018 press releases for their complete and accurate contents and otherwise deny the allegations.

35.    Defendants admit the allegations in the first and second sentences of Paragraph 35.  Defendants deny the remaining allegations in Paragraph 35 and refer to the referenced Bovie Q4 2017 Earnings Conference Call transcript, dated March 12, 2018, for its complete and accurate contents.

36.    Defendants refer to the referenced Bovie Q4 2017 Earnings Conference Call transcript, dated March 12, 2018, for its complete and accurate contents and otherwise deny the allegations in Paragraph 36.

37.    Defendants refer to the referenced March 29, 2018 press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 37.

38.    Defendants refer to the referenced May 14, 2018 press release and the Bovie Q1 2018 Earnings Conference Call transcript, dated May 14, 2018, for their complete and accurate contents and otherwise deny the allegations in Paragraph 38.

39.    Defendants refer to the referenced Bovie Q1 2018 Earnings Conference Call transcript, dated May 14, 2018, for its complete and accurate contents and otherwise deny the allegations in Paragraph 39.

40.    Defendants refer to the referenced Bovie Q1 2018 Earnings Conference Call transcript, dated May 14, 2018, for its complete and accurate contents and otherwise deny the

9

allegations in Paragraph 40.

41.     Defendants admit the allegations in the first sentence of Paragraph 41.  For the remaining allegations in Paragraph 41, Defendants refer to the referenced July 9, 2018 press release for its complete and accurate contents and otherwise deny the allegations.

42.     Defendants admit the allegations in the first and second sentences of Paragraph 42.  For the remaining allegations in Paragraph 42, Defendants refer to the referenced August 30, 2018 press release and the Bovie Corporate Update Conference Call transcript, dated September 5, 2018, for their complete and accurate contents and otherwise deny the allegations.

43.     Defendants admit the allegations in the first sentence of Paragraph 43.  For the remaining allegations in Paragraph 43, Defendants refer to the referenced November 1, 2018 press release and the Bovie Q3 2018 Earnings Conference Call transcript, dated November 1, 2018, for their complete and accurate contents and otherwise deny the allegations.

44.     Defendants refer to the referenced Bovie Q3 2018 Earnings Conference Call transcript, dated November 1, 2018, for its complete and accurate contents and otherwise deny the allegations in Paragraph 44.

45.     Defendants refer to the referenced December 21, 2018 press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46, aver that (i) meeting the primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and (iii) pursuant to 42 U.S.C. § 282(j)(3)(E), clinical study results need only be released within

10

one year of a study's completion, and Apyx released the Study Results within the required time period, and refer to the Study Results and the referenced December 21, 2018 press release for their complete and accurate contents.

47.    Defendants refer to the February 21, 2019 White Diamond Research report for its complete and accurate contents and otherwise deny the allegations in Paragraph 47.

48.    Defendants deny the allegations in Paragraph 48, except aver that Apyx's closing stock price on February 21, 2019 was $6.40 per share and that 3,484,798 shares were traded that day.

49.    Defendants admit the allegations in the first sentence of Paragraph 49.  For the remaining allegations in Paragraph 49, Defendants refer to the referenced Apyx Q4 2018 Earnings Conference Call transcript, dated March 13, 2019, for its complete and accurate contents and otherwise deny the allegations.

50.    Defendants refer to the referenced Apyx Q4 2018 Earnings Conference Call transcript, dated March 13, 2019, for its complete and accurate contents and otherwise deny the allegations in Paragraph 50.

51.    Defendants refer to the referenced April 1, 2019 press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 51.

52.    Defendants deny the allegations in the first sentence of Paragraph 52. Defendants deny the allegations in the second sentence of Paragraph 52, except aver that Apyx's closing stock price on April 2, 2019 was $4.46 per share and that 4,881,320 shares were traded that day.

53.     Defendants refer to the referenced Apyx Q1 2019 Earnings Conference Call transcript, dated May 8, 2019, for its complete and accurate contents and otherwise deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in the first and second sentences of Paragraph 54, aver that (i) meeting the primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, and (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and refer to the Study Results for their complete and accurate contents. Defendants deny the allegations in the third sentence of Paragraph 54 and refer to the Study Results and the referenced December 21, 2018 press release for their complete and accurate contents.

