# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN, <br><br> Defendants. | Case No. 8:19-cv-00919-SCB-AEP <br><br> Honorable Susan C. Bucklew |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of July 9, 2020 (the "Stipulation") is entered into between (a) Lead Plaintiff Gregory P. Mouton ("Lead Plaintiff") and plaintiff Kyle Pritchard (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendant Apyx Medical Corporation ("Apyx" or the "Company") and defendant Charles D. Goodwin (the "Individual Defendant," together with Apyx, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all of the Released Claims (as defined herein).

WHEREAS:

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

A.      On April 17, 2019, a class action complaint was filed in the United States District Court for the Middle District of Florida (the "Court"), styled *Pritchard v. Apyx Medical Corporation, et al.*, 8:19-cv-00919-SCH-AEP.  ECF No. 1.

B.      By Order dated July 16, 2019, the Court appointed Gregory P. Mouton as Lead Plaintiff for the Action; and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class and the Desmond Law Firm, P.C. as liaison counsel for the class.  ECF No. 12.

C.      On September 3, 2019, Plaintiffs filed and served their Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendant under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Apyx's investigational new device exemption study and the results thereof, which formed the basis of an important application submitted to the FDA, known as a 501(k) application.  The Complaint further alleged that the prices of Apyx publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.  ECF No. 29.

D.      On October 3, 2019, Defendants moved to dismiss the Complaint and attached fourteen exhibits thereto.  ECF No. 30.  On November 4, 2019, Plaintiffs filed their opposition to Defendants' motion to dismiss.  ECF No. 34.

E.      On November 6, 2019, Defendants moved for leave to file a reply in further support of their motion to dismiss.  ECF No. 37.  That same day, Plaintiffs filed their opposition to Defendants' motion for leave.  ECF No. 38.  On November 8, 2019, the Court denied

2

Defendants' motion for leave.  ECF No. 39.

F.       On March 11, 2020, the Court denied Defendants' motion to dismiss.  ECF No. 40.

G.       Shortly thereafter, the Parties agreed to mediate this Action before Jed Melnick, Esq. of JAMS, a nationally recognized mediator.  In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits, which addressed the issues of liability and damages.

H.       On May 1, 2020, Defendants filed and served their answer to the Complaint. ECF No. 50.

I.       On June 4, 2020, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Mr. Melnick.  The mediation session culminated in an agreement in principle to settle the Action.  The Parties agreed to settle and release all claims asserted against Defendants in the Action and all Released Claims in return for a cash payment by or on behalf of Defendants of $3,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of this Stipulation and approval by the Court.

J.       This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

K.       Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action and the Released Plaintiffs' Claims pursuant to the terms and provisions

of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

L.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the

benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action in the matter styled *Pritchard v. Apyx Medical Corp. et al.*, Case No. 8:19-cv-00919-SCB-AEP.

(b)      "Apyx" means Apyx Medical Corporation.

(c)      "Apyx Call Options" means call options on Apyx Common Stock.

(d)      "Apyx Common Stock" means the common stock of Apyx Medical Corporation (NASDAQ ticker APYX).

(e)      "Apyx Put Options" means put options on Apyx Common Stock.

(f)      "Apyx Securities" means Apyx Common Stock, Apyx Call Options, and Apyx Put Options.

(g)      "Authorized Claimant" means a Settlement Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(h)      "Claim" means a Claim Form submitted to the Claims Administrator.

(i)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class

5

Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(j)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(k)    "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(l)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(m)    "Complaint" means the Amended Class Action Complaint filed by Plaintiffs in the Action on September 3, 2019.

(n)    "Court" means the United States District Court for the Middle District of Florida.

(o)    "Defendants" means Apyx and the Individual Defendant.

(p)    "Defendants' Counsel" means Freshfields Bruckhaus Deringer US LLP and Carlton Fields, P.A.

(q)    "Defendants' Releasees" means Defendants and their current, former, and future officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, partners, trustees, contractors, auditors, principals, representatives, insurers, general partners, limited partners, partnerships, limited liability companies, and attorneys, in their capacities as such; Immediate Family members of the

6

Individual Defendant, in their capacities as such; and any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant and/or member(s) of his family, in their capacities as such.

(r)     "Effective Date" with respect to the Settlement means three (3) business days after the date by which all of the events and conditions specified in ¶37 of this Stipulation have been met and have occurred or have been waived.

(s)     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(t)     "Escrow Agent" means The Huntington National Bank.

(u)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)     "Excluded Claims" means (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(w)     "Final," with respect to the Judgment or any other court order, means: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (iii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the

7

judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(x)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(y)     "Individual Defendant" means Charles D. Goodwin.

(z)     "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

(aa)    "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

(bb)    "Liaison Counsel" means the Desmond Law Firm, P.C.

(cc)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(dd)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;

8

and (iv) any attorneys' fees awarded by the Court.

(ee) "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

(ff) "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(gg) "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(hh) "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ii) "Plaintiffs" means Lead Plaintiff Gregory P. Mouton and plaintiff Kyle Pritchard.

(jj) "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel, including Liaison Counsel, who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(kk) "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective

9

current, former, and future officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, partners, trustees, contractors, auditors, principals, representatives, insurers, general partners, limited partners, partnerships, limited liability companies, and attorneys, in their capacities as such; Immediate Family members of the Plaintiffs, in their capacities as such; and any trust of which the Plaintiffs is the settlor or which is for the benefit of a Plaintiff and/or member(s) of his family, in their capacities as such.

(ll)     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(mm)   "Postcard Notice" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to Settlement Class Members that can be reasonably identified.

(nn)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(oo)     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(pp)     "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(qq)     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising

10

under federal, state, local, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(rr)    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, that could have been asserted in any forum, whether foreign or domestic, whether arising under federal, state, local or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action and that relate to the purchase or acquisition of Apyx Common Stock or Apyx Call Options, or the sale of Apyx Put Options, during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ss)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(tt)    "Releases" means the releases set forth in ¶¶5-6 of this Stipulation.

(uu)    "Settlement" means the settlement between Plaintiffs and Defendants

11

on the terms and conditions set forth in this Stipulation.

(vv) "Settlement Amount" means Three Million Dollars ($3,000,000) in cash to be paid by wire transfer to the Escrow Account pursuant to ¶8 of this Stipulation.

(ww) "Settlement Class" means all persons and entities who or which, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Immediate Family of the Individual Defendant; the Officers and/or directors of Apyx; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(xx) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(yy) "Settlement Class Period" means the period between December 21, 2018 and April 1, 2019, inclusive.

(zz) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(aaa) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(bbb) "Summary Notice" means the Summary Notice of (I) Pendency of Class

12

Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ccc)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ddd)    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff, Plaintiffs' Releasee, or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, without limitation, any decision to object to this Settlement. With respect to any and all Released Claims, including Unknown Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiffs' Releasees and Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign

13

law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Defendants and their respective Releasees acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b)

14

certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Upon the Effective Date of the Settlement, Plaintiffs, each of the other Settlement Class Members, and any person or entity that could assert any of the Released Plaintiffs' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or continuing

15

to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Plaintiffs' Claims against any of the Defendant Releasees, whether or not they execute and deliver the Proof of Claim Form or share in the Settlement Fund. This release shall not apply to any Excluded Claim.

6.     Upon the Effective Date of the Settlement, Defendants and any person or entity that could assert any of the Released Defendants' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. Notwithstanding the foregoing, nothing in this Stipulation or its Exhibits shall be construed as limiting, modifying or otherwise affecting any insurance coverage or policies that may be available to any of the Defendants.

7.     Notwithstanding ¶¶5-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Apyx and/or Apyx's insurers, on behalf of

16

Defendants, shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than ten (10) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.  No other Defendant shall be responsible for the Settlement Amount.

