**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KYLE PRITCHARD, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

APYX MEDICAL CORPORATION f/k/a
BOVIE MEDICAL CORPORATION, and
CHARLES D. GOODWIN,

        Defendants.

Case No. 8:19-cv-00919-SCB-AEP

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending in this Court entitled *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919 (the "Action");

WHEREAS, on June 12, 2010, the Court  dismissed the Action without prejudice to the right of any party to re-open the action within 28 days, upon good cause shown, or to submit a stipulated form of final judgment;

WHEREAS, (a) Lead Plaintiff Gregory P. Mouton ("Lead Plaintiff") and plaintiff Kyle Pritchard (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Apyx Medical Corporation ("Apyx") and Charles D. Goodwin (the "Individual Defendant," and with Apyx, collectively, "Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action and all Released Claims with prejudice on the terms and conditions

set forth in the Stipulation and Agreement of Settlement dated July 9, 2020 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Re-Opening of Action for Settlement Purposes** – The Action is re-opened for the Court's consideration of the Settlement and all matters attendant thereto.

2. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, and were damaged thereby.  Excluded from the Settlement Class are Defendants; the Officers and/or directors of Apyx; Immediate Family members of the Individual Defendant; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant

has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court hereby preliminarily finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Gregory P. Moulton and Kyle Pritchard are adequate class representatives and preliminarily certifies them as Class Representatives for the Settlement Class.  The Court also preliminarily appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be

conducted as described below.  The Court preliminarily finds that the Settlement should be approved as:  (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on *Friday, November 6, 2020 at 9:00 a.m.* in Courtroom 10B of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL, 33602, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the Class should be finally certified for purposes of the Settlement only; (e) to determine whether Plaintiffs and Lead Counsel should be finally appointed as class representatives and class counsel, respectively, for purposes of settlement only; (f) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (g) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 9 of this Order.

7.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶39 of the Stipulation.

9.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within fourteen (14) business days of the date of entry of this Order, Apyx (through its transfer agent) shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its list of shareholders of record (consisting of names and addresses) of Apyx Securities during the Settlement Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the list of shareholders of record provided by Apyx, or who otherwise may be identified through further reasonable

effort;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims

Administrator shall cause copies of the Notice and the Claim Form to be posted on a website

to be developed for the Settlement, from which copies of the Notice and Claim Form can be

downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims

Administrator shall cause the Summary Notice, substantially in the form attached hereto as

Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over

the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing,

Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit

or declaration, of such mailing and publication.

10.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form

and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice

attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and

distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the

publication of the Summary Notice in the manner and form set forth in paragraph 9 of this

Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

pendency of the Action, of the effect of the proposed Settlement (including the Releases to be

provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and

reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of

Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

11.    Neither the Defendants nor the Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

12.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Apyx Securities for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall, within seven (7) calendar days of receipt of the Postcard Notice, (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their

reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.05 plus postage per Postcard Notice mailed;  or $0.05 per Postcard Notice transmitted by email; or $0.05 per name, mailing address, and emails address (to the extent available) provided to Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

13.     All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

14.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

15.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the

provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

16.      Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 14 above.

17.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Pritchard v. Apyx Medical Corp., et al.*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA, 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919"; (iii) identify and state the number of shares of Apyx Common Stock, Apyx Call Options, and/or Apyx Put Options that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

18.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall have no rights under the Stipulation, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not

receive any payment out of the Net Settlement Fund.

19.     Any person or entity who is excluded from the Settlement Class by virtue of having submitted a request for exclusion may, at any point prior to the Settlement Hearing, submit a written revocation of the request for exclusion.

20.     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion as expeditiously as possible and in any event no later than fourteen (14) calendar days prior to the Settlement Hearing.  If any requests for exclusion, or written revocation of requests for exclusion, are received within the fourteen (14) calendar days prior to the Settlement Hearing, Lead Counsel shall cause the requests to be provided to Defendants' Counsel as expeditiously as possible, and in all events prior to the Settlement Hearing.

