**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN, <br><br> Defendants. | Case No. 8:19-cv-00919-SCB-AEP <br><br> CLASS ACTION |

**[PROPOSED] ORDER APPROVING**
**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

This matter came on for hearing on November 6, 2020 (the "Settlement Hearing") on Plaintiffs' motion to determine whether the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created by the Settlement achieved in the above-captioned class action (the "Action") should be approved. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order approving the proposed Plan of Allocation incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 9, 2020 (ECF No. 55-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Notice, which included the Plan of Allocation, was available to potential Settlement Class Members and nominees on the settlement website, www.ApyxSecuritiesSettlement.com, and no objections to the proposed plan were filed with the Court.

5.      The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation provides a fair and reasonable

basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6.      The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class.

7.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2020

_____
The Honorable Susan C. Bucklew
United States District Judge

3