# EXHIBIT 3

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN, <br><br> Defendants | Case No. 8:19-cv-00919-SCB-AEP <br><br> Honorable Susan C. Bucklew |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING:
(A) MAILING OF THE POSTCARD NOTICE;
(B) PUBLICATION OF THE SUMMARY NOTICE; AND
(C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.     I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.[1]  I have over eighteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over four hundred and twenty-five (425) class action settlements since its inception.  Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated July 21, 2020 (the "Preliminary Approval Order") (ECF No. 56), SCS was approved as Claims Administrator in connection with the Settlement of the above-captioned action.  I submit this Declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Settlement Class Members, as well as

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 9, 2020 (the "Stipulation") (ECF No. 55-1).

updates concerning other aspects of the Settlement administration process. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## MAILING OF POSTCARD NOTICE

2.      To provide actual notice to those persons and entities who purchased or otherwise acquired Apyx Medical Corporation ("Apyx") common stock or call options or sold put options during the period between December 21, 2018 and April 1, 2019, inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. The Postcard Notice provides a limited description of the Settlement and directs potential Settlement Class Members to the settlement website (www.ApyxSecuritiesSettlement.com (the "Settlement Website")), to access and download the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"). A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

3.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 605 individuals and organizations identified in the transfer records that were provided to SCS by Lead Counsel. These records reflect persons and entities that purchased Apyx shares for their own account, or for the account(s) of their clients, during the Settlement Class Period. The transfer record mailing was completed on August 17, 2020.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-

party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master mailing list consisting of 714 banks and brokerage companies, as well as 599 mutual funds, insurance companies, pension funds, and money managers.  On August 4, 2020, SCS caused a letter to be mailed or e-mailed to the 1,313 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that, within 7 calendar days from the date of the letter, they either send a Postcard Notice to their customers who may be beneficial purchasers/owners, or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial owners so that SCS could promptly mail the Postcard Notice directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B**.

5.    Following these mailings, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.

6.    SCS also sent the Depository Trust Company ("DTC") a notice packet (consisting of the Notice and Proof of Claim and Release Form ("Claim Form")) for the DTC to publish on its Legal Notice System ("LENS") on August 4, 2020. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

7.    To date, SCS has mailed 4,980 Postcard Notices.[2]

---

[2] Out of the 4,980 Postcard Notices mailed, we received 3 requests from the potential Settlement Class Members to mail them the Notice and Claim Form.

## PUBLICATION OF THE SUMMARY NOTICE

8.      Pursuant to the Court's Preliminary Approval Order, the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") was published in *Investor's Business Daily* and transmitted once over *PR Newswire* on August 24, 2020, as shown in the confirmations of publication attached hereto as **Exhibit C**.

## TOLL-FREE HELPLINE

9.      SCS maintains a toll-free telephone number (1-866-274-4004), which was set forth in the Postcard Notice, Notice, Claim Form, Summary Notice, and on the Settlement Website.  SCS made the toll-free helpline available on August 4, 2020 for Settlement Class Members to call and obtain information about the Settlement and/or request a Notice and Claim Form.  SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

10.     On August 17, 2020, SCS established the dedicated Settlement Website, which is accessible 24 hours a day, 7 days a week.  The website contains a home page with a summary and important deadlines; an important documents page with the Complaint, Stipulation, Preliminary Approval Order, Postcard Notice, Notice, and Claim Form; a frequently asked questions page; an online claim filing page; a nominees page; and a contact us page.  Copies of the Notice and Claim Form are attached as **Exhibit D**.

11.     To date, the Settlement Website has received 314 page views from 97 unique users.

## REQUESTS FOR EXCLUSION RECEIVED TO DATE

12.     The Postcard Notice, Notice, Summary Notice, and Settlement Website all informed potential Settlement Class Members that written requests for exclusion are to be mailed or otherwise be delivered to *Pritchard v. Apyx Medical Corp., et al.*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063, such that they are received no later than October 16, 2020.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received no exclusion requests.

13.     Although Settlement Class Members who wish to object to the Settlement, the proposed Plan of Allocation, or the request for attorney's fees and reimbursement of Litigation Expenses, are to file objections with the Court and serve the papers on counsel, SCS has checked its mail as well and, as of the date of this Declaration, has received no objections of any kind.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 28th day of September 2020, in Media, Pennsylvania.


Josephine Bravata

Josephine Bravata

5

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

***COURT-ORDERED LEGAL NOTICE***

**Important Notice about a Securities Class
Action Settlement.**

**You may be entitled to a CASH payment.
This Notice may affect your legal rights.
Please read it carefully.**

*Pritchard v. Apyx Medical Corp., et al.,*
Case No. 8:19-cv-00919-SCB-AEP

Mail ID:
Name
Address
City, State Zip

EXHIBIT A

There has been a proposed Settlement of claims against Apyx Medical Corporation ("Apyx") and Charles D. Goodwin (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants made materially false and misleading statements to the investing public about Apyx, including its investigational new device exemption ("IDE") study and the results thereof, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Apyx Common Stock and/or Call Options, and/or wrote Apyx Put Options, between December 21, 2018 and April 1, 2019, inclusive, and been damaged thereby.

Defendants have agreed to pay $3,000,000 to settle this lawsuit. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and detailed Notice, available at www.ApyxSecuritiesSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Apyx Common Stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.579 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form is on the website www.ApyxSecuritiesSettlement.com or can be mailed to you upon request to the Claims Administrator (866-274-4004). **Claim Forms must be submitted online or postmarked by December 16, 2020**. If you do not want to be legally bound by the Settlement, you must exclude yourself by October 16, 2020, or you cannot sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by October 16, 2020. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on November 6, 2020, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus expenses up to $50,000 for litigating the case and negotiating the Settlement, which may include reimbursement of Plaintiffs' costs and expenses (including lost wages) related to their representation of the Settlement Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866-274-4004) or visit the website www.ApyxSecuritiesSettlement.com and read the detailed Notice.