55.     The first sentence of Paragraph 55 contains Plaintiffs' characterization of the Action as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 55.  Defendants deny the remaining allegations in Paragraph 55 and refer to the referenced December 21, 2018 press release for its complete and accurate contents.

56.     Paragraph 56 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 56 and refer to the referenced December 21, 2018 press release and the Study Results for their complete and accurate contents.

57.     Paragraph 57 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the

allegations in Paragraph 57 and refer to the referenced December 21, 2018 press release and the Study Results for their complete and accurate contents.

58. Defendants refer to the referenced January 7, 2019 press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 58.

59. Paragraph 59 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 59 and refer to the referenced January 7, 2019 press release and the Study Results for their complete and accurate contents.

60. Paragraph 60 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 60 and refer to the referenced January 7, 2019 press release and the Study Results for their complete and accurate contents.

61. Defendants refer to the referenced March 13, 2019 press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 61.

62. Paragraph 62 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 62 and refer to the referenced March 13, 2019 press release and the Study Results for their complete and accurate contents.

63. Paragraph 63 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 63 and refer to the referenced March 13, 2019 press release and the Study Results for their complete and accurate contents.

64.     Defendants refer to the referenced Apyx Q4 2018 Earnings Conference Call transcript, dated March 13, 2019, for its complete and accurate contents and otherwise deny the allegations in Paragraph 64.

65.     Paragraph 65 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 65 and refer to the referenced February 21, 2019 White Diamond Research report, the Apyx Q4 2018 Earnings Conference Call transcript, dated March 13, 2019, and the Study Results for their complete and accurate contents.

66.     Paragraph 66 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 66 and refer to the referenced Apyx Q4 2018 Earnings Conference Call transcript, dated March 13, 2019, and the Study Results for their complete and accurate contents.

67.     Paragraph 67 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations of Paragraph 67.

68.     Paragraph 68 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 68, except aver that, during the putative Class Period, Bovie's securities traded on the NYSE and that Apyx's securities traded on Nasdaq. Defendants deny the allegations in the second and third sentences of Paragraph 68.

69.     Defendants deny the allegations in the first sentence of Paragraph 69 and refer to the February 21, 2019 White Diamond Research report and the April 1, 2019 Apyx press release for their complete and accurate contents.  Defendants deny the allegations in the second sentence of Paragraph 69.

70.     Defendants refer to the February 21, 2019 White Diamond Research report for its complete and accurate contents and otherwise deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71, except aver that Apyx's closing stock price on February 21, 2019 was $6.40 per share and that 3,484,798 shares were traded that day.

72.     Defendants refer to the February 21, 2019 White Diamond Research report for its complete and accurate contents and otherwise deny the allegations in Paragraph 72.

73.     Defendants refer to the referenced April 1, 2019 press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74, except aver that Apyx's closing stock price on April 2, 2019 was $4.46 per share and that 4,881,320 shares were traded that day.

75.     Defendants refer to the referenced April 1, 2019 press release for its complete and accurate contents and otherwise deny the allegations in Paragraph 75.

76.     Paragraph 76 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 76, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the

15

purported acquisition of Apyx securities by Plaintiffs and the putative Class and therefore deny those allegations. Defendants deny the allegations in the second sentence of Paragraph 76.

77. Paragraph 77 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 77, aver that (i) meeting the primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and (iii) pursuant to 42 U.S.C. § 282(j)(3)(E), clinical study results need only be released within one year of a study's completion, and Apyx released the Study Results within the required time period, and refer to the referenced statements and the Study Results for their complete and accurate contents.

78. Paragraph 78 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in the first sentence of Paragraph 79 and refer to Bovie's Form 10-K filed with the SEC on March 13, 2018 for an accurate description of its business prior to Mr. Goodwin's appointment. Defendants deny the allegations in the second sentence of Paragraph 79 and refer to their responses to the allegations in Section IV.C of the AC. Defendants deny the allegations in the third sentence of Paragraph 79, except aver that in 2018, Apyx sold its Core business segment and refer to the referenced July 9, 2018 press release for its complete and accurate contents.