9.	The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Released Claims.  The Settlement Amount paid by Apyx and/or its insurers on behalf of the Defendants is the sole monetary responsibility of the Defendants' Releasees under this Stipulation, and Plaintiffs and all other Settlement Class Members who do not timely seek to exclude themselves from the Settlement Class shall not look to any of the Defendants for satisfaction of any and all Released Claims. The Defendants' Releasees are not responsible for payment of Notice and Administration Costs as defined above, or any out-of-pocket expenses, other than out of the Settlement Amount, as provided herein.  The Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in the value of, the Settlement Fund; or (vi) the payment or

withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

## USE OF SETTLEMENT FUND

10.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶22-35 below.

11.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full

faith and credit of the United States. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Settlement Fund shall indemnify and hold each of the Defendants' Releasees and their counsel harmless for the actions of the Escrow Agent. The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

12.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or

19

appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants' Releasees with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of ¶¶10-14 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶¶10-14 ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Defendants' Releasees harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent

20

out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants' Releasees nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶10-14.

15.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection

with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Costs, Taxes and/or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provide for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶39.

17. It shall be Lead Counsel's sole responsibility to disseminate the Notice and summary notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Defendants shall not bear any cost or responsibility for class notice, administration, or the allocation of the Net Settlement Fund among Authorized Claimants. Settlement Class Members shall have no recourse as to the Defendants' Releasees with respect to any claims they may have that arise from any failure of the notice, administration, or allocation process. The Settlement Fund shall indemnify and hold each of the Defendants' Releasees and their counsel harmless for any Notice and Administration Costs.

**<u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

18. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

19.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than twenty (20) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  Each Plaintiffs' Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, agrees that the law firm is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

20.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys'

fees or Litigation Expenses among Plaintiffs' Counsel and/or any other person or entity who may assert some claim thereto.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

21.    Any attorneys' fees and/or Litigation Expenses awarded by the Court shall be paid solely from the Settlement Fund. Defendants and Defendants' Releasees shall have no responsibility for any payment of attorneys' fees and/or Litigation Expenses to Plaintiffs' Counsel or to Plaintiffs.

**NOTICE AND SETTLEMENT ADMINISTRATION**

22.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Apyx's obligation to provide (through its transfer agent) its list of shareholders of record during the Settlement Class Period, as provided in ¶23 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

23.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice

to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www.ApyxSecuritiesSettlement.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within fourteen (14) business days of the date of entry of the Preliminary Approval Order, Apyx (through its transfer agent) shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list of shareholders of record (consisting of names and addresses) of Apyx Securities during the Settlement Class Period.

24.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

25.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Neither Defendants nor Defendants' Releasees shall have any responsibility or liability with respect to the Plan of Allocation. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants'

Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

26. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible and in any event no later than fourteen (14) calendar days prior to the Settlement Hearing. If any requests for exclusion, or written revocation of requests for exclusion, are received within the fourteen (14) calendar days prior to the Settlement Hearing, Lead Counsel shall cause the requests to be provided to Defendants' Counsel as expeditiously as possible.

27. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

28. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

29. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions

shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the

Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

30.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28

31.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

33.    Upon exhaustion of the Settlement Fund, the Claims Administrator shall within ten (10) business days thereafter take down, deactivate or otherwise delete any website or domain established for purposes of publicizing or administering the Settlement.

34.    No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or

29

distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

36. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

37. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶3 above;

(b) the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶8 above;

(c) Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described

30

in ¶41 below);

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

38.     Upon the occurrence of all of the events referenced in ¶37 above, any and all remaining interest or right of Defendants and/or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

39.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of June 4, 2020.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶39 and ¶¶16, 19, 42 and 66, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

31

(d)    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶19 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes or Tax Expenses paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶19 above.

40.    It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is reversed or vacated or altered in any material respect following any appeal taken therefrom, or successful collateral attack, and the provisions of ¶39 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not

affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

41.    In addition to the grounds set forth in ¶40 above, Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

### NO ADMISSION OF WRONGDOING

42.    The Parties agree that neither the Settlement, nor this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communications relating thereto, is evidence or an admission or concession by any Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other

33

actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

43.    Throughout the course of the Action, the Defendants have denied and continue to deny liability and maintain that they have meritorious defenses.  Nonetheless, Defendants have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in this Stipulation in order to avoid the cost and burden of litigation.

44.    Neither the Settlement, nor this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegations by Plaintiffs or any Member of the Settlement Class or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

34

(b)      shall be offered or received against any Defendant's Releasee as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendants' Releasee, or against Plaintiffs or any Member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

(c)      shall be offered or received against any Defendants' Releasee as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the release granted them hereunder;

(d)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(e)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this

35

Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

45.      Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Releasees may file this Stipulation and/or Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory or claim preclusion or issue preclusion or similar defense or counterclaim.

## MISCELLANEOUS PROVISIONS

46.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

47.      Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

48.      In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf

36

of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶39 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶39.

49.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed Melnick, Esq., of JAMS, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

37

50.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

51.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their respective successors-in-interest).

52.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

54.    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Releasees.

55.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

57.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

59.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

61.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel

39

for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

64.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:     Glancy Prongay & Murray LLP
Attn:  Casey Sadler, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150

Email: csadler@glancylaw.com

If to Defendants:     Freshfields Bruckhaus Deringer US LLP
Attn:  Meredith Kotler, Esq.
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000

40

Email: meredith.kotler@freshfields.com

65.     Except as otherwise provided herein, each Party shall bear its own costs.

66.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

67.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

68.     Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who will receive notice as provided for therein. Defendants shall be responsible for mailing such notice within the time provided for in 28 U.S.C. §1715(b) and for all expenses and costs related thereto.  Simultaneously, Defendants shall provide a copy of such notice as well as proof of service of such notice to Lead Counsel.

69.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

41

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 9, 2020.

GLANCY PRONGAY & MURRAY LLP

By: _____

Casey E. Sadler
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Plaintiffs
and the Settlement Class*

FRESHFIELDS BRUCKHAUS
DERINGER US LLP

By: _____

Meredith Kotler
Marques Tracy
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Counsel for Defendants*

42

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN, <br><br> Defendants. | Case No. 8:19-cv-00919-SCB-AEP <br><br> Honorable Susan C. Bucklew |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending in this Court entitled *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919 (the "Action");

WHEREAS, on June 12, 2010, the Court  dismissed the Action without prejudice to the right of any party to re-open the action within 28 days, upon good cause shown, or to submit a stipulated form of final judgment;

WHEREAS, (a) Lead Plaintiff Gregory P. Mouton ("Lead Plaintiff") and plaintiff Kyle Pritchard (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Apyx Medical Corporation ("Apyx") and Charles D. Goodwin (the "Individual Defendant," and with Apyx, collectively, "Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action and all Released Claims with prejudice on the terms and conditions

set forth in the Stipulation and Agreement of Settlement dated July 9, 2020 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.  **Re-Opening of Action for Settlement Purposes** – The Action is re-opened for the Court's consideration of the Settlement and all matters attendant thereto.

2.  **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, and were damaged thereby. Excluded from the Settlement Class are Defendants; the Officers and/or directors of Apyx; Immediate Family members of the Individual Defendant; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant

2

has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. The Court hereby preliminarily finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Gregory P. Moulton and Kyle Pritchard are adequate class representatives and preliminarily certifies them as Class Representatives for the Settlement Class. The Court also preliminarily appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be

3

conducted as described below.  The Court preliminarily finds that the Settlement should be approved as:  (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2020 at __:__ _.m. in Courtroom 10B of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL, 33602, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the Class should be finally certified for purposes of the Settlement only; (e) to determine whether Plaintiffs and Lead Counsel should be finally appointed as class representatives and class counsel, respectively, for purposes of settlement only; (f) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (g) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 9. of this Order.