21.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

22.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance

in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 23 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

23.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

<table>
<tr><td align="center"><b>Lead Counsel</b></td><td align="center"><b>Defendants' Counsel</b></td></tr>
<tr><td align="center">Glancy Prongay & Murray LLP<br>Casey Sadler, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067</td><td align="center">Freshfields Bruckhaus Deringer US LLP<br>Marques Tracy, Esq.<br>601 Lexington Avenue, 31st Floor<br>New York, NY 10022</td></tr>
</table>

24.    Any objections, filings and other submissions by the objecting Settlement Class Member must include: (a) the name of this proceeding, *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919, or similar identifying words such as "Apyx Securities Litigation;" (b) the objector's full name, current address, and telephone number; (c) the objector's personal signature; (d) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Apyx Common Stock, Apyx Call Options, and/or Apyx Put Options that the objecting Settlement Class Member purchased, acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale (documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement); (f) a statement identifying by case name, case number, and court, all class action settlements to which you have objected in the previous five (5) years; (g) a statement as to whether you intend to appear at the Settlement Hearing, either in person or through a lawyer; and (h) if the objector wants to appear and present evidence at the Settlement Fairness Hearing, a detailed description of any and all evidence you may offer at the hearing, including copies of any and all exhibits that you may introduce into evidence at the hearing, and the identify of any witnesses that you may call to testify at the hearing.  If the objector is represented by a lawyer, the objector's written objection must also include: (a) the

13

lawyer's name, address, and telephone number; and (b) a statement indicating whether the lawyer will appear at the Settlement Fairness Hearing to present the objection on the objector's behalf.  Additionally, if the objector is represented by a lawyer, and the lawyer intends to seek compensation for his or her services from anyone other than the objector, the written objection letter must include: (a) the identity of all lawyers that represent the objector, including any former or current lawyer who may be entitled to compensation for any reason related to the objection; (b) a statement identifying all instances in which the lawyer or the lawyer's law firm objected to a class action settlement in the previous five (5) years, providing the case name, case number, and court; (c) a statement identifying any and all agreements or contracts that relate to the objection or the process of objecting—whether written or oral—between the objector, the objector's lawyer, and/or any other person or entity; (d) a description of the lawyer's legal background and prior experience in connection with class action litigation; and (e) a statement regarding whether the lawyer's compensation will be calculated on the basis of a lodestar, contingency, or other method; an estimate of the amount of fees to be sought; the factual and legal justification for any fees to be sought; the number of hours already spent by the lawyer and an estimate of the hours to be spent in the future; and the lawyer's hourly rate. The Court will consider a Settlement Class Member's objection only if the Settlement Class Member has complied with the above requirements.

25.     Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, must file a written objection indicating their intention to appear at the Settlement Hearing, and

also file a notice of appearance with the Court and serve it on Lead Counsel and on Defendants'

Counsel at the addresses set forth in paragraph 23 above so that it is received no later than

twenty-one (21) calendar days prior to the Settlement Hearing.

26.     Any Settlement Class Member who or which does not make his, her or its

objection in the manner provided herein shall be deemed to have waived his, her or its right to

object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead

Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses

and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or

adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and

Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of

Allocation or the requested attorneys' fees and Litigation Expenses in this or any other

proceeding.

27.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the

Court stays all proceedings in the Action other than proceedings necessary to carry out or

enforce the terms and conditions of the Stipulation.  Pending final determination of whether

the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members

of the Settlement Class, directly or indirectly, representatively, or in any other capacity, from

commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all

of the Defendants' Releasees.

28.     **Settlement Administration Fees and Expenses** – All reasonable costs

incurred in identifying Settlement Class Members and notifying them of the Settlement as well

as in administering the Settlement shall be paid as set forth in the Stipulation without further

order of the Court.

29.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

30.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

31.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of June 4, 2020 as provided in the Stipulation.

32.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with

16

the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to

effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

33.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

34.     Except to the extent the Parties may agree to resolve through mediation or arbitration any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED** this 21st day of July, 2020.

_____
SUSAN C. BUCKLEW
United States District Judge