**EXHIBIT B**

**REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS**

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net   FAX: (610) 565-7985

August 4, 2020

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO OR WHICH, BETWEEN DECEMBER 21, 2018 AND APRIL 1, 2019, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), PURCHASED OR OTHERWISE ACQUIRED APYX MEDICAL CORPORATION COMMON STOCK ("APYX COMMON STOCK") OR CALL OPTIONS ON APYX COMMON STOCK ("APYX CALL OPTIONS"), OR SOLD PUT OPTIONS ON APYX COMMON STOCK ("APYX PUT OPTIONS")

Excluded from the Settlement Class are Defendants; members of the Immediate Family of the Individual Defendant; the Officers and/or directors of Apyx; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| _Pritchard v. Apyx Medical Corp., et al._<br>Case No. 8:19-cv-00919-SCB-AEP<br>Objection Deadline: October 16, 2020<br>Exclusion Deadline: October 16, 2020<br>Claim Filing Deadline: December 16, 2020<br>Settlement Hearing: November 6, 2020 | Cusip Number: 03837C106 & 10211F100 |

**PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE**

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the postcards you have seven (7) calendar days to mail them; or
4. Request a copy of the Notice in electronic format and advise us that you will email the notice to your beneficial purchasers/owners.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
• **$0.05 per email if you email the notice** OR
• **$0.05 per name and address or email address** if you are providing us the records OR
• **$0.05 per name and address, including materials, plus postage at the current postcard rate if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of this legal matter. A copy of the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Proof of Claim Form and Release Form and important documents are available on our website at www.ApyxSecuritiesSettlement.com. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
Pritchard v. Apyx Medical Corp., et al.

EXHIBIT C

# INVESTOR'S BUSINESS DAILY

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

| | |
|---|---|
| Name of Publication: | IBD Weekly |
| Address: | 12655 Beatrice Street |
| City, State, Zip: | Los Angeles, CA 90066 |
| Phone #: | 310.448.6700 |
| State of: | California |
| County of: | Los Angeles |

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __Apyx Medical Corporation__ was printed in said publication on the following date(s):

**AUGUST 24, 2020**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __24th__ day of __August__ , __2020__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

INVESTOR'S BUSINESS DAILY    Case 8:19-cv-00919-S_B_F_H   Document 68-3   Filed 07/2020   Page 11 of 44 PageID    WEEK OF AUGUST 24, 2020   **B17**

# FUTURES & BONDS
968

# Key Financial And Commodity Futures















## Selected Interest Rates



FED FUNDS RATE
FRB DISCOUNT RATE
3 MO TREASURY BILLS

Weekly Data — FED FUNDS — DAILY FROM 08/17/2020

Fed Funds Rate: Rates on overnight loans among financial institutions
Discount Rate: Rate charged by Federal Reserve Bank on loans to commercial banks
3 Month Treasury Bills: Yield for treasury bills traded on discount basis in secondary market



PRIME RATE
10 YR TREASURY BONDS
TAX EXEMPT BONDS

DAILY FROM 08/17/2020

Prime Rate: Rate charged by banks on loans to the most credit-worthy corporations
Tax-Exempt Bonds: Yield of the bond buyer 40 municipal bond index

## U.S. Treasury Yield Curve



Friday 8/21
1 Month Ago 7/22
3 Months Ago 5/20

The yield curve provides a picture of credit market conditions. It depicts the available trade-off between yield and maturity. The chart shown here compares the yield curves for the prior day, month and quarter.

**UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated, Plaintiff,
v.
APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN, Defendants

Case No. 8:19-cv-00919-SCB-AEP
Honorable Susan C. Bucklew

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO: All persons and entities who, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Medical Corporation ("Apyx") Common Stock or Apyx Call Options, or wrote Apyx Put Options, and were damaged thereby (the "Settlement Class"):

PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $3,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on November 6, 2020 at 9:00 a.m., before the Honorable Susan C. Bucklew at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, Courtroom 108, 801 North Florida Avenue, Tampa, FL 33602, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated July 9, 2020 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved. Please note that, in light of the COVID-19 pandemic, the Court may hold the Settlement Hearing telephonically, or change the date, time or location of the hearing. Please check the settlement website, www.ApyxSecuritiesSettlement.com, for information concerning any such changes.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.ApyxSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at Pritchard v. Apyx Medical Corp., et al., c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063, 1-866-274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form either online or postmarked no later than December 16, 2020. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than October 16, 2020, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received no later than October 16, 2020, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Clerk's office, Apyx, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:
Pritchard v. Apyx Medical Corp., et al.
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
866-274-4004
www.ApyxSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:
GLANCY PRONGAY & MURRAY LLP
Casey Sadler, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court



## YOUR PORTFOLIO IS 3 STEPS FROM BIGGER PROFITS

GET STARTED TODAY!

**1 Get ideas with Growth 250.** It's our premium list of the best growth stocks, selected by advanced algorithms and top portfolio managers.

**2 Evaluate them with Stock Charts.** Put a stock through its paces and find out whether it's the best of the best. Don't mess with mediocrity.

**3 Time your trading with Pattern Recognition.** Find out when to buy with AI-generated base patterns and buy points based on decades of data.

Try it today for only $19.95.
Call (800)831-2525 or go to
marketsmith.investors.com

MARKETSMITH
BY INVESTOR'S BUSINESS DAILY



*This offer is for qualified customers who have not taken a discounted offer in the last 6 months.

© 2020 Investor's Business Daily, Inc. Investor's Business Daily, IBD, CAN SLIM, Leaderboard and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc. MarketSmith is a registered trademark of MarketSmith, Incorporated.

## Money Rates

**Prime Rate:** 3.25
Base interest rate charged by major U.S. commercial banks on loans to corporations.

**Discount Rate:**
Primary 0.25
Secondary 0.75
Rate charged by Federal Reserve System on loans to depository institutions

**Broker Call Loan Rate:** 1.25
Rate charged on short-term loans to brokerage dealers backed by securities.

**Federal Funds Effective Rate:** 0.09
Rates on overnight loans among financial institutions.

**Certificates of Deposit:**
3 months 0.09
6 months 0.13
1 year 0.21
Interest rate paid by dealers on certificates of deposit based on the duration of the security.

**Jumbo CDs:**
1 month 0.06
3 months 0.09
6 months 0.14
1 year 0.22

**London Interbank Offered Rate:**
3 months 0.25
6 months 0.31
1 year 0.45
The average of rates paid on dollar deposits.

**Ameribor**
Unsecured Overnight Rate 0.11

**Treasury Bill Auction Results:**
3-months (as of August 17) 0.105
6-months (as of August 17) 0.12
Average discount rate for Treasury bills in minimum units on $10,000.

**Treasury Bill:**
1-year, (as of August 17) 0.14
Annualized rate on weekly average basis, yield adjusted for constant maturity.