80. Defendants deny the allegations in the first sentence of Paragraph 80 and refer to the referenced Bovie Q1 2018 Earnings Conference Call transcript, dated May 14, 2018 for

16

its complete and accurate contents.  Defendants deny the allegations in the second sentence of Paragraph 80, except aver that the ability to market J-Plasma for dermal resurfacing would represent a new market for Apyx.  Defendants deny the allegations in the third sentence of Paragraph 80 and refer to the referenced Bovie Q3 2018 Earnings Conference Call transcript, dated November 1, 2018, for its complete and accurate contents.

81.     Paragraph 81 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 81 and refer to the referenced press releases and conference call transcripts for their complete and accurate contents.  Defendants deny the allegations in the second sentence of Paragraph 81, aver that (i) meeting the primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, and (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and refer to the Study Results and the April 1, 2019 press release for their complete and accurate contents.

82.     Defendants deny the allegations in the first and second sentences of Paragraph 82 and refer to the Bovie Q3 2018 Earnings Conference Call transcript, dated November 1, 2018, for its complete and accurate contents.  Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants deny the allegations in the first sentence of Paragraph 83 and refer to the Bovie Q3 2018 Earnings Conference Call transcript, dated November 1, 2018, for its complete and accurate contents.  Defendants deny the allegations in the second sentence of Paragraph 83 and refer to the April 1, 2019 Apyx press release for its complete and accurate contents.  Defendants deny the remaining allegations in Paragraph 83, aver that (i) meeting the

primary efficacy endpoint of a clinical study is not a prerequisite to receiving FDA approval, and (ii) the Study Results included multiple other efficacy endpoints, all of which were met, and refer to the Study Results for their complete and accurate contents.

84.     Paragraph 84 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 contains Plaintiffs' characterization of the Action as to which no response is required.  To the extent a response is otherwise required, Defendants deny the allegations to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims against Defendants.

86.     The first sentence of Paragraph 86 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 86.  Defendants deny the allegations in the second sentence of Paragraph 86, except aver that, during the putative Class Period, Bovie's securities were traded on the NYSE and that Apyx's securities are traded on Nasdaq.  Defendants deny the allegations in the third sentence of Paragraph 86, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' purported knowledge of the number of putative Class members or Plaintiffs' purported belief that there are hundreds or thousands of members in the putative Class and therefore deny those allegations.  Defendants deny the allegations in the fourth sentence of Paragraph 86, except aver that, during the putative Class Period, several

million Bovie shares were traded on the NYSE and that several million Apyx shares were traded on Nasdaq.

87. Paragraph 87 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 87, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported "claims of Class members" and therefore deny those allegations. Defendants deny the allegation in the second sentence of Paragraph 87 that "Plaintiffs will fairly and adequately protect the interests of Class members," and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs "have retained counsel competent and experienced in class and securities litigation" and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 87.

88. Paragraph 88 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 88.

89. Paragraph 89 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 89, except aver that, during the putative Class Period, Bovie's securities were traded on the NYSE and that Apyx's securities were traded on Nasdaq. Defendants deny the allegations in the second sentence of Paragraph 89. Defendants deny the allegations in the third sentence of Paragraph 89, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations

concerning the purported acquisition of the Company's securities by Plaintiffs or the putative Class members and any information on which Plaintiffs or the putative Class members purportedly relied, and therefore deny those allegations.

90.    Paragraph 90 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 90.

91.    Paragraph 91 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 91.

92.    Paragraph 92 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 92, except aver that, during the putative Class Period, Bovie's securities were traded on the NYSE and that Apyx's securities were traded on Nasdaq.  Defendants deny the allegations in the second sentence of Paragraph 92.  Defendants deny the allegations in the third sentence of Paragraph 92, except aver that the Company's stock closed at $8.75 per share on January 25, 2019 and traded at prices higher than $8.75 per share at various times during the putative Class Period.  Defendants deny the allegations in the fourth sentence of Paragraph 92, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported acquisition of the Company's securities by Plaintiffs or the putative Class members and any information on which Plaintiffs or the putative Class members purportedly relied, and therefore deny those allegations.