4

7.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.      If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶39 of the Stipulation.

9.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within fourteen (14) business days of the date of entry of this Order, Apyx (through its transfer agent) shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its list of shareholders of record (consisting of names and addresses) of Apyx Securities during the Settlement Class Period;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the list of shareholders of record provided by Apyx, or who otherwise may be identified through further reasonable

5

effort;

(c)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

10.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 9 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of

Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

11.     Neither the Defendants nor the Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

12.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Apyx Securities for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall, within seven (7) calendar days of receipt of the Postcard Notice, (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their

7

reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.05 plus postage per Postcard Notice mailed;  or $0.05 per Postcard Notice transmitted by email; or $0.05 per name, mailing address, and emails address (to the extent available) provided to Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

13.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

14.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

15.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the

8

provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

16. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 14 above.

9

17.    **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Pritchard v. Apyx Medical Corp., et al.*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA, 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919"; (iii) identify and state the number of shares of Apyx Common Stock, Apyx Call Options, and/or Apyx Put Options that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

18.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall have no rights under the Stipulation, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not

receive any payment out of the Net Settlement Fund.

19.     Any person or entity who is excluded from the Settlement Class by virtue of having submitted a request for exclusion may, at any point prior to the Settlement Hearing, submit a written revocation of the request for exclusion.

20.     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion as expeditiously as possible and in any event no later than fourteen (14) calendar days prior to the Settlement Hearing.  If any requests for exclusion, or written revocation of requests for exclusion, are received within the fourteen (14) calendar days prior to the Settlement Hearing, Lead Counsel shall cause the requests to be provided to Defendants' Counsel as expeditiously as possible, and in all events prior to the Settlement Hearing.

21.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

22.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance

in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 23 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

23. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Freshfields Bruckhaus Deringer US LLP |
| Casey Sadler, Esq. | Marques Tracy, Esq. |
| 1925 Century Park East, Suite 2100 | 601 Lexington Avenue, 31st Floor |
| Los Angeles, CA 90067 | New York, NY 10022 |

12

24.     Any objections, filings and other submissions by the objecting Settlement Class Member must include: (a) the name of this proceeding, *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919, or similar identifying words such as "Apyx Securities Litigation;" (b) the objector's full name, current address, and telephone number; (c) the objector's personal signature; (d) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Apyx Common Stock, Apyx Call Options, and/or Apyx Put Options that the objecting Settlement Class Member purchased, acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale (documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement); (f) a statement identifying by case name, case number, and court, all class action settlements to which you have objected in the previous five (5) years; (g) a statement as to whether you intend to appear at the Settlement Hearing, either in person or through a lawyer; and (h) if the objector wants to appear and present evidence at the Settlement Fairness Hearing, a detailed description of any and all evidence you may offer at the hearing, including copies of any and all exhibits that you may introduce into evidence at the hearing, and the identify of any witnesses that you may call to testify at the hearing.  If the objector is represented by a lawyer, the objector's written objection must also include: (a) the

lawyer's name, address, and telephone number; and (b) a statement indicating whether the lawyer will appear at the Settlement Fairness Hearing to present the objection on the objector's behalf.  Additionally, if the objector is represented by a lawyer, and the lawyer intends to seek compensation for his or her services from anyone other than the objector, the written objection letter must include: (a) the identity of all lawyers that represent the objector, including any former or current lawyer who may be entitled to compensation for any reason related to the objection; (b) a statement identifying all instances in which the lawyer or the lawyer's law firm objected to a class action settlement in the previous five (5) years, providing the case name, case number, and court; (c) a statement identifying any and all agreements or contracts that relate to the objection or the process of objecting—whether written or oral—between the objector, the objector's lawyer, and/or any other person or entity; (d) a description of the lawyer's legal background and prior experience in connection with class action litigation; and (e) a statement regarding whether the lawyer's compensation will be calculated on the basis of a lodestar, contingency, or other method; an estimate of the amount of fees to be sought; the factual and legal justification for any fees to be sought; the number of hours already spent by the lawyer and an estimate of the hours to be spent in the future; and the lawyer's hourly rate. The Court will consider a Settlement Class Member's objection only if the Settlement Class Member has complied with the above requirements.

25.     Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, must file a written objection indicating their intention to appear at the Settlement Hearing, and

14

also file a notice of appearance with the Court and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in paragraph 23 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

26.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

27.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

28.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further

15

order of the Court.

29.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

30.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

31.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of June 4, 2020 as provided in the Stipulation.

32.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with

16

the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to

17

effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

33.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

34.    Except to the extent the Parties may agree to resolve through mediation or arbitration any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2020.


_____
The Honorable Susan C. Bucklew
United States District Judge

18

**Exhibit A-1**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN, <br><br> Defendants | Case No. 8:19-cv-00919-SCB-AEP <br><br> Honorable Susan C. Bucklew |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

_**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**_

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Middle District of Florida (the "Court"), if, during the period between December 21, 2018 and April 1, 2019, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Apyx Medical Corporation common stock ("Apyx Common Stock") or call options on Apyx Common Stock ("Apyx Call Options"), or sold put options on Apyx Common Stock ("Apyx Put Options"), and were damaged thereby.[2]

**NOTICE OF SETTLEMENT:**  Please also be advised that Court-appointed Lead Plaintiff Gregory P. Mouton and plaintiff Kyle Pritchard (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶29 below), have reached a proposed settlement of the Action for $3,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 9, 2020 (the "Stipulation"), which is available at www.ApyxSecuritiesSettlement.com.

[2] Apyx Common Stock, Call Options, and Put Options are collectively referred to herein as "Apyx Securities."

**you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact defendant Apyx Medical Corporation ("Apyx" or the "Company") or defendant Charles D. Goodwin (the "Individual Defendant," together with Apyx, the "Defendants"), or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶96 below).**

1.    **Description of the Action and the Settlement Class:**    This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements regarding Apyx. A more detailed description of the Action is set forth in paragraphs 11-19 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 29 below. The claims that will be released. and definitions relevant thereto, are set forth in paragraphs 33-39 below.

2.    **Statement of the Settlement Class's Recovery:**    Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $3,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 13-22 below.

3.    **Estimate of Average Amount of Recovery Per Share or Option:**    Based on Plaintiffs' damages expert's estimates of the number of shares of Apyx Common Stock and Apyx Call Options purchased, and Apyx Put Options sold, during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $0.579 per affected share of common stock, before the costs of providing notice and administering the Settlement. Settlement Class Members should note, however, that these are only estimates based on the overall number of potentially affected shares and options. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Apyx Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 13-22 below) or such other plan of allocation as may be ordered by the Court.

4.    **Statement of Potential Outcome of the Case:**    The Parties do not agree on whether Plaintiffs would have prevailed on their claims against the Defendants. Nor do they agree on the average amount of damages per share, call option, and put option that would be recoverable if Plaintiffs were to prevail in the Action. Defendants deny that they have engaged in any wrongdoing as alleged by Plaintiffs, deny any liability whatsoever for any of the claims that

2

Plaintiffs alleged in the Complaint, and deny that the price of Apyx Common Stock and Call Options was artificially inflated, and that the price of Apyx Put Options was artificially depressed, as a result of Defendants' alleged violations of the federal securities laws. The issues on which the Parties disagree include: (i) whether any of the Defendants failed to make required disclosures during the Settlement Class Period; (ii) whether or not Defendants' conduct caused any harm to Settlement Class Members for which any damages could be recovered if Plaintiffs were to have prevailed on each claim alleged; (iii) the amounts by which the price of Apyx Common Stock and Call Options was artificially inflated, and the price of Apyx Put Options was artificially depressed, if at all, during the Settlement Class Period; (iv) the extent to which external factors, such as general market, economic and industry conditions, influenced the trading price of Apyx Securities during the Settlement Class Period; (v) who, if anyone, can be included in the Settlement Class; (vi) the amount, if any, of any alleged damages suffered by Settlement Class Members during the Settlement Class Period; and (vii) whether Defendants had other meritorious defenses to the alleged claims.