# Josephine Bravata

**From:** phhubs@prnewswire.com
**Sent:** Monday, August 24, 2020 9:00 AM
**To:** jbravata@strategicclaims.net
**Subject:** PR Newswire: Press Release Distribution Confirmation for Glancy Prongay & Murray LLP. ID#2869900-1-1

Hello

Your press release was successfully distributed at: 24-Aug-2020 09:00:00 AM ET

Release headline: Glancy Prongay & Murray LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Apyx Medical Corporation Securities -- APYX
Word Count: 907
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 2869900-1-1

View your release:* http://www.prnewswire.com/news-releases/glancy-prongay--murray-llp-announces-proposed-class-action-settlement-on-behalf-of-purchasers-of-apyx-medical-corporation-securities----apyx-301103371.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release:
https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center:
https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.

EXHIBIT D

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| KYLE PRITCHARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APYX MEDICAL CORPORATION f/k/a BOVIE MEDICAL CORPORATION, and CHARLES D. GOODWIN,<br><br>Defendants | Case No. 8:19-cv-00919-SCB-AEP<br><br>Honorable Susan C. Bucklew |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Middle District of Florida (the "Court"), if, during the period between December 21, 2018 and April 1, 2019, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Apyx Medical Corporation common stock ("Apyx Common Stock") or call options on Apyx Common Stock ("Apyx Call Options"), or sold put options on Apyx Common Stock ("Apyx Put Options"), and were damaged thereby.[2]

**NOTICE OF SETTLEMENT:**  Please also be advised that Court-appointed Lead Plaintiff Gregory P. Mouton and plaintiff Kyle Pritchard (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶29 below), have reached a proposed settlement of the Action for $3,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact defendant Apyx Medical Corporation ("Apyx" or the "Company") or defendant Charles D. Goodwin (the "Individual Defendant," together with Apyx, the "Defendants"), or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶96 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 9, 2020 (the "Stipulation"), which is available at www.ApyxSecuritiesSettlement.com.

[2]  Apyx Common Stock, Call Options, and Put Options are collectively referred to herein as "Apyx Securities."

violated the federal securities laws by making false and misleading statements regarding Apyx. A more detailed description of the Action is set forth in paragraphs 11-19 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 29 below. The claims that will be released. and definitions relevant thereto, are set forth in paragraphs 33-39 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $3,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 10-16 below.

3. **Estimate of Average Amount of Recovery Per Share or Option:** Based on Plaintiffs' damages expert's estimates of the number of shares of Apyx Common Stock and Apyx Call Options purchased, and Apyx Put Options sold, during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $0.579 per affected share of common stock, before the costs of providing notice and administering the Settlement. Settlement Class Members should note, however, that these are only estimates based on the overall number of potentially affected shares and options. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Apyx Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 10-16 below) or such other plan of allocation as may be ordered by the Court.

4. **Statement of Potential Outcome of the Case:** The Parties do not agree on whether Plaintiffs would have prevailed on their claims against the Defendants. Nor do they agree on the average amount of damages per share, call option, and put option that would be recoverable if Plaintiffs were to prevail in the Action. Defendants deny that they have engaged in any wrongdoing as alleged by Plaintiffs, deny any liability whatsoever for any of the claims that Plaintiffs alleged in the Complaint, and deny that the price of Apyx Common Stock and Call Options was artificially inflated, and that the price of Apyx Put Options was artificially depressed, as a result of Defendants' alleged violations of the federal securities laws. The issues on which the Parties disagree include: (i) whether any of the Defendants failed to make required disclosures during the Settlement Class Period; (ii) whether or not Defendants' conduct caused any harm to Settlement Class Members for which any damages could be recovered if Plaintiffs were to have prevailed on each claim alleged; (iii) the amounts by which the price of Apyx Common Stock and Call Options was artificially inflated, and the price of Apyx Put Options was artificially depressed, if at all, during the Settlement Class Period; (iv) the extent to which external factors, such as general market, economic and industry conditions, influenced the trading price of Apyx Securities during the Settlement Class Period; (v) who, if anyone, can be included in the Settlement Class; (vi) the amount, if any, of any alleged damages suffered by Settlement Class Members during the Settlement Class Period; and (vii) whether Defendants had other meritorious defenses to the alleged claims.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, call options, and put options will be approximately $0.203 per affected share of Apyx Common Stock.

2

6.    **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Casey Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888)773-9224, settlements@glancylaw.com.

7.    **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM EITHER ONLINE OR POSTMARKED NO LATER THAN DECEMBER 16, 2020.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 16, 2020.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 16, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON NOVEMBER 6, 2020 AT 9:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 16, 2020.** | Filing a written objection and notice of intention to appear by October 16, 2020 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

3

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get The Postcard Notice? ......................................................................................... Page 4

What Is This Case About? ......................................................................................................... Page 4

Why Is This A Class Action? .................................................................................................... Page 5

Why Is There A Settlement? ..................................................................................................... Page 6

What Might Happen If There Were No Settlement? .................................................................. Page 6

How Do I Know If I Am Affected By The Settlement?  Who Is Included
      In The Settlement Class? ................................................................................................... Page 6

How Are Settlement Class Members Affected By The Action And
      The Settlement? ................................................................................................................. Page 7

How Do I Participate In The Settlement?  What Do I Need To Do? ........................................... Page 9

How Much Will My Payment Be? ............................................................................................ Page 9

What Payment Are The Attorneys For The Settlement Class Seeking?
      How Will The Lawyers Be Paid? ..................................................................................... Page 16

What If I Do Not Want To Be A Member Of The Settlement Class?
      How Do I Exclude Myself? ............................................................................................. Page 17

If I Do Not Exclude Myself, Can I Sue The Defendants For The
      Same Thing Later? ........................................................................................................... Page 17

When And Where Will The Court Decide Whether To Approve The Settlement?
      Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
      Don't Like The Settlement? ............................................................................................. Page 17

What If I Bought Shares On Someone Else's Behalf? .............................................................. Page 19

Can I See The Court File?  Whom Should I Contact If I Have Questions? ................................ Page 20

| WHY DID I GET THE POSTCARD NOTICE? |
|---|

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Apyx Common Stock or Apyx Call Options, or written or sold Apyx Put Options, during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.ApyxSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 85 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    Apyx manufactures electrosurgical products and technologies. The Company offers electrosurgical pencils and accessories, desiccators, generators, and electrodes.

4

12. On April 17, 2019, a class action complaint was filed in the Court, styled *Pritchard v. Apyx Medical Corporation, et al.*, 8:19-cv-00919-SCH-AEP. By Order dated July 16, 2019, the Court appointed Gregory P. Mouton as Lead Plaintiff and his selection of Glancy Prongay & Murray LLP as Lead Counsel and the Desmond Law Firm, P.C. as liaison counsel were approved and appointed by the Court.