93. Paragraph 93 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 93.

94. Paragraph 94 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 94, except aver that, during the putative Class Period, Bovie's securities were traded on the NYSE and that Apyx's securities were traded on Nasdaq; that Bovie and Apyx filed periodic public reports with the SEC and other regulators or self-regulating organizations, as required by law; that Bovie and Apyx from time to time issued press releases, held conference calls with investors, and engaged in other forms of communication; and that the Company's securities were covered by various research analysts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported distribution of analyst reports "to the sales force and certain customers of their respective brokerage firms," and therefore deny those allegations.

95. Paragraph 95 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 95, except aver that, during the putative Class Period, Bovie's securities were traded on the NYSE and that Apyx's securities were traded on Nasdaq.

96. Paragraph 96 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 96.

97. Paragraph 97 purports to assert conclusions of law as to which no responsive

21

pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 97.

98. Paragraph 98 contains Plaintiffs' characterization of the Action as to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 98. Defendants incorporate by reference all the foregoing answers to Paragraphs 1–97 as if fully set forth herein.

99. Paragraph 99 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 99.

100. Paragraph 100 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 100. The second sentence of Paragraph 100 contains Plaintiffs' characterization of the Action as to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations in the second sentence of Paragraph 100.

101. Paragraph 101 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 101.

102. Paragraph 102 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 102.

103. Paragraph 103 purports to assert conclusions of law as to which no responsive

pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 103.

104. Paragraph 104 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 104.

105. Paragraph 105 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 105.

106. Paragraph 106 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 106, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported beliefs of Plaintiffs or the putative Class members and therefore deny those allegations. Defendants deny the allegations in the second sentence of Paragraph 106, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported acquisition of the Company's securities by Plaintiffs or the putative Class members and therefore deny those allegations.

107. Paragraph 107 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 107.

108. Paragraph 108 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 108.

109. Paragraph 109 contains Plaintiffs' characterization of the Action as to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 109. Defendants incorporate by reference all the foregoing answers to Paragraphs 1–108 as if fully set forth herein.

110. Paragraph 110 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in the first sentence of Paragraph 110. Defendants deny the allegations in the second sentence of Paragraph 110, except aver that at certain times during the putative Class Period, Mr. Goodwin participated in the operation and management of the Company. Defendants deny the allegations in the third sentence of Paragraph 110, except aver that at certain times, Mr. Goodwin may have obtained and/or viewed copies of the Company's SEC filings, press releases, presentations, and/or other communications.

111. Paragraph 111 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 111, except aver that at certain times during the putative Class Period, Mr. Goodwin participated in the operation and management of the Company.

112. Paragraph 112 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 112.

113.    Paragraph 113 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 113.

114.    Paragraph 114 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny that Plaintiffs are entitled to the relief sought in the Plaintiffs' prayers for relief.

115.    Paragraph 115 contains Plaintiffs' characterization of the Action as to which no response is required.  To the extent a response is otherwise required, Defendants deny that Plaintiffs are entitled to a trial by jury.

## GENERAL DENIALS

Except as otherwise expressly stated in the answers to Paragraphs 1 through 115 above, Defendants deny each and every allegation in Paragraphs 1 through 115 of the AC, including without limitation, the headings, sub-headings, tables, and footnotes in the AC, and specifically deny that Plaintiffs are entitled to the relief sought in the Plaintiffs' prayers for relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses and reserve the right to assert other defenses or claims when and if they become appropriate and/or available in this Action and hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.  The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiffs.

### First Defense

The AC fails to state a claim upon which relief may be granted.

## Second Defense

Plaintiffs' claims are barred, in whole or in part, because the Defendants did not make any statements that were false or misleading when made.

## Third Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations or omissions were not material as a matter of law.

## Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because the Defendants did not omit or fail to state any material facts that were necessary in order to make any statement made by the Defendants not false or misleading.

## Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants had no duty to disclose the allegedly omitted information.

## Sixth Defense

The AC fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).

## Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because the Defendants did not intentionally or recklessly make any misleading statement or misleading, actionable omission. At all times, and with respect to all matters contained herein, the Defendants acted in good

26

faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the AC.

### Eighth Defense

Plaintiffs' claims are barred because certain statements challenged by the AC were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue facts, or did not omit to state a material fact necessary to make the statements therein not misleading.

### Ninth Defense

Plaintiffs' claims are barred because certain statements challenged by the AC are puffery on which no reasonable investor would have relied.

### Tenth Defense

The Defendants are not liable because certain alleged misstatements by the Defendants were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1)(A), and the bespeaks caution doctrine.

### Eleventh Defense

The Defendants are not liable because certain alleged misstatements are not actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78(u)-5(c)(1)(B), because: (a) the statements were forward-looking and the person making the statement did not have actual knowledge that the statements were false or misleading, or (b) the statements were

27

made or approved by an executive officer of Apyx who did not have actual knowledge that the statements were false or misleading.

## Twelfth Defense

Plaintiffs' claims are barred because Plaintiffs have not adequately alleged that the Defendants possessed the requisite scienter at the time each alleged false or misleading statement or omission was made.

## Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the substance of the material information that Plaintiffs allege to have been misrepresented or omitted was in fact disclosed in public filings or was publicly available or widely known to the investing community and/or was otherwise known to, or should have been known by, Plaintiffs.

## Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the AC.

## Fifteenth Defense

The Defendants are not liable because they did not breach any duties owed to Plaintiffs.

## Sixteenth Defense

The Defendants are not liable because they did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of Apyx securities.

## Seventeenth Defense

The Defendants are not liable because the AC fails to adequately plead loss causation, and in fact, Plaintiffs cannot prove loss causation. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission, and any alleged depreciation in the value of Apyx shares resulted from factors other than the misstatements and omissions alleged in the AC.

## Eighteenth Defense

The damages for which Plaintiffs claim the Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Defendants are not responsible and for whom the Defendants are not liable or (b) factors other than any alleged misrepresentations or omissions for which the Defendants may be responsible. These actions, inactions and events were intervening or superseding causes of Plaintiffs' alleged damages.

## Nineteenth Defense

Charles D. Goodwin is not liable as a control person because there is no underlying fraud.

## Twentieth Defense

Charles D. Goodwin had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which the liability of the controlled person is alleged to exist.

29

## Twenty-First Defense

Plaintiffs' control person claims are barred because Defendants did not directly or indirectly induce any act or acts alleged in the AC to constitute a violation of any securities law or regulation.

## Twenty-Second Defense

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## Twenty-Third Defense

The Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

## Twenty-Fourth Defense

To the extent that Plaintiffs did not own shares in Apyx during the putative Class Period, or sold shares prior to any alleged corrective disclosure, Plaintiffs lack standing with respect to their claims.

## Twenty-Fifth Defense

Plaintiffs have not suffered any loss, damage, or injury as a result of the conduct alleged in the AC.

## Twenty-Sixth Defense

Any claim by Plaintiffs for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiffs' lawsuit was commenced.

30

**Twenty-Seventh Defense**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to Defendants, and therefore expressly (i) reserve the right to amend or supplement their Answer, defenses and all other pleadings, and (ii) reserve the right to (a) assert any and all additional defenses under any applicable federal and state law in the event that discovery indicates such defenses would be appropriate and (b) assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this Action.

Dated: May 1, 2020

Respectfully submitted,

/s/ Gary Sasso
Gary L. Sasso
Florida Bar Number 622575
John E. Clabby
Florida Bar Number 113664
**CARLTON FIELDS, P.A.**
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Email: gsasso@carltonfields.com
            jclabby@carltonfields.com

/s/ Meredith Kotler
Meredith Kotler (*pro hac vice*)
Marques Tracy (*pro hac vice*)
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 277-4000

31

32

Facsimile: (212) 277-4001
Email: meredith.kotler@freshfields.com
marques.tracy@freshfields.com

*Counsel for Defendants*