5.   **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, call options, and put options will be approximately $0.203 per affected share of Apyx Common Stock.

6.   **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Casey Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com.

7.   **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery— or indeed no recovery at all—might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

**YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:**

3

| | |
|---|---|
| **SUBMIT A CLAIM FORM EITHER ONLINE OR POSTMARKED NO LATER THAN _____, 2020.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2020 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | Filing a written objection and notice of intention to appear by _____, 2020 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]

4

Why Is This A Class Action? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
Why Is There A Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
How Do I Know If I Am Affected By The Settlement?  Who Is Included
        In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Are Settlement Class Members Affected By The Action And
        The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . .Page [ ]
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking?
        How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
        How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
If I Do Not Exclude Myself, Can I Sue The Defendants For The
        Same Thing Later? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
        Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
        Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]
Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . .Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Apyx Common Stock or Apyx Call Options, or written or sold Apyx Put Options, during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.ApyxSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 85 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the

5

Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

11.    Apyx manufactures electrosurgical products and technologies. The Company offers electrosurgical pencils and accessories, desiccators, generators, and electrodes.

12.    On April 17, 2019, a class action complaint was filed in the Court, styled *Pritchard v. Apyx Medical Corporation, et al.*, 8:19-cv-00919-SCH-AEP.  By Order dated July 16, 2019, the Court appointed Gregory P. Mouton as Lead Plaintiff and his selection of Glancy Prongay & Murray LLP as Lead Counsel and the Desmond Law Firm, P.C. as liaison counsel were approved and appointed by the Court.

13.    On September 3, 2019, Plaintiffs filed and served their Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendant under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants made materially false and misleading statements about, among other things, Apyx's investigational new device exemption ("IDE") study and the results thereof, which formed the basis of an application submitted to the FDA, known as a 510(k) application.  The Complaint further alleged that the prices of Apyx publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.    On October 3, 2019, Defendants moved to dismiss the Complaint and attached fourteen exhibits thereto.  On November 4, 2019, Plaintiffs filed their opposition to Defendants' motion to dismiss.

15.    On November 6, 2019, Defendants moved for leave to file a reply in further support of their motion to dismiss.  That same day, Plaintiffs filed their opposition to Defendants' motion for leave to file a reply.  On November 8, 2019, the Court denied Defendants' motion for leave to file a reply.

16.    On March 11, 2020, the Court denied Defendants' motion to dismiss.

17.    Shortly thereafter, the Parties agreed to mediate this Action before Jed Melnick, Esq. of JAMS, a nationally recognized mediator.  In advance of that session, the Parties provided to Mr. Melnick, and exchanged, detailed mediation statements and exhibits, which addressed the issues of liability and damages.

18.    On May 1, 2020, Defendants filed and served their answer to the Complaint.

19.    On June 4, 2020, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Mr. Melnick.  The mediation session culminated in an agreement in principle to settle the Action for $3,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of the Stipulation and approval by the Court.  Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle the Action pursuant to the terms and provisions of the Stipulation, after considering, among other

6

things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

20.    Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶35 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

21.    On _____, 2020, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## WHY IS THIS A CLASS ACTION?

22.    In a class action, one or more people called class representatives (in this case Plaintiffs on behalf of the Settlement Class) sue on behalf of people or entities, known as "Class Members," who have similar claims.  A class action allows one court to resolve in a single case many similar claims that, if brought separately by individuals, might be so small that they would not be economical to litigate and thus would never be brought.  One court resolves the issues for all class members, except for those who exclude themselves, or "opt out," from the class (*see* page ___below).

## WHY IS THERE A SETTLEMENT?

23.    The Court has not decided the Action in favor of Plaintiffs or the Defendants.  The Settlement will end all the claims against the Defendants in the Action and avoid the uncertainties and costs of further litigation and any future trial.  Assuming the Settlement is approved, affected investors will be eligible to receive compensation once the claims made against the Net Settlement Fund are validated and calculated.

24.    As described above, Plaintiffs, through Lead Counsel, conducted an extensive investigation of the claims and underlying events and transactions relating to the Action.  Further, Plaintiffs and Lead Counsel participated in protracted and hard-fought arm's-length negotiations and a mediation before an experienced mediator before entering into the Settlement.

25.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Plaintiffs and Lead Counsel recognized that Defendants had arguments that, if the Court or jury were

7

persuaded by, could substantially lessen or even preclude recovery.  For example, Defendants would assert that they did not make any false statements and had no duty to disclose the IDE results to investors, and that even if Defendants' statements were misleading, their statements were not material or made with the requisite state of mind to support the securities fraud claim alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages—motions for class certification and summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $3,000,000 in cash, as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

27.    The Defendants deny all allegations of liability contained in the Complaint and deny that they are liable to the Settlement Class.  The Settlement should not be seen as an admission or concession on the part of the Defendants regarding the truth or validity of the allegations, claims, and/or defenses in the Action, or their fault or liability for alleged damages by any Member of the Settlement Class.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at class certification or summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

29.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, and were damaged thereby.

Excluded from the Settlement Class are Defendants; members of the Immediate Family of the Individual Defendant; the Officers and/or directors of Apyx; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded

party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [___] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.ApyxSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, either online or postmarked no later than _____, 2020.**

---

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?**

---

30. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page _ below.

31. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page ____ below.

32. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs, each of the other Settlement Class Members, and any person or entity that could assert any of the Released Plaintiffs' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived

9

and discharged each and every Released Plaintiffs' Claim (as defined in ¶34 below) against the Defendants and the other Defendants' Releasees (as defined in ¶35 below), and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

34.   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, that could have been asserted in any forum, whether foreign or domestic, whether arising under federal, state, local or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action and that relate to the purchase or acquisition of Apyx Common Stock or Apyx Call Options, or the sale of Apyx Put Options, during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35.   "Defendants' Releasees" means Defendants and their current, former, and future officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, partners, trustees, contractors, auditors, principals, representatives, insurers, general partners, limited partners, partnerships, limited liability companies, and attorneys, in their capacities as such; Immediate Family members of the Individual Defendant, in their capacities as such; and any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant and/or member(s) of his family, in their capacities as such.

36.   "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff, Plaintiffs' Releasee, or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, without limitation, any decision to object to this Settlement.  With respect to any and all Released Claims, including Unknown Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiffs' Releasees and Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or

10

her settlement with the debtor or released party.

Plaintiffs, Defendants and their respective Releasees acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and any person or entity that could assert any of the Released Defendants' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶38 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶39 below), and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

38.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

39. "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current, former, and future officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, partners, trustees, contractors, auditors, principals, representatives, insurers, general partners, limited partners, partnerships, limited liability companies, and attorneys, in their capacities as such; Immediate Family members of the Plaintiffs, in their capacities as such; and any trust of which the Plaintiffs is the settlor or which is for the benefit of a Plaintiff and/or member(s) of his family, in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
|---|

11

40.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **either online at www.ApyxSecuritiesSettlement.com or postmarked no later than _____, 2020**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.ApyxSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in Apyx Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

41.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

42.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid three million dollars ($3,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

44.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

45.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form either online or postmarked on or before _____, 2020 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶34 above)

12

against the Defendants' Releasees (as defined in ¶35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

47.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Apyx Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those securities that they purchased, acquired or sold outside of the ERISA Plan. Claims based on any ERISA Plan's purchases, acquisitions or sales of Apyx Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

48.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

49.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

50.    Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are the Apyx Securities.

## PROPOSED PLAN OF ALLOCATION

51.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below ("Recognized Loss").