13. On September 3, 2019, Plaintiffs filed and served their Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendant under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants made materially false and misleading statements about, among other things, Apyx's investigational new device exemption ("IDE") study and the results thereof, which formed the basis of an application submitted to the FDA, known as a 510(k) application. The Complaint further alleged that the prices of Apyx publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14. On October 3, 2019, Defendants moved to dismiss the Complaint and attached fourteen exhibits thereto. On November 4, 2019, Plaintiffs filed their opposition to Defendants' motion to dismiss.

15. On November 6, 2019, Defendants moved for leave to file a reply in further support of their motion to dismiss. That same day, Plaintiffs filed their opposition to Defendants' motion for leave to file a reply. On November 8, 2019, the Court denied Defendants' motion for leave to file a reply.

16. On March 11, 2020, the Court denied Defendants' motion to dismiss.

17. Shortly thereafter, the Parties agreed to mediate this Action before Jed Melnick, Esq. of JAMS, a nationally recognized mediator. In advance of that session, the Parties provided to Mr. Melnick, and exchanged, detailed mediation statements and exhibits, which addressed the issues of liability and damages.

18. On May 1, 2020, Defendants filed and served their answer to the Complaint.

19. On June 4, 2020, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Mr. Melnick. The mediation session culminated in an agreement in principle to settle the Action for $3,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of the Stipulation and approval by the Court. Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

20. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶35 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

21. On July 21, 2020, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## WHY IS THIS A CLASS ACTION?

22. In a class action, one or more people called class representatives (in this case Plaintiffs on behalf of the Settlement Class) sue on behalf of people or entities, known as "Class Members," who have similar claims. A class action allows one court to resolve in a single case many similar claims that, if brought separately by individuals, might be so small that they would not be economical to litigate and thus would never be brought. One court resolves the issues for all class members, except for those who exclude themselves, or "opt out," from the class (*see* page 17 below).

5

## WHY IS THERE A SETTLEMENT?

23.  The Court has not decided the Action in favor of Plaintiffs or the Defendants.  The Settlement will end all the claims against the Defendants in the Action and avoid the uncertainties and costs of further litigation and any future trial.  Assuming the Settlement is approved, affected investors will be eligible to receive compensation once the claims made against the Net Settlement Fund are validated and calculated.

24.  As described above, Plaintiffs, through Lead Counsel, conducted an extensive investigation of the claims and underlying events and transactions relating to the Action.  Further, Plaintiffs and Lead Counsel participated in protracted and hard-fought arm's-length negotiations and a mediation before an experienced mediator before entering into the Settlement.

25.  Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Plaintiffs and Lead Counsel recognized that Defendants had arguments that, if the Court or jury were persuaded by, could substantially lessen or even preclude recovery.  For example, Defendants would assert that they did not make any false statements and had no duty to disclose the IDE results to investors, and that even if Defendants' statements were misleading, their statements were not material or made with the requisite state of mind to support the securities fraud claim alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages—motions for class certification and summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.  In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $3,000,000 in cash, as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

27.  The Defendants deny all allegations of liability contained in the Complaint and deny that they are liable to the Settlement Class.  The Settlement should not be seen as an admission or concession on the part of the Defendants regarding the truth or validity of the allegations, claims, and/or defenses in the Action, or their fault or liability for alleged damages by any Member of the Settlement Class.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.  If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at class certification or summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

29.  If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which, between December 21, 2018 and April 1, 2019, inclusive, purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, and were damaged thereby.

Excluded from the Settlement Class are Defendants; members of the Immediate Family of the Individual Defendant; the Officers and/or directors of Apyx; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such

6

excluded party.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 17 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.ApyxSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, either online or postmarked no later than December 16, 2020.**

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
| :---: |

30.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing: May I Speak At The Hearing If I Don't Like The Settlement?," on page 17 below.

31.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 17 below.

32.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing: May I Speak At The Hearing If I Don't Like The Settlement?," below.

33.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs, each of the other Settlement Class Members, and any person or entity that could assert any of the Released Plaintiffs' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶34 below) against the Defendants and the other Defendants' Releasees (as defined in ¶35 below), and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

34.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, that could have been asserted in any forum, whether foreign or domestic, whether arising under federal, state, local or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action and that relate to the purchase or acquisition of Apyx Common Stock or Apyx Call Options, or the sale of Apyx Put Options, during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any

7

claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35.    "Defendants' Releasees" means Defendants and their current, former, and future officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, partners, trustees, contractors, auditors, principals, representatives, insurers, general partners, limited partners, partnerships, limited liability companies, and attorneys, in their capacities as such; Immediate Family members of the Individual Defendant, in their capacities as such; and any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant and/or member(s) of his family, in their capacities as such.

36.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff, Plaintiffs' Releasee, or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, without limitation, any decision to object to this Settlement.  With respect to any and all Released Claims, including Unknown Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiffs' Releasees and Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Defendants and their respective Releasees acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and any person or entity that could assert any of the Released Defendants' Claims on their behalf, including their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶38 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶39 below), and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

38.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

8

39.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current, former, and future officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, partners, trustees, contractors, auditors, principals, representatives, insurers, general partners, limited partners, partnerships, limited liability companies, and attorneys, in their capacities as such; Immediate Family members of the Plaintiffs, in their capacities as such; and any trust of which the Plaintiffs is the settlor or which is for the benefit of a Plaintiff and/or member(s) of his family, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

40.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **either online at www.ApyxSecuritiesSettlement.com or postmarked no later than December 16, 2020**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.ApyxSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in Apyx Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

41.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

42.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid three million dollars ($3,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

44.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

45.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form either online or postmarked on or before December 16, 2020 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶34 above) against the Defendants' Releasees (as defined in ¶35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

9

47.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Apyx Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those securities that they purchased, acquired or sold outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases, acquisitions or sales of Apyx Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

48.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

49.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

50.    Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are the Apyx Securities.

## PROPOSED PLAN OF ALLOCATION

51.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below ("Recognized Loss").

52.    A Recognized Loss will be calculated for each share of Apyx Common Stock and Apyx Call Option purchased or otherwise acquired during the Settlement Class Period, and each Apyx Put Option sold during the Settlement Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the Apyx Securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

53.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Apyx Common Stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of Apyx Common Stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Apyx Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

54.    The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the Apyx Securities.  In this Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the prices of Apyx Securities.  Plaintiffs further allege that corrective disclosures removed artificial inflation from the prices of Apyx Securities on February 21, 2019 and April 2, 2019 (the "Corrective Disclosure Dates").  Defendants deny these allegations.  In order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, with respect to Apyx Common Stock and Apyx Call Options, the stock or call options must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates; and, with respect to Apyx Put Options, those options must have been sold (written) during the Settlement Class Period and not closed prior to at least one of these Corrective Disclosure Dates.