52.    A Recognized Loss will be calculated for each share of Apyx Common Stock and Apyx Call Option purchased or otherwise acquired during the Settlement Class Period, and each Apyx Put Option sold during the Settlement Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the Apyx Securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

13

53.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Apyx Common Stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of Apyx Common Stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Apyx Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

54.    The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the Apyx Securities.  In this Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the prices of Apyx Securities.  Plaintiffs further allege that corrective disclosures removed artificial inflation from the prices of Apyx Securities on February 21, 2019 and April 2, 2019 (the "Corrective Disclosure Dates").  Defendants deny these allegations.  In order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, with respect to Apyx Common Stock and Apyx Call Options, the stock or call options must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates; and, with respect to Apyx Put Options, those options must have been sold (written) during the Settlement Class Period and not closed prior to at least one of these Corrective Disclosure Dates.

| Table 1 | | |
|---|---|---|
| Artificial Inflation in Apyx Common Stock | | |
| From | To | Per-Share Price Inflation |
| December 21, 2018 | February 20, 2019 | $4.58 |
| February 21, 2019 | April 1, 2019 | $2.50 |
| April 2, 2019 | Thereafter | $0.00 |

55.    The per-share Recognized Loss for Apyx Common Stock shall be the Recognized Loss amount as described below in "Calculation of Recognized Loss Per Share of Common Stock." The per-option Recognized Loss for Apyx Call Options and Apyx Put Options shall be the Recognized Loss amount as described below in "Apyx Call and Put Option Recognized Loss Calculations."

56.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Apyx Common Stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Apyx Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on Apyx Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase

14

price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

57.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Apyx Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

58.    With respect to shares of Apyx Common Stock and Apyx Call and Put Options, a Recognized Loss will be calculated as set forth below for each purchase or acquisition of Apyx Common Stock and Call Option contracts, and for each writing of Apyx Put Option contracts during the Settlement Class Period, that is listed in the Claim and Release Form and for which adequate documentation is provided.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS[3]

### Calculation of Recognized Loss Per Share of Common Stock

For each share of Apyx Common Stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, December 21, 2018 through April 1, 2019, inclusive), the Recognized Loss per share shall be calculated as follows:

A.    For shares held at the end of trading on June 28, 2019 (i.e., the end of the 90-Day Lookback Period), the Recognized Loss per share shall be the *lesser of*:

1)    the applicable purchase date artificial inflation per share figure, as found in Table 1; or

2)    the purchase price per share *minus* $5.41.[4]

B.    For shares sold between April 2, 2019 and June 28, 2019, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share shall be the *lesser of*:

---

[3] For Apyx Common Stock and Apyx Call Options acquired during period December 21, 2018 through March 13, 2019, inclusive, and Apyx Put Options sold during period December 21, 2018 through March 13, 2019, inclusive, the Recognized Loss as described below shall be discounted by 25% to reflect Lead Counsel's assessment of the probability of successful recovery in view of Defendants' legal arguments that the statements prior to March 13, 2019 were not actionable since they were statements of opinion and there was no duty to disclose the information at issue.

[4] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  The mean (average) closing price of Apyx Common Stock during the 90-day period beginning on April 2, 2019 and ending on June 28, 2019 was $5.41 per share.

1)     the applicable purchase date artificial inflation per share figure, as found in Table 1; or

2)     the purchase price per share *minus* the sale price per share; or

3)     the purchase price per share *minus* the average closing price of Apyx Common Stock between April 2, 2019 and the date of sale, as found in Table 2.[5]

C.     For shares sold between February 21, 2018 and April 1, 2019, inclusive, the Recognized Loss per share shall be the *lesser of*:

1)     the applicable purchase date artificial inflation per share figure *minus* the applicable sales date artificial inflation per share figure, as found in Table 1; or

2)     the purchase price per share *minus* the sale price per share.

D.     For shares sold between December 21, 2018 and February 20, 2019, inclusive, the Recognized Loss per share shall be zero.

**Table 2**

| Date of Sale | Average Closing Price Between 04/02/2019 and Date of Sale | Date of Sale | Average Closing Price Between 04/02/2019 and Date of Sale |
|---|---|---|---|
| 04/02/2019 | $4.46 | 05/16/2019 | $4.75 |
| 04/03/2019 | $4.40 | 05/17/2019 | $4.79 |
| 04/04/2019 | $4.27 | 05/20/2019 | $4.82 |
| 04/05/2019 | $4.20 | 05/21/2019 | $4.85 |
| 04/08/2019 | $4.15 | 05/22/2019 | $4.88 |
| 04/09/2019 | $4.11 | 05/23/2019 | $4.90 |
| 04/10/2019 | $4.09 | 05/24/2019 | $4.93 |
| 04/11/2019 | $4.08 | 05/28/2019 | $4.95 |
| 04/12/2019 | $4.05 | 05/29/2019 | $4.99 |
| 04/15/2019 | $4.02 | 05/30/2019 | $5.02 |
| 04/16/2019 | $3.99 | 05/31/2019 | $5.04 |
| 04/17/2019 | $3.96 | 06/03/2019 | $5.07 |
| 04/18/2019 | $3.95 | 06/04/2019 | $5.09 |

---

[5] Pursuant to Section 21(D)(e)(2) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

| | | | |
|---|---|---|---|
| 04/22/2019 | $3.95 | 06/05/2019 | $5.11 |
| 04/23/2019 | $3.96 | 06/06/2019 | $5.13 |
| 04/24/2019 | $3.98 | 06/07/2019 | $5.14 |
| 04/25/2019 | $4.03 | 06/10/2019 | $5.15 |
| 04/26/2019 | $4.07 | 06/11/2019 | $5.17 |
| 04/29/2019 | $4.13 | 06/12/2019 | $5.19 |
| 04/30/2019 | $4.17 | 06/13/2019 | $5.21 |
| 05/01/2019 | $4.23 | 06/14/2019 | $5.23 |
| 05/02/2019 | $4.29 | 06/17/2019 | $5.26 |
| 05/03/2019 | $4.33 | 06/18/2019 | $5.29 |
| 05/06/2019 | $4.39 | 06/19/2019 | $5.31 |
| 05/07/2019 | $4.44 | 06/20/2019 | $5.33 |
| 05/08/2019 | $4.49 | 06/21/2019 | $5.35 |
| 05/09/2019 | $4.55 | 06/24/2019 | $5.37 |
| 05/10/2019 | $4.60 | 06/25/2019 | $5.37 |
| 05/13/2019 | $4.64 | 06/26/2019 | $5.38 |
| 05/14/2019 | $4.67 | 06/27/2019 | $5.39 |
| 05/15/2019 | $4.71 | 06/28/2019 | $5.41 |

### **Apyx Call and Put Option Recognized Loss Calculations**[6]

No Recognized Loss shall be calculated based upon the purchase or acquisition of any APYX Call Option that had been previously sold or written.

No Recognized Loss shall be calculated based upon the sale or writing of any APYX Put Option that had been previously purchased or acquired.

For each Apyx Call Option purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss per Call Option shall be calculated as follows:

A.      For each Call Option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss per Call Option is $0.00.

B.      For each Call Option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

1)      that was subsequently sold during the Settlement Class Period, the Recognized Loss per Call Option is the purchase price *minus* the sale price.

2)      that was subsequently exercised during the Settlement Class Period, the Recognized Loss per Call Option is the purchase price *minus* the intrinsic value of the option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Apyx Common Stock on the date of exercise *minus* the strike price of the option.

---

[6] Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is APYX Common Stock. Throughout this Plan of Allocation, all prices are per share of the underlying security (i.e., 1/100 of a contract).

17

3) that expired unexercised during the Settlement Class Period, the Recognized Loss per Call Option is equal to the purchase price.