10

| Table 1 | | |
|---|---|---|
| **Artificial Inflation in Apyx Common Stock** | | |
| **From** | **To** | **Per-Share Price Inflation** |
| December 21, 2018 | February 20, 2019 | $4.58 |
| February 21, 2019 | April 1, 2019 | $2.50 |
| April 2, 2019 | Thereafter | $0.00 |

55.    The per-share Recognized Loss for Apyx Common Stock shall be the Recognized Loss amount as described below in "Calculation of Recognized Loss Per Share of Common Stock." The per-option Recognized Loss for Apyx Call Options and Apyx Put Options shall be the Recognized Loss amount as described below in "Apyx Call and Put Option Recognized Loss Calculations."

56.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Apyx Common Stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Apyx Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on Apyx Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

57.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Apyx Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

58.    With respect to shares of Apyx Common Stock and Apyx Call and Put Options, a Recognized Loss will be calculated as set forth below for each purchase or acquisition of Apyx Common Stock and Call Option contracts, and for each writing of Apyx Put Option contracts during the Settlement Class Period, that is listed in the Claim and Release Form and for which adequate documentation is provided.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS[3]

### Calculation of Recognized Loss Per Share of Common Stock

For each share of Apyx Common Stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, December 21, 2018 through April 1, 2019, inclusive), the Recognized Loss per share shall be calculated as follows:

A.    For shares held at the end of trading on June 28, 2019 (i.e., the end of the 90-Day Lookback Period), the Recognized Loss per share shall be the *lesser of*:

    1)    the applicable purchase date artificial inflation per share figure, as found in Table 1; or

    2)    the purchase price per share *minus* $5.41.[4]

B.    For shares sold between April 2, 2019 and June 28, 2019, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share shall be the *lesser of*:

---

[3] For Apyx Common Stock and Apyx Call Options acquired during period December 21, 2018 through March 13, 2019, inclusive, and Apyx Put Options sold during period December 21, 2018 through March 13, 2019, inclusive, the Recognized Loss as described below shall be discounted by 25% to reflect Lead Counsel's assessment of the probability of successful recovery in view of Defendants' legal arguments that the statements prior to March 13, 2019 were not actionable since they were statements of opinion and there was no duty to disclose the information at issue.

[4] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  The mean (average) closing price of Apyx Common Stock during the 90-day period beginning on April 2, 2019 and ending on June 28, 2019 was $5.41 per share.

1)    the applicable purchase date artificial inflation per share figure, as found in Table 1; or

2)    the purchase price per share *minus* the sale price per share; or

3)    the purchase price per share *minus* the average closing price of Apyx Common Stock between April 2, 2019 and the date of sale, as found in Table 2.[5]

C.    For shares sold between February 21, 2019 and April 1, 2019, inclusive, the Recognized Loss per share shall be the *lesser of*:

1)    the applicable purchase date artificial inflation per share figure *minus* the applicable sales date artificial inflation per share figure, as found in Table 1; or

2)    the purchase price per share *minus* the sale price per share.

D.    For shares sold between December 21, 2018 and February 20, 2019, inclusive, the Recognized Loss per share shall be zero.

| Table 2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Sale | Average Closing Price Between 4/02/2019 and Date of Sale | | Date of Sale | Average Closing Price Between 4/02/2019 and Date of Sale | | Date of Sale | Average Closing Price Between 4/02/2019 and Date of Sale |
| 4/2/2019 | $4.46 | | 5/2/2019 | $4.29 | | 6/3/2019 | $5.07 |
| 4/3/2019 | $4.40 | | 5/3/2019 | $4.33 | | 6/4/2019 | $5.09 |
| 4/4/2019 | $4.27 | | 5/6/2019 | $4.39 | | 6/5/2019 | $5.11 |
| 4/5/2019 | $4.20 | | 5/7/2019 | $4.44 | | 6/6/2019 | $5.13 |
| 4/8/2019 | $4.15 | | 5/8/2019 | $4.49 | | 6/7/2019 | $5.14 |
| 4/9/2019 | $4.11 | | 5/9/2019 | $4.55 | | 6/10/2019 | $5.15 |
| 4/10/2019 | $4.09 | | 5/10/2019 | $4.60 | | 6/11/2019 | $5.17 |
| 4/11/2019 | $4.08 | | 5/13/2019 | $4.64 | | 6/12/2019 | $5.19 |
| 4/12/2019 | $4.05 | | 5/14/2019 | $4.67 | | 6/13/2019 | $5.21 |
| 4/15/2019 | $4.02 | | 5/15/2019 | $4.71 | | 6/14/2019 | $5.23 |
| 4/16/2019 | $3.99 | | 5/16/2019 | $4.75 | | 6/17/2019 | $5.26 |
| 4/17/2019 | $3.96 | | 5/17/2019 | $4.79 | | 6/18/2019 | $5.29 |
| 4/18/2019 | $3.95 | | 5/20/2019 | $4.82 | | 6/19/2019 | $5.31 |
| 4/22/2019 | $3.95 | | 5/21/2019 | $4.85 | | 6/20/2019 | $5.33 |
| 4/23/2019 | $3.96 | | 5/22/2019 | $4.88 | | 6/21/2019 | $5.35 |
| 4/24/2019 | $3.98 | | 5/23/2019 | $4.90 | | 6/24/2019 | $5.37 |
| 4/25/2019 | $4.03 | | 5/24/2019 | $4.93 | | 6/25/2019 | $5.37 |
| 4/26/2019 | $4.07 | | 5/28/2019 | $4.95 | | 6/26/2019 | $5.38 |
| 4/29/2019 | $4.13 | | 5/29/2019 | $4.99 | | 6/27/2019 | $5.39 |
| 4/30/2019 | $4.17 | | 5/30/2019 | $5.02 | | 6/28/2019 | $5.41 |
| 5/1/2019 | $4.23 | | 5/31/2019 | $5.04 | | | |

---

[5] Pursuant to Section 21(D)(e)(2) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

12

**<u>Apyx Call and Put Option Recognized Loss Calculations</u>**[6]

No Recognized Loss shall be calculated based upon the purchase or acquisition of any APYX Call Option that had been previously sold or written.