4) that was still held as of the opening of trading April 2, 2019, the Recognized Loss per Call Option is the purchase price *minus* the intrinsic value of the option as of the close of trading on April 2, 2019, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $4.46[7] *minus* the strike price of the option.

For each Apyx Put Option sold during the Settlement Class Period, the Recognized Loss per Put Option shall be calculated as follows:

A. For each Put Option not open (*i.e.*, not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss per Put Option is $0.00.

B. For each Put Option open (*i.e.*, outstanding) at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

1) that was subsequently purchased during the Settlement Class Period, the Recognized Loss per Put Option is the purchase price *minus* the sale price.

2) that was subsequently exercised (*i.e.*, assigned) during the Settlement Class Period, the Recognized Loss per Put Option is the intrinsic value of the Put Option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of Apyx Common Stock on the date of exercise.

3) that expired unexercised during the Settlement Class Period, the Recognized Loss per Put Option $0.00.

4) that was still open (*i.e.*, outstanding) as of the opening of trading April 2, 2019, the Recognized Loss per Put Option is the intrinsic value of the option as of the close of trading on April 2, 2019 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $4.46.

59. **Maximum Recovery for Options:** The Settlement proceeds available for Apyx Call Options purchased during the Settlement Class Period and Apyx Put Options sold (written) during the Settlement Class Period shall be limited to a total amount equal to 5.0% of the Net Settlement Fund. Thus, if the cumulative Recognized Loss amounts for Apyx Call and Put Option claims exceeds 5.0% of all Recognized Losses, then the Recognized Loss for Apyx Call and Put Option claims will be reduced proportionately until they collectively equal 5.0% of all Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Apyx Common Stock claims, any excess amount will be used to pay the balance on the remaining Apyx Call and Put Option claims. Likewise, if the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Apyx Call Option and Put Option claims, any excess amount will be used to pay the balance on the remaining Apyx Common Stock claims.

---

[7] $4.46 is the closing price of Apyx Common Stock on April 2, 2019.

18

## ADDITIONAL PROVISIONS

60.    **Calculation of Claimant's "Recognized Claim":**    A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her or its Recognized Loss amounts as calculated above with respect to all Apyx Securities.

61.    **FIFO Matching:**    If a Settlement Class Member made more than one purchase/acquisition or sale of any Apyx Security during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  With respect to Apyx Common Stock and Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.  For Apyx Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against Apyx Put Options sold (written) during the Settlement Class Period in chronological order.

62.    **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Apyx Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Apyx Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these Apyx Securities for the calculation of a Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Apyx Securities unless (i) the donor or decedent purchased or otherwise acquired such Apyx Securities during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Apyx Securities.

63.    **Short Sales:**  With respect to Apyx Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock.  The date of a "short sale" is deemed to be the date of sale of the Apyx Common Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.

64.    In the event that a Claimant has an opening short position in Apyx Common Stock, the earliest purchases or acquisitions of Apyx Common Stock during the Settlement Class Period shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

65.    If a Settlement Class Member has "written" Apyx Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option.  The date on which the Apyx Call Option was written is deemed to be the date of sale of the Call Option.  In accordance with the Plan of Allocation, however, the Recognized Loss on "written" Apyx Call Options is zero.  In the event that a Claimant has an opening written position in Apyx Call Options, the earliest purchases or acquisitions of like Call Options during the Settlement Class Period shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

19

66.     If a Settlement Class Member has purchased or acquired Apyx Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option.  The date on which the Apyx Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option.  In accordance with the Plan of Allocation, however, the Recognized Loss on purchased/acquired Put Options is zero.  In the event that a Claimant has an opening long position in Apyx Put Options, the earliest sales or dispositions of like Put Options during the Settlement Class Period shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

67.     **Common Stock Purchased/Sold Through the Exercise of Options:**  With respect to Apyx Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the closing price of Apyx Common Stock on the exercise date.  Any Recognized Loss arising from purchases of Apyx Common Stock acquired during the Settlement Class Period through the exercise of an option on Apyx Common Stock shall be computed as provided for other purchases of Apyx Common Stock in the Plan of Allocation.

68.     **Market Gains and Losses:**  With respect to all Apyx Common Stock and Call Options purchased or acquired or Apyx Put Options sold during the Settlement Class Period, the Claims Administrator will determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Settlement Class Period in those shares and options.  For purposes of making this calculation, with respect to Apyx Common Stock and Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[8] and (ii) the sum of the Claimant's Sales Proceeds[9] and the Claimant's Holding Value.[10]  For Apyx Common Stock and Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.  With respect to Apyx Put Options, the Claims Administrator shall determine the difference between (i) the

---

[8] For Apyx Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Apyx securities purchased or acquired during the Settlement Class Period.

[9] For Apyx Common Stock and Call Options, the Claims Administrator shall match any sales of such Apyx Securities during the Settlement Class Period first against the Claimant's opening position in the like Apyx Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining like Apyx Securities sold during the Settlement Class Period is the "Sales Proceeds."

[10] The Claims Administrator shall ascribe a "Holding Value" of $4.46 to each share of Apyx Common Stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 1, 2019.  For each Apyx Call Option purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 1, 2019, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be *the greater of*: (i) $0.00 or (ii) $4.46 *minus* the strike price of the option.

20

sum of the Claimant's Total Purchase Amount[11] and the Claimant's Holding Value;[12] and (ii) the Claimant's Sale Proceeds.[13]  For Apyx Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value *minus* the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

69.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Apyx Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Apyx Securities during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

70.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

71.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

72.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant.  Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

73.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution

---

[11] For Apyx Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in Apyx Put Options first against the Claimant's opening position in Apyx Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses).  The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in Put Options is the "Total Purchase Amount."

[12] For each Apyx Put Option sold (written) during the Settlement Class Period that was still outstanding as of the close of trading on April 1, 2019, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $4.46.

[13] For Apyx Put Options, the total amount received for put options sold (written) during the Settlement Class Period is the "Sales Proceeds."

checks.  To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

74.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

75.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.ApyxSecuritiesSettlement.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

---

76.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court

22

will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

---

77. If you want to keep any right you may have to sue or continue to sue the Releasees on your own about the Released Claims, then you must take steps to exclude yourself from the Settlement Class. Excluding yourself is also known as "opting out" of the Settlement Class.

78. If you timely and properly request exclusion from the Settlement Class, you will retain any rights you have to sue the Defendants yourself with respect to the Released Plaintiffs' Claims to the extent those claims are viable under the statutes of limitations and repose applicable to claims under the federal securities laws. Before you decide to request exclusion from the Settlement Class, you are urged to consult your counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Settlement Class.

79. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Pritchard v. Apyx Medical Corp., et al.*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063. The exclusion request must be **received** no later than _____, 2020. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919"; (c) identify and state the number of shares of Apyx Common Stock, Apyx Call Options, and/or Apyx Put Options that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between December 21, 2018 and April 1, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

80. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

81. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

82. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

23

> **IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS FOR THE SAME THING LATER?**

83.   No. Only those Settlement Class Members that exclude themselves may sue the Defendants and the other Defendant Releasees for the Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2020.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

84.   **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

85.   The Settlement Hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Susan C. Bucklew at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, Courtroom 10B, 801 North Florida Avenue, Tampa, FL 33602. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

86.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Middle District of Florida at the address set forth below on or before _____, 2020. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2020**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Middle District of Florida Clerk of the Court United States Courthouse 801 North Florida Avenue Tampa, FL 33602 | **Glancy Prongay & Murray LLP** Casey Sadler, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **Freshfields Bruckhaus Deringer US LLP** Marques Tracy, Esq. 601 Lexington Avenue, 31st Floor New York, NY 10022 |

87.   To object, you must send a letter stating that you object to the Settlement. Your objection must include:

a.   The name of this proceeding, *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-

cv-00919, or similar identifying words such as "Apyx Securities Litigation;"

b.  The full name, current address and telephone number of the person or entity objecting;

c.  Your personal signature (your attorney's signature is not enough);

d.  A statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention;

e.  Documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Apyx Common Stock, Call Options, and/or Put Options that the objecting Settlement Class Member purchased, acquired and sold during the Settlement Class Period (*i.e.*, between December 21, 2018 and April 1, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement;

f.  A statement identifying by case name, case number, and court, all class action settlements to which you have objected in the previous five (5) years;

g.  A statement as to whether you intend to appear at the Settlement Hearing, either in person or through a lawyer; and

h.  If you want to present evidence at the Settlement Fairness Hearing, a detailed description of any and all evidence you may offer at the hearing, including copies of any and all exhibits that you may introduce into evidence at the hearing, and the identify of any witnesses that you may call to testify at the hearing;

If you are represented by a lawyer, your written objection must also include:

i.  Your lawyer's name, address, and telephone number; and

j.  A statement indicating whether your lawyer will appear at the Settlement Hearing to present your objection on your behalf.