No Recognized Loss shall be calculated based upon the sale or writing of any APYX Put Option that had been previously purchased or acquired.

For each Apyx Call Option purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss per Call Option shall be calculated as follows:

A.    For each Call Option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss per Call Option is $0.00.

B.    For each Call Option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

    1)    that was subsequently sold during the Settlement Class Period, the Recognized Loss per Call Option is the purchase price *minus* the sale price.

    2)    that was subsequently exercised during the Settlement Class Period, the Recognized Loss per Call Option is the purchase price *minus* the intrinsic value of the option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Apyx Common Stock on the date of exercise *minus* the strike price of the option.

    3)    that expired unexercised during the Settlement Class Period, the Recognized Loss per Call Option is equal to the purchase price.

    4)    that was still held as of the opening of trading April 2, 2019, the Recognized Loss per Call Option is the purchase price *minus* the intrinsic value of the option as of the close of trading on April 2, 2019, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $4.46[7] *minus* the strike price of the option.

For each Apyx Put Option sold during the Settlement Class Period, the Recognized Loss per Put Option shall be calculated as follows:

A.    For each Put Option not open (*i.e.*, not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss per Put Option is $0.00.

B.    For each Put Option open (*i.e.*, outstanding) at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

    1)    that was subsequently purchased during the Settlement Class Period, the Recognized Loss per Put Option is the purchase price *minus* the sale price.

    2)    that was subsequently exercised (*i.e.*, assigned) during the Settlement Class Period, the Recognized Loss per Put Option is the intrinsic value of the Put Option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of Apyx Common Stock on the date of exercise.

    3)    that expired unexercised during the Settlement Class Period, the Recognized Loss per Put Option $0.00.

    4)    that was still open (*i.e.*, outstanding) as of the opening of trading April 2, 2019, the Recognized Loss per Put Option is the intrinsic value of the option as of the close of trading on April 2, 2019 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $4.46.

59.    **Maximum Recovery for Options:**  The Settlement proceeds available for Apyx Call Options purchased during the Settlement Class Period and Apyx Put Options sold (written) during the Settlement Class Period shall be limited to a total amount equal to 5.0% of the Net Settlement Fund.  Thus, if the cumulative Recognized Loss amounts for Apyx Call and Put Option claims exceeds 5.0% of all Recognized Losses, then the Recognized Loss for Apyx Call and Put Option claims will be reduced proportionately until they collectively equal 5.0% of all

---

[6] Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is APYX Common Stock.  Throughout this Plan of Allocation, all prices are per share of the underlying security (i.e., 1/100 of a contract).

[7] $4.46 is the closing price of Apyx Common Stock on April 2, 2019.

Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Apyx Common Stock claims, any excess amount will be used to pay the balance on the remaining Apyx Call and Put Option claims. Likewise, if the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Apyx Call Option and Put Option claims, any excess amount will be used to pay the balance on the remaining Apyx Common Stock claims.

## ADDITIONAL PROVISIONS

60.     **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her or its Recognized Loss amounts as calculated above with respect to all Apyx Securities.

61.     **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of any Apyx Security during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. With respect to Apyx Common Stock and Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period. For Apyx Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against Apyx Put Options sold (written) during the Settlement Class Period in chronological order.

62.     **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Apyx Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Apyx Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these Apyx Securities for the calculation of a Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Apyx Securities unless (i) the donor or decedent purchased or otherwise acquired such Apyx Securities during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Apyx Securities.

63.     **Short Sales:** With respect to Apyx Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock. The date of a "short sale" is deemed to be the date of sale of the Apyx Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.

64.     In the event that a Claimant has an opening short position in Apyx Common Stock, the earliest purchases or acquisitions of Apyx Common Stock during the Settlement Class Period shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

65.     If a Settlement Class Member has "written" Apyx Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option. The date on which the Apyx Call Option was written is deemed to be the date of sale of the Call Option. In accordance with the Plan of Allocation, however, the Recognized Loss on "written" Apyx Call Options is zero. In the event that a Claimant has an opening written position in Apyx Call Options, the earliest purchases or acquisitions of like Call Options during the Settlement Class Period shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

66.     If a Settlement Class Member has purchased or acquired Apyx Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option. The date on which the Apyx Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option. In accordance with the Plan of Allocation, however, the Recognized Loss on purchased/acquired Put Options is zero. In the event that a Claimant has an opening long position in Apyx Put Options, the earliest sales or dispositions of like Put Options during the Settlement Class Period shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

67.     **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Apyx Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the closing price of Apyx Common Stock on the exercise date.

14

Any Recognized Loss arising from purchases of Apyx Common Stock acquired during the Settlement Class Period through the exercise of an option on Apyx Common Stock shall be computed as provided for other purchases of Apyx Common Stock in the Plan of Allocation.

68.    **Market Gains and Losses:**  With respect to all Apyx Common Stock and Call Options purchased or acquired or Apyx Put Options sold during the Settlement Class Period, the Claims Administrator will determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Settlement Class Period in those shares and options.  For purposes of making this calculation, with respect to Apyx Common Stock and Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[8] and (ii) the sum of the Claimant's Sales Proceeds[9] and the Claimant's Holding Value.[10]  For Apyx Common Stock and Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.  With respect to Apyx Put Options, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[11] and the Claimant's Holding Value;[12] and (ii) the Claimant's Sale Proceeds.[13]  For Apyx Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value *minus* the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

69.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Apyx Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Apyx Securities during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

70.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

---

[8] For Apyx Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Apyx securities purchased or acquired during the Settlement Class Period.

[9] For Apyx Common Stock and Call Options, the Claims Administrator shall match any sales of such Apyx Securities during the Settlement Class Period first against the Claimant's opening position in the like Apyx Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining like Apyx Securities sold during the Settlement Class Period is the "Sales Proceeds."

[10] The Claims Administrator shall ascribe a "Holding Value" of $4.46 to each share of Apyx Common Stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 1, 2019.  For each Apyx Call Option purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 1, 2019, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be *the greater of*: (i) $0.00 or (ii) $4.46 *minus* the strike price of the option.

[11] For Apyx Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in Apyx Put Options first against the Claimant's opening position in Apyx Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses).  The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in Put Options is the "Total Purchase Amount."

[12] For each Apyx Put Option sold (written) during the Settlement Class Period that was still outstanding as of the close of trading on April 1, 2019, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $4.46.

[13] For Apyx Put Options, the total amount received for put options sold (written) during the Settlement Class Period is the "Sales Proceeds."