Additionally, if you are represented by a lawyer, and your lawyer intends to seek compensation for his or her services from anyone other than you, your written objection letter must include:

k.  The identity of all lawyers that represent you, including any former or current lawyer who may be entitled to compensation for any reason related to the objection;

l.  A statement identifying all instances in which your lawyer or your lawyer's law firm objected to a class action settlement in the previous five (5) years, providing the case name, case number, and court;

m.  A statement identifying all agreements or contracts that relate to the objection or the process of objecting—whether written or oral—between you, your lawyer, and/or any other person or entity;

25

n.  A description of your lawyer's legal background and prior experience in connection with class action litigation; and

o.  A statement regarding whether your lawyer's compensation will be calculated on the basis of a lodestar, contingency, or other method; an estimate of the amount of fees to be sought; the factual and legal justification for any fees to be sought; the number of hours already spent by your lawyer and an estimate of the hours to be spent in the future; and the lawyer's hourly rate.

88.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

89.  If you object to the Settlement or the requested for attorneys' fees and/or reimbursement of Litigation Expenses, you subject yourself to the jurisdiction of the District Court in this matter and consent to being deposed in your district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Settlement Hearing

90.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

91.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____, **2020**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

92.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶86 above so that the notice is *received* **on or** _____, **2020**.

93.  The Settlement Hearing may be adjourned by the Court, or held telephonically, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time, and location on the settlement website, www.ApyxSecuritiesSettlement.com, given the potential for changes as a result of the COVID-19 pandemic.

94.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees**

26

**and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

95. If you purchased or otherwise acquired shares of Apyx Securities between December 21, 2018 and April 1, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Pritchard v. Apyx Medical Corp., et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.05 plus postage per Postcard Notice mailed; or $0.05 per Postcard Notice transmitted by email; or $0.05 per name, mailing address, and emails address (to the extent available) provided to Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.ApyxSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-866-274-4004.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

96. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.ApyxSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*Pritchard v. Apyx Medical Corp., et al.*   and/or   Casey Sadler, Esq.
c/o Strategic Claims Services                  GLANCY PRONGAY & MURRAY LLP
P.O. Box 230                                   1925 Century Park East, Suite 2100
600 N. Jackson St., Suite 205, Media, PA         Los Angeles, CA 90067
19063                                       (310) 201-9150
866-274-4004                             settlements@glancylaw.com
www.ApyxSecuritiesSettlement.com

27

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE
CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL
REGARDING THIS NOTICE.**

Dated: _____, 2020

By Order of the Court
United States District Court
Middle District of Florida

**Exhibit A-2**

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Toll Free Number:  (866) 274-4004
Settlement Website:  www.ApyxSecuritiesSettlement.com
Email: info@strategicclaims.net

## <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it through the settlement website listed above, **so that it is postmarked or submitted no later than _____.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN APYX COMMON STOCK** | _ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN APYX CALL OPTIONS** | _ |
| **PART V – SCHEDULE OF TRANSACTIONS IN APYX PUT OPTIONS** | _ |
| **PART VI – RELEASE OF CLAIMS AND SIGNATURE** | _ |

## **PART I – CLAIMANT INFORMATION**

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
| --- | --- | --- |
|  |  |  |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                    Telephone Number (work)

Email address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):
    Individual (includes joint owner accounts)        Pension Plan        Trust
    Corporation                                       Estate
    IRA/401K                                          Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.        It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.        This Claim Form is directed to all persons or entities that, during the period from December 21, 2018, through April 1, 2019, inclusive (the "Settlement Class Period"), purchased or otherwise acquired common stock of Apyx Medical Corporation ("Apyx Common Stock"), call options on Apyx Common Stock ("Apyx Call Options"), and/or sold put options on Apyx Common Stock ("Apyx Put Options") (together, the "Settlement Class").  Apyx Common Stock, Apyx Call Options, and Apyx Put Options are referred to collectively as "Apyx Securities."  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.        Excluded from the Settlement Class by definition are: (a) persons who suffered no compensable losses; and (b) Defendants; members of the Immediate Family of the Individual Defendant; the Officers and/or directors of Apyx; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a timely, valid request for exclusion that is accepted by the Court.

4.        If you are not a Settlement Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.        If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

6.        You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the

3

required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Apyx Securities.   On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Apyx Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note:   Only Apyx Common Stock and Apyx Call Options purchased/acquired, and Apyx Put Options sold, during the Settlement Class Period (i.e., from December 21, 2018, through April 1, 2019, inclusive) are eligible under the Settlement. However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Apyx Common Stock during the period from April 2, 2019, through and including June 28, 2019, will be used for purposes of calculating your Recognized Loss under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to process your claim, the requested purchase and sale information during the 90-day look-back period must also be provided.

10.      You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Apyx Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form.   Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Apyx Securities.   IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

4

12.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)     expressly state the capacity in which they are acting;

    (b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Apyx Securities; and

    (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

    (a)     own(ed) the Apyx Securities you have listed in the Claim Form; or

    (b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the

5

Claim Form or the Settlement Notice, you may contact the Claims Administrator, Strategic Claims Services, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may download the documents from the Settlement website, www.ApyxSecuritiesSettlement.com.

19.    NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.ApyxSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

**PART III – SCHEDULE OF TRANSACTIONS IN APYX COMMON STOCK**

Complete this Part III if and only if you purchased/acquired Apyx Common Stock during the period from December 21, 2018 through April 1, 2019, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Apyx Common Stock.

| | |
|---|---|
| **1.  BEGINNING HOLDINGS** – State the total number of shares of Apyx Common Stock held as of the opening of trading on December 21, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | |

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Apyx Common Stock from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD** – State the total number of shares of Apyx Common Stock purchased/acquired (including free receipts) from after the opening of trading on April 2, 2019, through and including the close of trading on June 28, 2019.  If none, write "zero" or "0."[2] _____

| | |
|---|---|
| **4.  SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Apyx Common Stock from after the opening of trading on December 21, 2018, through and including the close of trading on June 28, 2019.  (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

---

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of Apyx Common Stock from after the opening of trading on April 2, 2019, through and including the close of trading on June 28, 2019, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| / / | | $ | $ |
|---|---|---|---|

**5. ENDING HOLDINGS –** State the total number of shares of Apyx Common Stock held as of the close of trading on June 28, 2019. (Must be documented.) If none, write "zero" or "0." _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

### PART IV– SCHEDULE OF TRANSACTIONS IN APYX CALL OPTIONS

Complete this Part IV if and only if you purchased/acquired Apyx Call Options during the period from December 21, 2018, through April 1, 2019, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Apyx Call Options.