15

71.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

72.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant.  Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

73.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

74.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

75.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.ApyxSecuritiesSettlement.com.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

76.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

16

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

77.   If you want to keep any right you may have to sue or continue to sue the Releasees on your own about the Released Claims, then you must take steps to exclude yourself from the Settlement Class.  Excluding yourself is also known as "opting out" of the Settlement Class.

78.   If you timely and properly request exclusion from the Settlement Class, you will retain any rights you have to sue the Defendants yourself with respect to the Released Plaintiffs' Claims to the extent those claims are viable under the statutes of limitations and repose applicable to claims under the federal securities laws.  Before you decide to request exclusion from the Settlement Class, you are urged to consult your counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Settlement Class.

79.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Pritchard v. Apyx Medical Corp., et al.*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063.  The exclusion request must be ***received*** no later than October 16, 2020.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919"; (c) identify and state the number of shares of Apyx Common Stock, Apyx Call Options, and/or Apyx Put Options that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between December 21, 2018 and April 1, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

80.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

81.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

82.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

| IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS FOR THE SAME THING LATER? |
|---|

83.   No. Only those Settlement Class Members that exclude themselves may sue the Defendants and the other Defendant Releasees for the Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is October 16, 2020.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
|---|

84.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

85.   The Settlement Hearing will be held on November 6, 2020 at 9:00 a.m., before the Honorable Susan C. Bucklew at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States

17

Courthouse, Courtroom 10B, 801 North Florida Avenue, Tampa, FL 33602. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

86.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Middle District of Florida at the address set forth below on or before October 16, 2020. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before October 16, 2020**.

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|---|
| United States District Court | **Glancy Prongay & Murray LLP** | **Freshfields Bruckhaus Deringer US LLP** |
| Middle District of Florida | | |
| Clerk of the Court | Casey Sadler, Esq. | Marques Tracy, Esq. |
| United States Courthouse | 1925 Century Park East, Suite 2100 | 601 Lexington Avenue, 31st Floor |
| 801 North Florida Avenue | | |
| Tampa, FL 33602 | Los Angeles, CA 90067 | New York, NY 10022 |

87.    To object, you must send a letter stating that you object to the Settlement. Your objection must include:

    a.    The name of this proceeding, *Pritchard v. Apyx Medical Corp., et al.*, Case No. 8:19-cv-00919, or similar identifying words such as "Apyx Securities Litigation;"

    b.    The full name, current address and telephone number of the person or entity objecting;

    c.    Your personal signature (your attorney's signature is not enough);

    d.    A statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention;

    e.    Documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Apyx Common Stock, Call Options, and/or Put Options that the objecting Settlement Class Member purchased, acquired and sold during the Settlement Class Period (*i.e.*, between December 21, 2018 and April 1, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement;

    f.    A statement identifying by case name, case number, and court, all class action settlements to which you have objected in the previous five (5) years;

    g.    A statement as to whether you intend to appear at the Settlement Hearing, either in person or through a lawyer; and

    h.    If you want to present evidence at the Settlement Fairness Hearing, a detailed description of any and all evidence you may offer at the hearing, including copies of any and all exhibits that you may introduce into evidence at the hearing, and the identify of any witnesses that you may call to testify at the hearing;

If you are represented by a lawyer, your written objection must also include:

    i.    Your lawyer's name, address, and telephone number; and

    j.    A statement indicating whether your lawyer will appear at the Settlement Hearing to present your objection on your behalf.

Additionally, if you are represented by a lawyer, and your lawyer intends to seek compensation for his or her services from anyone other than you, your written objection letter must include:

k.  The identity of all lawyers that represent you, including any former or current lawyer who may be entitled to compensation for any reason related to the objection;

l.  A statement identifying all instances in which your lawyer or your lawyer's law firm objected to a class action settlement in the previous five (5) years, providing the case name, case number, and court;

m.  A statement identifying all agreements or contracts that relate to the objection or the process of objecting—whether written or oral—between you, your lawyer, and/or any other person or entity;

n.  A description of your lawyer's legal background and prior experience in connection with class action litigation; and

o.  A statement regarding whether your lawyer's compensation will be calculated on the basis of a lodestar, contingency, or other method; an estimate of the amount of fees to be sought; the factual and legal justification for any fees to be sought; the number of hours already spent by your lawyer and an estimate of the hours to be spent in the future; and the lawyer's hourly rate.

88.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

89.  If you object to the Settlement or the requested for attorneys' fees and/or reimbursement of Litigation Expenses, you subject yourself to the jurisdiction of the District Court in this matter and consent to being deposed in your district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Settlement Hearing

90.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

91.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before October 16, 2020**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

92.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶86 above so that the notice is *received* **on or before October 16, 2020**.

93.  The Settlement Hearing may be adjourned by the Court, or held telephonically, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time, and location on the settlement website, www.ApyxSecuritiesSettlement.com, given the potential for changes as a result of the COVID-19 pandemic.

94.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

95.  If you purchased or otherwise acquired shares of Apyx Securities between December 21, 2018 and April 1, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt

19

of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Pritchard v. Apyx Medical Corp., et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.05 plus postage per Postcard Notice mailed; or $0.05 per Postcard Notice transmitted by email; or $0.05 per name, mailing address, and emails address (to the extent available) provided to Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.ApyxSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-866-274-4004.

| **CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

96.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.ApyxSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *Pritchard v. Apyx Medical Corp., et al.*<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Suite 205<br>Media, PA 19063<br>866-274-4004<br>www.ApyxSecuritiesSettlement.com | and/or | Casey Sadler, Esq.<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>(888) 773-9224<br>settlements@glancylaw.com |
| --- | --- | --- |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: July 21, 2020                                              By Order of the Court
                                                                 United States District Court
                                                                 Middle District of Florida

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Toll Free Number: (866) 274-4004
Settlement Website: www.ApyxSecuritiesSettlement.com
Email: info@strategicclaims.net

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it through the settlement website listed above, **so that it is postmarked or submitted no later than December 16, 2020.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN APYX COMMON STOCK** | **6** |
| **PART IV – SCHEDULE OF TRANSACTIONS IN APYX CALL OPTIONS** | **7** |
| **PART V – SCHEDULE OF TRANSACTIONS IN APYX PUT OPTIONS** | **8** |
| **PART VI – RELEASE OF CLAIMS AND SIGNATURE** | **9** |

1

## **PART I – CLAIMANT INFORMATION**

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                           State            Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

Email address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[14]:

Claimant Account Type (check appropriate box):
☐      Individual (includes joint owner accounts)     ☐   Pension Plan     ☐   Trust
☐      Corporation                                  ☐   Estate
☐      IRA/401K                                    ☐   Other _____ (please specify)

---

[14] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.    This Claim Form is directed to all persons or entities that, during the period from December 21, 2018, through April 1, 2019, inclusive (the "Settlement Class Period"), purchased or otherwise acquired common stock of Apyx Medical Corporation ("Apyx Common Stock"), call options on Apyx Common Stock ("Apyx Call Options"), and/or sold put options on Apyx Common Stock ("Apyx Put Options") (together, the "Settlement Class").  Apyx Common Stock, Apyx Call Options, and Apyx Put Options are referred to collectively as "Apyx Securities."  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.    Excluded from the Settlement Class by definition are: (a) persons who suffered no compensable losses; and (b) Defendants; members of the Immediate Family of the Individual Defendant; the Officers and/or directors of Apyx; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a timely, valid request for exclusion that is accepted by the Court.