**1. BEGINNING HOLDINGS** – Separately list all positions in Apyx Call Option contracts in which you had an open interest as of the opening of trading on December 21, 2018. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Apyx Call Option contracts from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Apyx Call Options from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019. (Must be documented.) **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |

**4. ENDING HOLDINGS** – Separately list all positions in Apyx Call Option contracts in which you had an open interest as of the close of trading on April 1, 2019. (Must be documented.) **IF NONE, CHECK HERE** ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

9

**PART V – SCHEDULE OF TRANSACTIONS IN APYX PUT OPTIONS**

Complete this Part V if and only if you sold (wrote) Apyx Put Options during the period from December 21, 2018, through April 1, 2019, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Apyx Put Options.

| 1. **BEGINNING HOLDINGS** – Separately list all positions in Apyx Put Option contracts in which you had an open interest as of the opening of trading on December 21, 2018.  (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /   / | | |
| $ | /   / | | |
| $ | /   / | | |
| $ | /   / | | |

| 2. **SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale (writing) (including free deliveries) of Apyx Put Option contracts from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019.  (Must be documented.) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned<br><br>Insert an "E" if Exercised<br><br>Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
| /   / | $ | /   / | | | | $ | | /  / |
| /   / | $ | /   / | | | | $ | | /  / |
| /   / | $ | /   / | | | | $ | | /  / |
| /   / | $ | /   / | | | | $ | | /  / |

10

| **3.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Apyx Put Option contracts from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019. (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |

| **4.  ENDING HOLDINGS** – Separately list all positions in Apyx Put Option contracts in which you had an open interest as of the close of trading on April 1, 2019.  (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT BE REVIEWED</u>**

11

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE*

## *__ OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page __ of this Claim Form;

3.      that I (we) own(ed) the Apyx Common Stock and Apyx Call Options and had an interest in the Apyx Put Options identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

5.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

6.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

7.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

12

8.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                    Date

_____

Print your name here

_____

Signature of joint Claimant, if any                      Date

_____

Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant        Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.* (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE ___ OF THIS CLAIM FORM.)

13

**REMINDER CHECKLIST:**

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at (866) 274-4004, or visit www.ApyxSecuritiesSettlement.com.  Please DO NOT call Apyx or Individual Defendant Charles Goodwin or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____, **2020**, ADDRESSED AS FOLLOWS:

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063

**OR     SUBMITTED     ONLINE     BY** _____, **2020     AT WWW.APYXSECURITIESSETTLEMENT.COM.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2020 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

14

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**Exhibit A-3**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN,<br><br>Defendants | Case No. 8:19-cv-00919-SCB-AEP<br><br>Honorable Susan C. Bucklew |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All persons and entities who, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Medical Corporation ("Apyx") Common Stock or Apyx Call Options, or wrote Apyx Put Options, and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $3,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Susan C. Bucklew at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, Courtroom 10B, 801 North Florida Avenue, Tampa, FL 33602, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated July 9, 2020 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.  Please note that, in light of the COVID-19 pandemic, the Court may hold the Settlement Hearing telephonically, or change the date, time or location of the hearing.  Please check the settlement website, www.ApyxSecuritiesSettlement.com, for information concerning any such changes.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.ApyxSecuritiesSettlement.com.  You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Pritchard v. Apyx Medical Corp., et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063, 1-866-274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *either online or postmarked* no later than _____, 2020.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2020, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2020, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Apyx, or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to**

2

**participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205, Media, PA 19063
866-274-4004
www.ApyxSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Casey Sadler, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
settlements@glancylaw.com

By Order of the Court

3

**Exhibit A-4**

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205, Media, PA 19063

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Pritchard v. Apyx Medical Corp., et al.,*
Case No. 8:19-cv-00919-SCB-AEP

Name
Address
City, State
Zip

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.APYXSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Apyx Medical Corporation ("Apyx") and Charles D. Goodwin (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants made materially false and misleading statements to the investing public about Apyx, including its investigational new device exemption ("IDE") study and the results thereof, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Apyx Common Stock and/or Call Options, and/or wrote Apyx Put Options, between December 21, 2018 and April 1, 2019, inclusive, and been damaged thereby.

Defendants have agreed to pay $3,000,000 to settle this lawsuit. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and detailed Notice, available at www.ApyxSecuritiesSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Apyx Common Stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.579 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted.  This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form is on the website www.ApyxSecuritiesSettlement.com or can be mailed to you upon request to the Claims Administrator (866-274-4004). **Claim Forms must be submitted online or postmarked by _____**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you cannot sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____.  The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus expenses up to $50,000 for litigating the case and negotiating the Settlement, which may include reimbursement of Plaintiffs' costs and expenses (including lost wages) related to their representation of the Settlement Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866-274-4004) or visit the website www.ApyxSecuritiesSettlement.com and read the detailed Notice.

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN,<br><br>Defendants. | Case No. 8:19-cv-00919-SCB-AEP<br><br>Honorable Susan C. Bucklew |

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending in this Court entitled *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919 (the "Action");

WHEREAS, (a) Lead Plaintiff Gregory P. Mouton ("Lead Plaintiff") and plaintiff Kyle Pritchard (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Apyx Medical Corporation ("Apyx") and Charles D. Goodwin (the "Individual Defendant," and with Apyx, collectively, "Defendants," and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 9, 2020 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein

shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2020 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and

2

makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2020; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on _____, 2020, as well as the Declaration of the Claims Administrator, which was filed with the Court on _____, 2020.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Common Stock or Call Options, or sold Apyx Put Options, and were damaged thereby.  Excluded from the Settlement Class are Defendants; the Officers and/or directors of Apyx; Immediate Family members of the Individual Defendant; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  [Also excluded from the Settlement Class are the persons and entities who successfully requested exclusion from the Settlement Class and are listed on Exhibit 1 hereto as having submitted an exclusion request allowed by the Court.]

4.      This Court hereby affirms its determinations in the Preliminary Approval Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is

3

impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seeks to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.     **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of

4

Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7.      [There have been __ objections to the Settlement, each of which has been considered by the Court and is denied.]

8.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that (i) the Settlement is, in all respects, fair, reasonable and adequate and in the best interest of the Settlement Class; (ii) there was no collusion in connection with the Settlement; (iii) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel; and (iv) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

9.      Accordingly, the Court authorizes and directs the Parties to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the

5

Stipulation.

10.     The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

12.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs, each of the other Settlement Class Members, and any person or entity that could assert any of the Released Plaintiffs' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released

6

Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not they execute and deliver the Proof of Claim Form or share in the Settlement Fund.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(v) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants and any person or entity that could assert any of the Released Defendants' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

13.     Notwithstanding paragraphs 12(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

7

14.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15.    **No Admissions** – Neither this Judgment, nor the Settlement, nor the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communications relating thereto, is evidence or an admission or concession by any Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

16.    Defendants have denied and continue to deny liability and maintain that they have meritorious defenses. Nonetheless, Defendants have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in the Stipulation in order to avoid the cost and burden of litigation.

17.    Neither this Judgment, nor the Settlement, nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with

8

the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegations by Plaintiffs or any Member of the Settlement Class or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered or received against any Defendant's Releasee as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendants' Releasee, or against Plaintiffs or any Member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

(c)    shall be offered or received against any Defendants' Releasee as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided,

9

however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the release granted them hereunder;

(d)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(e)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid

from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; (f) the Settlement Class Members for all matters relating to the Action; and (g) other matters related or ancillary to the foregoing.  The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

19.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.    **Termination of Settlement** – If the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and

the Parties shall revert to their respective positions in the Action as of June 4, 2020, and the

Settlement Fund shall be returned as provided for in the Stipulation.

22.    Defendants have provided notification to all appropriate federal and state

officials regarding the Settlement as required by 28 U.S.C. § 1715.

23.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this

Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly

directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2020.


_____

The Honorable Susan C. Bucklew
United States District Judge

12

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**