4.    If you are not a Settlement Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.    If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

6.    You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.    Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.    Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Apyx Securities.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Apyx Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note:  Only Apyx Common Stock and Apyx Call Options purchased/acquired, and Apyx Put Options sold, during the Settlement Class Period (i.e., from December 21, 2018, through April 1, 2019, inclusive) are eligible under the Settlement.  However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Apyx Common Stock during the period from April 2, 2019, through and including June 28, 2019, will be used for purposes of calculating your Recognized Loss under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to process your claim, the requested purchase and sale information during the 90-day look-back period must also be provided.

10.  You are required to submit genuine and sufficient documentation for all of your transactions and holdings

3

of the applicable Apyx Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Apyx Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12. All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Apyx Common Stock or Apyx Call Options, or sold Apyx Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a) expressly state the capacity in which they are acting;

   (b) identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Apyx Securities; and

   (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14. By submitting a signed Claim Form, you will be swearing that you:

   (a) own(ed) the Apyx Securities you have listed in the Claim Form; or

   (b) are expressly authorized to act on behalf of the owner thereof.

15. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17. PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, Strategic Claims Services, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may download the documents from the Settlement website, www.ApyxSecuritiesSettlement.com.

19. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions

4

may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.ApyxSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

**PART III – SCHEDULE OF TRANSACTIONS IN APYX COMMON STOCK**

Complete this Part III if and only if you purchased/acquired Apyx Common Stock during the period from December 21, 2018 through April 1, 2019, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Apyx Common Stock.

**1.  BEGINNING HOLDINGS –** State the total number of shares of Apyx Common Stock held as of the opening of trading on December 21, 2018.  (Must be documented.)  If none, write **"zero"** or **"0."** _____

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD –** Separately list each and every purchase/acquisition (including free receipts) of Apyx Common Stock from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019.  (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD –** State the total number of shares of Apyx Common Stock purchased/acquired (including free receipts) from after the opening of trading on April 2, 2019, through and including the close of trading on June 28, 2019.  If none, write **"zero"** or **"0."**[15] _____

**4.  SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD –** Separately list each and every sale/disposition (including free deliveries) of Apyx Common Stock from after the opening of trading on December 21, 2018, through and including the close of trading on June 28, 2019.  (Must be documented.) **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of Apyx Common Stock held as of the close of trading on June 28, 2019.  (Must be documented.)  If none, write **"zero"** or **"0."** _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

---

[15] **Please note**:  Information requested with respect to your purchases/acquisitions of Apyx Common Stock from after the opening of trading on April 2, 2019, through and including the close of trading on June 28, 2019, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

6

**PART IV– SCHEDULE OF TRANSACTIONS IN APYX CALL OPTIONS**

Complete this Part IV if and only if you purchased/acquired Apyx Call Options during the period from December 21, 2018, through April 1, 2019, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Apyx Call Options.

**1.  BEGINNING HOLDINGS** – Separately list all positions in Apyx Call Option contracts in which you had an open interest as of the opening of trading on December 21, 2018.  (Must be documented.)

**IF NONE, CHECK HERE**  ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Apyx Call Option contracts from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Purchased /Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise/ Assign Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3.  SALES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Apyx Call Options from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019. (Must be documented.)

**IF NONE, CHECK HERE**  ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |

| **4. ENDING HOLDINGS** – Separately list all positions in Apyx Call Option contracts in which you had an open interest as of the close of trading on April 1, 2019. (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN APYX PUT OPTIONS

Complete this Part V if and only if you sold (wrote) Apyx Put Options during the period from December 21, 2018, through April 1, 2019, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Apyx Put Options.

| **1. BEGINNING HOLDINGS** – Separately list all positions in Apyx Put Option contracts in which you had an open interest as of the opening of trading on December 21, 2018. (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale (writing) (including free deliveries) of Apyx Put Option contracts from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019. (Must be documented.)

| Date of Sale (Writing) (List Chrono-logically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise/Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |

8

| 3. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD – Separately list each and every purchase/acquisition (including free receipts) of Apyx Put Option contracts from after the opening of trading on December 21, 2018, through and including the close of trading on April 1, 2019.  (Must be documented.) | | | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/ Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| 4. ENDING HOLDINGS – Separately list all positions in Apyx Put Option contracts in which you had an open interest as of the close of trading on April 1, 2019.  (Must be documented.) | | | | | | IF NONE, CHECK HERE ○ |
| Strike Price of Put Option Contract | | Expiration Date of Put Option Contract (Month/Day/Year) | | Option Class Symbol | | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | | /    / | | | | |
| $ | | /    / | | | | |
| $ | | /    / | | | | |
| $ | | /    / | | | | |
| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ **IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED** | | | | | | |

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 10 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.   that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.   that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

9

3.    that I (we) own(ed) the Apyx Common Stock and Apyx Call Options and had an interest in the Apyx Put Options identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

5.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

6.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

7.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

8.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | |
|---|---|
| Signature of Claimant | Date |

Print your name here

| | |
|---|---|
| Signature of joint Claimant, if any | Date |

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

| | |
|---|---|
| Signature of person signing on behalf of Claimant | Date |

Print your name here

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 4 OF THIS CLAIM FORM.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at (866) 274-4004, or visit www.ApyxSecuritiesSettlement.com. Please DO NOT call Apyx or Individual Defendant Charles Goodwin or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN DECEMBER 16, 2020**, ADDRESSED AS FOLLOWS:

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063

**OR SUBMITTED ONLINE BY DECEMBER 16, 2020 AT WWW.APYXSECURITIESSETTLEMENT.COM.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before December 16, 2020 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

*Pritchard v. Apyx Medical Corp., et al.*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**