# EXHIBIT 8

## Exhibit 8

## Fee Awards in Comparable Eleventh Circuit Complex Cases

| | Settlement Amount | Fee Award |
|---|---|---|
| *Gutter v. E.I. Dupont De Nemours & Co.*, No. 95-cv-2152, 2003 U.S. Dist. LEXIS 27238, at *12 (S.D. Fla. May 30, 2003) | $77.5 million | 33⅓% |
| *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-md-1317, 2005 U.S. Dist. LEXIS 43082 at *22 (S.D. Fla. Apr. 19, 2005) | $72.5 million | 33⅓% |
| *City Pension Fund for Firefighters & Polic Officers in City of Miami Beach v. Aracruz Cellulose S.A.*, No. 08-cv-23317, slip op. at 7 (S.D. Fla. July 17, 2013) (Ex. A hereto) | $37.5 million | 33⅓% |
| *In re Walter Energy, Inc. Sec. Litig.*, No. 2:12-cv-00281-VEH, 2016 WL 7230505, at *1 (N.D. Ala. May 3, 2016) | $25 million plus expenses | 33% |
| *Thorpe v. Walter Inv. Mgmt. Corp.*, No. 1:14-cv-20880, 2016 WL 10518902, at *11 (S.D. Fla. Oct. 14, 2016) | $24 million | 33% |
| *Barba v. Shire U.S., Inc.*, No. 13-cv-21158, slip op. at ¶ 23 (S.D. Fla. Dec. 2, 2016) (Ex. B hereto) | $14.75 million | 35% |
| *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012) | $14.5 million | 33.3% |
| *In re NetBank, Inc. Sec. Litig.*, No. 1:07-CV-2298-TCB, 2011 WL 13353222, at *2 (N.D. Ga. Nov. 9, 2011) | $12.5 million | 34% |
| *In re Theragenics Corp. Sec. Litig.*, No. 1:99-cv-0141-TWT, slip op. at ¶ 14 (N.D. Ga. Sept. 29, 2004) (Ex. C hereto) | $10 million plus interest and expenses | 33⅓% |
| *Lunsford v. Woodforest Nat'l Bank*, 2014 WL 12740375, at *10 (N.D. Ga. May 19, 2014) | $7.75 million | 33% |
| *Legg v. Spirit Airlines, Inc.*, 2016 WL 8670162 at *3 (S.D. Fla. Aug. 2, 2016) | $7.5 million | 33% |
| *In re Profit Recovery Grp. Int'l, Inc. Sec. Litig.*, No. 1:00-CV-1416-CC, slip op. at 7-8 (N.D. Ga. May 26, 2005) | $6.75 million | 33.3% |
| *Smith v. Wm. Wrigley Co.*, No. 09-60646, slip op. at 4 (S.D. Fla. Nov. 8, 2010) (Ex. D hereto) | $6 million | 33.3% |

| | | |
|---|---|---|
| *Morgan v. Public Storage,* 301 F.Supp.3d 1237, 1257-8 (S.D. Fla. 2016) | $5 million | 33% |
| *In re Clarus Corp. Sec. Litig*., No. 1:00–CV–2841–CAP, slip op. at 7 (N.D. Ga. Jan. 6, 2005) (Ex. E hereto) | $4.5 million plus interest and expenses | 33⅓% |
| *In re Medirisk, Inc. Sec. Litig*., No. 1:98-CV-1922-CAP, slip op. at ¶ 12 ECF. No. 181 (N.D. Ga. Mar. 22, 2004) (Ex. F hereto) | $4 million | 33⅓% |
| *Reyes* v. *AT&T Mobility Servs., LLC*, 2013 WL 12219252, at *3 (S.D. Fla. June 21, 2013) | $3,287,500 | one-third |
| *In re The Maxim Group, Inc. Sec. Litig*., Civil Action No. 1:99-CV-1280-CAP, slip op. at 4 (N.D. Ga. July 20, 2004) (Ex. G hereto) | $3 million | one-third |
| *Wood v. J Choo USA, Inc*., 2017 WL 4304800, at *5 (S.D. Fla. May 9, 2017) | $2.5 million | 33.3% |
| *Waters v. Cook's Pest Control, Inc.*, 2012 WL 2923542, at *16 (N.D. Ala. July 17, 2012) | $2.5 million | 35% |
| *Mims* v. *Wells Fargo Home Mortg.*, No. 4:07-CV-14-WLS, 2015 WL 13449658 at *2 (M.D. Ga. Jan. 28, 2015) | $2.4 million | just under 33% |
| *Atkinson v. Wal-Mart Stores, Inc*., 2011 WL 6846747, at *7 (M.D. Fla. Dec. 29, 2011) | $2,020,000 | 33.3% "customary fee" |
| *Dear v. Q Club Hotel, LLC*, 2018 WL 1830793, at *3 (S.D. Fla. Mar. 14, 2018) | $1.2 million common fund plus $10 million in additional benefits | 33.3% |
| *Morefield v. NoteWorld, LLC*, 2012 WL 1355573, at *5 (S.D. Ga. Apr. 18, 2012) | $1,040,000 | 33.3% |

# EXHIBIT A

Case 8:19-cv-00919-S_B-AEP Document 68-8 Filed 10/02/20 Page 5 of 7 PageID 9
Case 1:08-cv-23317-JAL Document 201 Entered on FLSD Docket 07/19/2013 Page 1 of 9
1062

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CITY PENSION FUND FOR FIREFIGHTERS
AND POLICE OFFICERS IN THE CITY OF
MIAMI BEACH, Individually and on Behalf of
All Others Similarly Situated,

                Plaintiff,

v.

ARACRUZ CELULOSE S.A., CARLOS
ALBERTO VIEIRA, CARLOS AUGUSTO
LIRA AGUIAR, and ISAC ROFFE ZAGURY,

                Defendants.

Case No. 08-23317-CIV-LENARD

**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT
AND DISMISSING THE ACTION WITH PREJUDICE**

THESE MATTERS have come before the Court to determine whether the proposed

Settlement should be finally approved pursuant to the terms set forth in the Stipulation and

Agreement of Settlement and Release, dated January 23, 2013 (the "Stipulation"), relating to this

Action. The Court has considered all papers filed and proceedings had herein and otherwise is

fully informed in the premises, and after holding a Fairness Hearing on July 1, 2013, has

determined that the Settlement set forth in the Stipulation should be approved as fair, reasonable,

and adequate. The Court hereby enters this Order and Final Judgment, which constitutes a final

adjudication of this Action on the merits as to the Defendants. Good cause appearing therefore,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

    1.    The definitions of terms set forth in the Stipulation and in the Preliminary Order

entered by this Court on March 14, 2013 are hereby incorporated as though fully set forth in this

Final Judgment. Any inconsistencies between the terms of the Stipulation and this Final Judgment shall be resolved in favor of the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, over the Defendants, and over all Class Members, who are defined as all persons or entities who purchased Aracruz Celulose S.A. ("Aracruz" or the "Company") American Depositary Receipts ("ADRs") between April 7, 2008 and October 2, 2008, inclusive (the "Class Period"), and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of Aracruz and the directors, officers and employees of the Company or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

3. With respect to the Class, the Court finds for purposes of the Settlement only that: (a) the members of the Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims Lead Plaintiff asserted against the Defendants are typical of the claims of the Class against the Defendants; (d) Lead Counsel has fairly and adequately represented and protected the interests of the Class Members with respect to their claims against the Defendants; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims against the Defendants in the Action, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversies already commenced by Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular

2

forum; and (iv) the difficulties likely to be encountered in the management of the Action as a class action.

4.      The Notice and Publication Notice were approved by the Court in the Preliminary Order.  The notices, among other things, advised the Class Members of their right to appear and express their views on the fairness of the Settlement at the Fairness Hearing before the Court mentioned above.  The notices also advised Class Members of their right to exclude themselves from the Class.  No person(s) have submitted valid and timely requests for exclusion pursuant to the terms of the Notice.

5.      The Court hereby finally approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class, and within the authority of the Parties.  The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of their clients, and that it was negotiated with the assistance of an experienced mediator.  The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.      The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with the terms and provisions of the Stipulation.

7.      The Escrow Agent shall continue to serve as such for the Settlement Fund, until such time as all funds in the Settlement Fund are distributed pursuant to the terms of the Stipulation or further Court Order.

Case 8:19-cv-00919-S_B-AEP Document 68-8 on FilED 10/02/20 Page 8 of 77 PageID 9
Case 1.03-cv-23927-JAL Document 201 Entered on FLSD Docket 07/19/2019 Page 4 of 9
1065

8. The Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (Dkt. No. 30) is dismissed with prejudice as to the Defendants, with each party paying his, her or its own costs, except as provided in the Stipulation.

9. Upon Final Court Approval, the Releasing Parties, whether or not such party executes and delivers a Proof of Claim or otherwise shares in the Settlement Fund, (a) shall be deemed by operation of law to have fully, finally and forever, released, relinquished, waived, dismissed and forever discharged each and every Released Claim against the Released Parties, and (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, or assisting in the commencement or prosecution of, whether in the United States or elsewhere, any Released Claim against any Released Party.

10. Pursuant to the Private Securities Litigation Reform Act (PSLRA), as codified at 15 U.S.C. § 78u-4(f)(7)(A), every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in the Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law.

11. Upon Final Court Approval, the Released Parties (a) shall be deemed by operation of law to have fully, finally and forever, released, relinquished, waived, dismissed and forever

4

discharged each and every Released Defendants' Claim against Lead Plaintiff and/or its attorneys, and (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, or assisting in the commencement or prosecution of, whether in the United States or elsewhere, any Released Defendants' Claim against Lead Plaintiff and/or its attorneys.

12. The notice given to the Class was the best notice practicable under the circumstances, consisting of individual Notice mailed to all Class Members who could be identified through reasonable efforts and posted on the Settlement website, as well as a Publication Notice to all others. The Notice and Publication Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement, to all persons entitled to such notice, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. The Court hereby finds that all persons and entities who are Class Members were provided a full and fair opportunity to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Order, the Notice and Publication Notice, are bound by this Judgment.

13. Neither this Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact asserted in this Action or the validity of any claim that had been or could have been asserted in this Action or in

any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b) offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any Class Member as evidence of any infirmity in the claims of the Class;

(c) offered or received against the Released Parties or Releasing Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Released Parties or any Class Member as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against any Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Cash Settlement Amount.

6

Case 1:08-cv-23317-JAL Document 201 Entered on FLSD Docket 07/19/2013 Page 9 of 9

14. Lead Counsel are hereby awarded ___33⅓___ % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ __839,703.18__ in reimbursement of expenses, which shall be paid to Lead Counsel from the Settlement Fund.

15. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has resulted in the creation of the Settlement Fund of $37,500,000 that is already on deposit, and that numerous Class Members who submit valid Proofs of Claim will benefit from the Settlement achieved by Lead Counsel;

(b) 25,292 copies of the Notice were distributed to putative Class Members indicating that Lead Counsel was moving for attorneys' fees in an amount not to exceed 33⅓ percent of the Settlement Fund and for reimbursement of actual expenses, and zero objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses to be requested as disclosed in the Notice;

(c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) the Action involves complex legal and factual issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of these complex issues;

(e) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants; and

(f) the amount of attorneys' fees and expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

7

16.     The Court hereby awards the Lead Plaintiff reimbursement for its reasonable costs and expenses incurred in representing the Class during the prosecution of this Action in the amount of $ _40,000.00_ , which shall be paid from the Settlement Fund.

17.     This Final Judgment incorporates all terms and provisions of the Stipulation. Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over all matters relating to the administration, consummation and enforcement of the Settlement, including but not limited to the interpretation of the scope of the bar order contained in paragraphs 9 through 10 of this Final Judgment

18.     The Court finds, under Rules 54(a) and 54(b) of the Federal Rules of Civil Procedure, that this Final Judgment constitutes the final adjudication on the merits of the Action as to the Defendants and that there is no just reason for delay of entry of this Final Judgment.

19.     The Court finds that the Amended Complaint and all other pleadings, papers and motions were filed in good faith in accordance with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

20.     The Court finds that, pursuant to the Class Action Fairness Act of 2005, the Defendants provided timely and adequate notice of this Settlement to the appropriate state and federal officials.

21.     If the Settlement is terminated pursuant to the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Plaintiffs and the Defendants shall be deemed to

Case 8:19-cv-00919-SLB-AEP   Document 68-8   Filed 10/02/20   Page 13 of 77 PageID
1070
Case 1:08-cv-23317-JAL   Document 201   Entered on FLSD Docket 07/19/2013   Page 9 of 9

have reverted to their respective statuses in this Action as of November 16, 2012; and (c) any portion of the Settlement Fund previously paid or caused to be paid by Defendants, including, but not limited to, any funds disbursed in payment of litigation expenses and attorneys' fees, together with any interest actually earned or gains thereon, less any amounts for taxes paid or owing with respect to such interest income and/or gains and/or for notification costs and administrative expenses actually incurred and paid or payable, shall be returned by the Escrow Agent and/or Lead Counsel, as applicable, to Defendants within fifteen days after written notification of such event by Defendants, as specified in Paragraph 15 of the Stipulation.

22.     Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.     There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _July 17, 2013_
_Miami, Florida_               SO ORDERED:


_____
THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami-Dade Division**
**Case No.: 13-CV-21158-LENARD/GOODMAN**

MONICA BARBA, JONATHAN REISMAN, )
KAREN DEREUS, RAYNA DEREUS, JODI )
LEIT, MINDI LEIT, AND BARRIE AND )
BRIAN SHANAHAN, on behalf of themselves )
and all others similarly situated, )
                                  )
         Plaintiffs, )
                                    )
              v. )
                                    )
SHIRE U.S., INC., SHIRE LLC, and )
DOES 1-100, )
                                    )
         Defendants. )

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT,**
**GRANTING MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**
**AND OVERRULING OBJECTIONS TO THE SETTLEMENT; FINAL JUDGMENT**
**AND ORDER DISMISSING ACTIONS**

On April 11, 2016 this Court granted preliminary approval of the proposed class action settlement set forth in the April 7, 2016 Class Action Settlement Agreement ("the Agreement") between Monica Barba, Jonathan Reisman, Karen DeReus, Rayna DeReus, Jodi Leit, Mindi Leit, and Barrie Shanahan and Brian Shanahan on behalf of their minor child B.S., (collectively, "Plaintiffs"), individually and on behalf of a putative class of indirect purchasers of Adderall XR®, and Shire U.S., Inc. and Shire LLC (collectively, "Shire").[1] [D.E. 427].

On November 9, 2016, the Court held a duly noticed Fairness Hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, adequate and reasonable; (2) whether a judgment should be entered dismissing the Actions with prejudice; (3) whether and

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

Case 9:19-cv-00919-S_B-AEP   Document 68-1   Filed 10/02/20   Page 16 of 77 PageID
Case 1:13-cv-21158-JAL   Document 441   Entered on FLSD Docket 12/02/2016   Page 2 of 14
1073

in what amount to approve Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards; and (4) the objections to the Settlement presented by Patrick S. Sweeney, in pro se and on behalf of his son MKS, for whom Mr. Sweeny is the legal guardian, Steven F. Helfand, in pro se, and Daniel F. Bachman and Plaintiffs' response thereto [D.E. 435]. At the conclusion of the Fairness Hearing, the undersigned granted Plaintiffs' Motion for Final Approval [D.E. 429] and Motion for Attorneys' Fees, Costs and Service Awards [D.E. 430] and overruled the objections of Mr. Bachman [D.E. 433], Mr. Sweeney [D.E. 434] and Mr. Helfand [D.E. 431].

Accordingly, pursuant to Federal Rules of Civil Procedure 23 and 54 and based on the following relevant findings and conclusions, it is hereby **ORDERED, ADJUDGED, AND DECREED that:**

1.     This Final Judgment and Order of Dismissal with Prejudice hereby incorporates by reference the definitions in the Settlement Agreement among the parties to this Action on file with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.  As set forth in the Preliminary Approval Order [D.E. 427], dated April 11, 2016, the previously certified Settlement Class is defined as:

> All persons who, for personal or household use, purchased or paid for some or all of the purchase price for branded Adderall XR® from January 1, 2007 through April 11, 2016 ("the Claims Period") in the District of Columbia and the following states (collectively "the Territory"):
>
> Alabama, Arizona, California, Delaware, Florida, Georgia, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, New Jersey, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.
>
> Excluded from the Settlement Class are:

2

Case 9:19-cv-00919-S_B-AEP   Document 68-8   on   Filed 10/02/20   Page 17 of 77 PageID
Case 1:13-cv-21158-JAL   Document 441   Entered on FLSD Docket 12/09/2016   Page 3 of 14
1074

(i) third party payors;

(ii) persons and entities who purchased directly from Shire;

(iii) persons and entities who purchased only for resale purposes;

(iv) "Flat co-pay" or "Cadillac Plan" customers who only made fixed dollar-amount co-payments that do not vary between Adderall XR® and its generic equivalents;

(v) patients with insurance coverage that provided for a flat-rate co-pay provision;

(vi) governmental entities;

(vii) Shire, its officers, directors, affiliates, legal representatives, employees, predecessors, successors, subsidiaries, affiliates and assigns, and entities in which Shire has a controlling interest; and

(viii) the judges, justices, magistrates, or judicial officers presiding over this matter.

2. The Court has jurisdiction over this Action, over each of the parties and over all Settlement Class members.

3. The Court finds that the class previously certified continues to meet all the requirements of Fed. R. Civ. P. 23(a) and (b)(3). Class certification will be maintained for the purposes of effectuating the Settlement.

4. The Court has previously appointed the above-identified Plaintiffs as representatives of the Settlement Class.

5. The Court has also previously appointed the following Counsel for the Settlement Class ("Class Counsel"), and recognizes that they have continued to adequately and fairly represent the Settlement Class:

Conlee Whiteley, Esq. (*Pro Hac Vice*)
Allan Kanner (*Pro Hac Vice*)
**Kanner & Whiteley, LLC**
701 Camp Street
New Orleans, Louisiana 70130

Ruben Honik, Esq. (*Pro Hac Vice*)
Richard M. Golomb, Esq. (*Pro Hac Vice*)
David J. Stanoch, Esq. (*Pro Hac Vice*)
**Golomb & Honik, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102

3

Case 9:19-cv-00919-S_B-AEP   Document 68-1   Filed 10/02/20   Page 18 of 77 PageID
Case 1:13-cv-21158-JAL   Document 441   Entered on FLSD Docket 12/09/2016   Page 4 of 14
1075

Brian T. Ku, Esq. (Fla. # 610461)        Gillian L. Wade, Esq. (*Pro Hac Vice*)
Louis Mussman, Esq. (Fla # 597155)       Sara D. Avila, Esq. (*Pro Hac Vice*)
M. Ryan Casey, Esq. (*Pro Hac Vice*)     **Milstein Adelman Jackson Fairchild &**
**Ku & Mussman, P.A.**                   **Wade, LLP**
6001 NW 153rd Street, Ste. 100           10250 Constellation Boulevard 14th Floor
Miami Lakes, Florida 33041               Los Angeles, CA 90067

6.      The notice of settlement (in the form presented to this Court as Exhibits E, F, and G, attached to the Settlement Agreement [D.E. 423-1] (collectively, "the Notice") directed to the Settlement Class members, constituted the best notice practicable under the circumstances.  In making this determination, the Court finds that the Notice was given to potential Settlement Class members who were identified through reasonable efforts, published using several publication dates in *Better Homes and Gardens*, *National Geographic*, and *People* magazines; placed on targeted website and portal banner advertisements on general Run of Network sites; included in e-newsletter placements with *ADDitude*, a magazine dedicated to helping children and adults with attention deficit disorder and learning disabilities lead successful lives, and posted on the Settlement Website which included additional access to Settlement information and a toll-free number.  Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Settlement Class members with due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class members to make a claim, object to the Settlement or exclude themselves from the Settlement.

7.       The class notice program received a very good response resulting in the filing of over 23,400 claims which included over 855,000 prescriptions for Adderall XR®.

8.      Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class to participate in the

4

Case 9:19-cv-00919-S_B-AEP   Document 68-1   Filed 10/02/20   Page 19 of 77 PageID
Case 1:13-cv-21158-JAL   Document 441   Entered on FLSD Docket 12/09/2016   Page 5 of 14
1076

Fairness Hearing, it is hereby determined that all Settlement Class members are bound by this Final Order and Judgment, except those who properly excluded themselves from the Settlement.

9.      The Court has held a Fairness Hearing to consider the fairness, adequacy and reasonableness of the proposed Settlement.

10.      The Court has considered the objections filed by Mr. Bachman, Mr. Sweeney and Mr. Helfand and the additional arguments presented by Mr. Helfand at the Fairness Hearing, as well as arguments of Class Counsel during the hearing and in their opposition brief.

11.      Mr. Bachman, by and through counsel, filed an objection [D.E. 433], arguing *inter alia* that the claims process was inadequate, plaintiffs lack standing, the settlement is both over inclusive and under inclusive, the Settlement payments to the Class members are inadequate, and the requested  attorneys' fees are excessive.  Mr. Sweeney, who is himself an attorney, filed an objection on his own behalf and on behalf of his son MKS [D.E. 434] arguing *inter alia* that the claims administration process lacks reliable oversight, that the Court should adopt, as a best practice standard, withholding attorneys' fees during the claims process, that the attorneys' fees are too high in relation to the 431 docket entries in the case and relief provided to the Class, and that insufficient documentation was provided to the Class.  Class Counsel responded that the objections are without merit, are largely mischaracterizations of the Settlement Agreement and are consistent with if not identical to objections made by the same counsel in prior unrelated cases. *See*  D.E. 435.

12.      The Court hereby overrules the objections of Mr. Bachman and Mr. Sweeney finding that they were not made in good faith, are frivolous and are not related to the Settlement at issue.

13. Mr. Helfand, in his filing, argued that the Settlement released claims for personal injury, and that the attorneys' fees and costs were excessive. During the Fairness Hearing, Mr. Helfand, himself an attorney, acknowledged there was in fact no release of personal injury claims and that his objection was incorrect, but additionally argued, *inter alia*, that class notice was deficient, that the *cy pres* award is unsupported, that counsel lacked sufficient information as to total number of claims and damages and that a special master should be appointed. Mr. Helfand further acknowledged that he had no objection to what he would receive as a class member under the Settlement and that he is a professional objector to class settlements. Class Counsel addressed each of these arguments at the Fairness Hearing and in their opposition brief. [D.E. 435].

14. The Court hereby overrules the objections of Mr. Helfand as to the Setttlement, presented in both his filing and during the Fairness Hearing, finding that the objections have no basis. The notice plan was properly effectuated as set forth in the Notice Plan approved by the Court and resulted in a class notice that was fair, adequate and reasonably calculated to apprise Class Members of the pendency of the Settlement and its benefits and consequences.

15. The Court further overrules Mr. Helfand's objections as to the attorneys' fees and costs finding Class Counsel provided fair and reasonable work, without inflated times or rates, and within the norms of a litigation and settlement requiring this amount of effort and level of complexity.

16. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, adequate, and reasonable in light of the factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), as follows:

(a) the Settlement was not the product of collusion between Plaintiffs and Shire or their respective counsel, but rather was the result of bona fide and arms'- length negotiations before an experienced mediator, conducted in good faith between Class Counsel and Shire;

(b) this case was highly complex, expensive, and time consuming, and would have continued to be so if the case had not settled;

(c) discovery is complete and the factual record of the Action has been sufficiently developed to enable Class Counsel to make a reasoned judgment;

(d) Class Counsel and the Settlement Class would have faced numerous and substantial risks in establishing liability, causation, and damages if they had decided to continue to litigate rather than settle;

(e) the benefits provided by the Settlement are fair, adequate, and reasonable compared to the range of possible recovery; and

(f) the opinions of Class Counsel, the Plaintiffs, and absent Settlement Class members favor approval of the Settlement.

Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

17. The Action (as captioned above) is hereby dismissed with prejudice, as provided in the Settlement Agreement, and without costs, except as provided for herein and in the Settlement Agreement.

18. The Court approves the parties' plan to distribute the Net Settlement Fund, with 74%, allocated in full to Settlement Class members who purchased Adderall XR® between and including January 1, 2007 and March 31, 2009, and 26%, allocated in full to Settlement Class

7

members who purchased Adderall XR® between April 1, 2009 and April 11, 2016, pro rata, based on Settlement Class members' purchases of Adderall XR® within each period, and finds that the distribution plan does so fairly and efficiently. KCC, the firm retained by Class Counsel as the Settlement Administrator, shall distribute the Net Settlement Fund in the manner provided in the Settlement Agreement dated April 7, 2016, and as previously approved in the Preliminary Approval Order [D.E. 427]. The Court further approves the parties' *cy pres* program, in which, any funds remaining in the Net Settlement Fund after payments are made to Qualified Class Members, shall be distributed to C.H.A.D.D—Children and Adults with Attention Deficit Disorders—a national non-profit organization working to improve the lives of affected people through education, advocacy, and support.

19.  Except as otherwise provided in paragraph 1.9 of the Settlement Agreement, upon the Effective Date, Shire, its parents, subsidiaries, and affiliates, whether direct or indirect, the predecessors and successors of each of them, and their respective divisions, affiliates, joint ventures, stockholders, officers, directors, supervisory or advisory boards, insurers, general or limited liability partners, employees, agents, trustees, associates, attorneys or legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties"), shall be unconditionally, fully, and finally released and forever discharged from all manner of claims, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, accrued in whole or in part, in law or equity, that Plaintiffs or any members of the Settlement Class (including any of their past, present, and future officers, directors, insurers, general or limited liability partners, divisions, stockholders, agents, attorneys, employees, legal

8

representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors") whether or not they object to the Settlement and whether or not they make a claim or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or under the federal antitrust laws or under the antitrust, trade regulation, or consumer protection laws, and common law, of any of the following jurisdictions: the District of Columbia and the states of Alabama, Arizona, California, Delaware, Florida, Georgia, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, New Jersey, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, and relating in any way to any conduct alleged or asserted in any complaints filed by Plaintiffs in this Action or any other complaint filed by Plaintiffs, including any alleged delay in the manufacture, marketing or sale of any generic, or AG version of Adderall XR®, or any alleged overcharges in copays for Adderall XR® or any generic versions thereof, before the Effective Date (the "Released Claims"). Claims for personal injury are specifically excluded from the Released Claims.

20. In addition, Plaintiffs and each Settlement Class member, on behalf of themselves and all other Releasors, hereby expressly waive, release, and forever discharge, upon the Settlement becoming final, any and all provisions, rights, and benefits, if any, conferred by §1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which

9

Case 8:19-cv-00919-AS_B-AEP Document 68-8 Filed 10/02/20 Page 24 of 77 PageID
Case 1:13-cv-21158-JAL Document 441 Entered on FLSD Docket 12/02/2016 Page 10 of 14
1081

if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

21.     Each Settlement Class member may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of paragraph 1.8 of the Settlement Agreement, but each Settlement Class member hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or noncontingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Each Settlement Class member also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

22.     The releases set forth in paragraphs 19, 20, 21 of this Order shall not release any claims for personal injury.

23.     Upon consideration of Class Counsel's petition for fees, costs, and expenses, Ku & Mussman, P.A., Golomb & Honik, P.C., Kanner & Whiteley, LLC, and Milstein Adelman Jackson Fairchild & Wade, LLP, on behalf of all counsel for the Settlement Class, are hereby awarded attorneys' fees totaling 35% ($5,162,500) of the Settlement Fund, and costs and expenses, to be paid solely from the Settlement Fund and only if and after the Settlement

Case 8:19-cv-00919AS B-AEP Document 68-8 Filed 10/02/20 Page 25 of 77 PageID 14
Case 1:13-cv-21158-JAL Document 441 Entered on FLSD Docket 12/02/2016 Page 11 of 14
1082

becomes final in accordance with paragraph 1.5 of the Settlement Agreement. In evaluating a request for fees and reimbursement of expenses, courts in this district generally consider the factors set forth in *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 772 n.3 (11th Cir. 1991) (citation omitted). The Court finds that the following *Camden I* factors, *inter alia*, support awarding the requested fees:

      (a) the claims against Shire required substantial time and labor;

      (b) there were novel and difficult issues in the case, which required skilled and talented lawyers;

      (c) Class Counsel were precluded from other employment as a result of taking this Action;

      (d) the requested fee is customary and comports with fees awarded in similar cases;

      (e) Class Counsel undertook numerous and significant risks on behalf of members of the Settlement Class with no guarantee that they would be compensated; and

      (f) Class Counsel obtained a desirable result.

24.     Specifically, the Court finds that this was a very hard fought litigation and the Court acknowledges the amount of effort and complexity involved in the Settlement Agreement proposed to the Court. Class Counsel appropriately staffed the case with experienced counsel using reasonable rates and hours within the norms per which this litigation and Settlement proceeded. Further the Court finds that the 35% request of attorneys' fees agreed to by the Parties is fair and reasonable pursuant to the amount of work that went into the litigation of the case and Class Counsel's continued management of the administration and payment of Class

Case 8:19-cv-00919-AS_B-AEP Document 68-8 on FLSD Docket 12/02/2016 Page 26 of 77 PageID 14
Case 1:13-cv-21158-JAE Document 441 Entered on FLSD Docket 12/02/2016 Page 12 of 14
1083

Member claims and their representation of Class Members in this process. The attorneys' fees and costs requested include any fees and costs incurred after the filing of the Motion for Attorneys' Fees, Costs and Service Awards, including those incurred to prepare for and attend the Fairness Hearing.

25.     The Court further finds that litigation costs in the amount of $1,336,278.56, set forth in detail in [D.E. 430], are reasonable and fair based upon the extensive litigation over a three year period and the six experts that were required to be brought forth by Plaintiffs in the prosecution of their case.

26.     Service awards "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006). Upon consideration of Class Counsel's petition for service awards for Plaintiffs in this Action and the named plaintiffs in the *Netwall*, *Peluso*, and *Hartenstine* Actions, and with the acknowledgement of their efforts to come forward and act as Plaintiffs in this case, Plaintiffs are hereby awarded service awards as follows:

- Monica Barba – $5,000

- Jonathan Reisman – $5,000

- Karen DeReus – $2,500

- Rayna DeReus – $2,500

- Jodi Leit – $2,500

- Mindi Leit – $2,500

- Barrie and Brian Shanahan – $2,500

- Allyson Netwall – $2,500

Case 0:19-cv-00919-AS_B-AEP   Document 441   Entered on FLSD Docket 12/02/2016   Page 19 of 14
Case 1:13-cv-21155-JAL   Document 68-8   Filed 10/02/20   Page 27 of 77 PageID
1084

- Jessica Hartenstine – $2,500

- Rosemary Autrey – $2,500

- Jayme Dearing – $2,500

- Samantha Peluso – $2,500

The service awards above are to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 1.5 of the Settlement Agreement.

18.     Within five (5) Business Days after the Settlement becomes final pursuant to paragraph 1.5 of the Settlement Agreement and in accordance with the terms of the Settlement Agreement and the Escrow Agreement, the Escrow Agent shall distribute the attorneys' fees, costs, and expenses, and service awards authorized and approved by this Final Judgment and Order, and any related orders, to Kanner & Whiteley, LLC who will be responsible for distributing the service awards to Plaintiffs named herein and for distributing the attorneys' fees, costs and expenses to Class Counsel named herein in accordance with their respective agreements.

19.     The attorneys' fees, costs and expenses, and service awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Settlement Class member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and service awards, and Plaintiffs and members of the Settlement Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or service awards from any source other than the Settlement Fund.

20.     The Released Parties (as defined in paragraph 1.8 of the Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or

13

Case 8:19-cv-00919AS_B-AEP   Document 68-8   Filed 10/02/20   Page 28 of 77 PageID
Case 1:13-cv-21158-JAE   Document 441   Entered on FLSD Docket 12/02/2016   Page 14 of 14
1085

disbursement of attorneys' fees, expenses, costs, or service awards among Class Counsel and/or Plaintiffs, nor with respect to any allocation of attorneys' fees, expenses, costs, or service awards to any other person or entity who may assert any claim thereto.

21.     The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

22.     The parties shall continue to comply with all obligations regarding the confidentiality and destruction of discovery material from the Action.

23.     The Court finds that this Final Judgment and Order adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreement (including the members of the Settlement Class), and is final and shall be immediately appealable.  Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission of liability by Shire or any other Released Party, nor shall either the Settlement Agreement, this Order or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Order or if offered by any Released Party in responding to any action purporting to assert Released Claims.

        **DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of December, 2016.

_Joan A. Lenard_
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT C

Case 8:19-cv-00919-S-B-AEP   Document 68-8   Filed 10/02/20   Page 30 of 77 PageID
Case 1:99-cv-00141-TWT   Document 143   Filed 09/29/04   Page 1 of 28
1087

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

_____

)
**IN RE THERAGENICS CORP.**      )    **Civil Action No.**
**SECURITIES LITIGATION**      )    **1:99-CV-0141 (TWT)**
_____    )

## <u>ORDER AND FINAL JUDGMENT</u>

This matter is before the Court on the Parties' proposed class action

settlement. The proposed settlement encompasses the following cases

pending before the Court:

> <u>MCV Sales Inc. Profit Sharing Plan & Trust Dtd.
> 6/16/75 v. Theragenics Corp., et al.</u>, Civil Action
> No. 1:99-CV-0141 (TWT);
>
> <u>Sidney Fielden v. Theragenics Corp., et al.</u>, Civil
> Action No. 1:99-CV-0175 (TWT);
>
> <u>Daniel Kursman v. Theragenics Corp., et al.</u>, Civil
> Action No. 1:99-CV-0201 (TWT);
>
> <u>Bruce B. Bernstein v. Theragenics Corp., et al.</u>,
> Civil Action No. 1:99-CV-0205 (TWT);
>
> <u>Geraldine Byers v. Theragenics Corp., et al.</u>, Civil
> Action No. 1:99-CV-0253 (TWT);
>
> <u>Howard B. Marks v. Theragenics Corp., et al.</u>,
> Civil Action No. 1:99-CV-0271 (TWT);
>
> <u>Alexander T. Kowalski v. Theragenics Corp., et
> al.</u>, Civil Action No. 1:99-CV-0354 (TWT);
>
> <u>Sara Cheeseman v. Theragenics Corp., et al.</u>, Civil
> Action No. 1:99-CV-0407 (TWT);

Case 8:19-cv-00919-S-B-AEP Document 68-8 Filed 10/02/20 Page 31 of 77 PageID
Case 1:99-cv-00141-TWT Document 143 Filed 09/29/04 Page 2 of 28 PageID
1088

> Jerry L. Jensen v. Theragenics Corp., et al., Civil
> Action No. 1:99-CV-0425 (TWT);
>
> Joseph S. Butler v. Theragenics Corp., et al., Civil
> Action No. 1:99-CV-0443 (TWT); and
>
> Robert L. Thomas, Jr. v. Theragenics Corp., et al.,
> Civil Action No. 1:99-CV-0488 (TWT).

The above actions have been consolidated for all purposes under the caption In re Theragenics Corp. Securities Litigation, Civil Action No. 1:99-CV-141 (TWT) (the "Action").

The Parties have submitted a Stipulation and Agreement of Settlement dated July 27, 2004 (the "Stipulation") that, together with the exhibits accompanying the Stipulation, sets forth the terms and conditions for settlement and dismissal of the Action with prejudice. Having read and considered the Stipulation (the defined terms of which are incorporated herein) and the exhibits annexed thereto and having conducted a hearing on September 29, 2004 to determine: whether the terms and conditions of the Stipulation are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Action, including the release of the Defendants and the Released Parties, and should be approved; whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Class Members who have not requested exclusion

Case 8:19-cv-00919-S-B-AEP-TWP Document 68-8-43 Filed 10/02/20 Page 32 of 77 PageID
Case 2:95-cv-00141-TWP Document 143 Filed 09/25/04 Page 32 of 28 PageID
1089

therefrom; whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Class Members; and whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Theragenics Corporation ("Theragenics") during the period between January 29, 1998 and January 11, 1999, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Theragenics' transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation, it is ORDERED and ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter of the Action,

Case 8:19-cv-00919-S-B-AEP-TWP Document 68-8 43 Filed 10/02/20 Page 33 of 37 PageID
Case 1:99-cv-00141-TWP Document 143 Filed 09/29/04 Page 4 of 28 PageID
1090

the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: the number of Class Members is so numerous that joinder of all members thereof is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representatives are typical of the claims of the Class they seek to represent; the Class Representatives have and will fairly and adequately represent the interests of the Class; the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Theragenics Corporation during the period between January 29, 1998 and January 11, 1999, inclusive, and who were damaged thereby. Excluded from the Class are the Defendants, the officers and directors of Theragenics at all relevant times, members of the immediate families, and the legal representatives, heirs, successors or assigns of Defendants and the officers and directors of

Case 8:19-cv-00919-S-B-AEP-TWP Document 68-8143 Filed 10/02/20 Page 34 of 77 PageID
Case 1:95-cv-00141-TWP Document 143 Filed 09/25/04 Page 34 of 28 PageID
1091

Theragenics and any entity in which Defendants have or had a controlling interest.

4.   Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.   The Action, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against any and all of the Defendants.

6.   As used in this Order and Final Judgment, the terms "Settled Claims," "Released Parties," and "Settled Defendants' Claims" shall have

Case 8:19-cv-00919-S-B-AEP Document 68-3 Filed 10/02/20 Page 35 of 77 PageID
Case 1:95-cv-00141-TWP Document 143 Filed 09/25/04 Page 6 of 28 PageID
1092

the meanings specified below:

(a) "Released Parties" means any and all of the Defendants, their employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, underwriters, associates (as defined by SEC Rule 12b-2), personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family; and shall include any individual, group, or entity who directly or indirectly participated in the dissemination of information about Theragenics or who directly or indirectly is responsible for any of the damages alleged in the SAC, CAC or in any of the complaints filed in the Action.

(b) "Settled Claims" means collectively any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law

Case 8:19-cv-00919-S-B-AEP-TWP Document 68-843 Filed 10/02/20-04 Page 36 of 37 PageID
Case 1:95-cv-00141-TWP Document 143 Filed 09/25/04 Page 76 of 28 PageID
1093

or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), that have been asserted in the Action by the Class Members or any of them against any of the Released Parties, or that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties and that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase of shares of the common stock of Theragenics during the Class Period.

(c) "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

Case 2:95-cv-00141-TWP Document 143 Filed 09/29/04 Page 37 of 28
1094

(d)    "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled

Case 8:19-cv-00919-S-B-AEP Document 68-843 Filed 10/02/20 Page 38 of 77 PageID
Case 1:95-cv-00141-TWP Document 143 Filed 09/29/04 Page 3 of 28 PageID
1095

Defendants' Claims was separately bargained for and was a key element of the Settlement.

7. Upon the Effective Date hereof, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of law shall have, on behalf of themselves and the successors and assigns of any of them, fully, finally, and forever released, relinquished, and discharged all Settled Claims, whether or not such Class Member executed and delivers the Proof of Claim and Release.

8. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have fully, finally and forever released, relinquished and discharged all Settled Defendants' Claims.

9. Lead Plaintiffs, each Class Member, and the successors and assigns of any of them are barred and enjoined forever from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

10. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether

Case 1:99-cv-00141-TWP Document 143 Filed 09/29/04 Page 10 of 28

arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties, against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

11. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of

Case 8:19-cv-00919-SB-AEP w Document 68-8-13 Filed 10/02/20 Page 40 of 77 PageID
Case 1:99-cv-00141-TWP Document 143 Filed 09/29/04 Page 11 of 28 PageID
1097

a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)    offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)    construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

12.    The Plan of Allocation is approved as fair and reasonable, and

Case 8:19-cv-00049-SB-AFP Document 68-8 Filed 10/02/20 Page 41 of 77 PageID
Case 1:99-cv-00141-TWP Document 143 Filed 09/29/04 Page 12 of 28 PageID
1098

Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Plaintiffs' Counsel are hereby awarded 33 1/3% of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $477,336.51 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $10 million in cash that is already on deposit, plus interest thereon and that numerous Class

Case 8:19-cv-00919-S-B-AEP-W Document 68-8 Filed 10/02/20 Page 42 of 77 PageID
Case 1:99-cv-00141-TWP Document 143 Filed 09/29/04 Page 13 of 28 PageID
1099

Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     Over 30,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of not greater than one-third (33 1/3%) of the Settlement Fund and for reimbursement of expenses in an amount not to exceed $600,000, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The Action involves complex factual and legal issues and was actively prosecuted over five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f)     Plaintiffs' Counsel have devoted over 9,250 hours, with a lodestar value of $3,052,255.25, to achieve the Settlement; and

Case 8:19-cv-00919-SDB-AEP Document 68-8 Filed 10/02/20 Page 43 of 77 PageID
Case 1:99-cv-00141-TWP Document 143 Filed 09/29/04 Page 14 of 28
1100

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

16.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

So ordered this 29th day of September, 2004.

/s/Thomas W. Thrash
Thomas W. Thrash, Jr.
United States District Court Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60646-CIV-COHN/SELTZER

CAROL D. SMITH, on Behalf of Herself
and All Others Similarly Situated,

Plaintiff,

vs.

WM. WRIGLEY JR. COMPANY,

Defendant.

_____/

**JUDGMENT, FINAL ORDER AND DECREE**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Approval of Settlement, and for Attorneys' Fees and Expenses [DE 92] ("Motion"). The Court has carefully considered the Motion, the Stipulation of Settlement [DE 84], the Class Member Objections [DE 95, 96], Plaintiff's Reply in Support of Final Approval of Settlement and For Attorney's Fees and Expenses [DE 99], Defendant's Submission in Support of Approval of Class-Action Settlement [DE 98-1], the argument of counsel on November 5, 2010, and the record in this case, and is otherwise advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      This Judgment incorporates by reference the definitions in the Stipulation of Settlement filed on June 1, 2010 ("Stipulation"), attached as Exhibit A, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

- 1 -

Case 8:19-cv-00919-SCB-AEP Document 68-8 Filed 10/02/20 Page 46 of 77 PageID
Case 0:09-cv-60646-JIC Document 102 Entered on FLSD Docket 11/09/2010 Page 2 of 5
1103

2.      The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3.      Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3), the Court hereby certifies the following Class:

> All persons who purchased in the United States the Product at any time up to the date notice was provided to the Class. Excluded from the Class are Defendant's officers, directors and employees, and those who purchased the Product for the purpose of resale.

4.      Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5.      Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiff in the Litigation, Carol D. Smith, is a member of the Class, her claims are typical of the Class, and she fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation. Accordingly, the Court hereby appoints Carol D. Smith as class representative.

6.      The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7.      Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

Case 8:19-cv-00919-SCB-AEP Document 68-8 Filed 10/02/20 Page 47 of 77 PageID
Case 0:09-cv-60646-JIC Document 102 Entered on FLSD Docket 11/09/2010 Page 3 of 5
1104

8.      The Court directed that Class Notice be given to Class members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Class Action Settlement Administrator caused to be posted and mailed or emailed to identified potential Class members who so requested the Notice of Class Action Settlement, which is Exhibit B to this Judgment, and caused to be published the Publication Notice of the proposed settlement, which is Exhibit C to this Judgment (together the "Class Notice"). The Declaration of Timothy G. Blood in Support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Award Payment, attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class members of the terms of the settlement; of the Settlement Hearing, and their right to appear at such Settlement Hearing; of their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

9.      The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

10.      Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Rodney A. Max of Upchurch Watson White & Max. Approval of the

Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

11.     All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

12.     None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Wrigley Litigation.

13.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiff initiated the Litigation, acted to protect the Class, and assisted her counsel. The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $2.0 million in attorneys' fees, and to recover $56,256.48 in expenses incurred in the Litigation. Further, Plaintiff is entitled to an incentive award of $10,000.

14.     The Court hereby dismisses with prejudice the action, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

15.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

16.     The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter this Judgment forthwith.

Case 0:09-cv-60646-JIC   Document 102   Entered on FLSD Docket 11/08/2010   Page 5 of 5

17.     The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation.

18.     Plaintiff's Motion for Final Approval of Settlement, and for Attorneys' Fees and Expenses is hereby **GRANTED**. The Class Member Objections are hereby **OVERRULED**.

19.     All pending motions in the above-captioned case are **DENIED** as moot. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this _8th_ day of November, 2010.

**JAMES I. COHN**
**United States District Judge**

Copies provided to:
Counsel of record via CM/ECF

# EXHIBIT E

Case 8:19-cv-00919-S_B-AEP     Document 68-8     Filed 10/02/20     Page 50 of 77 PageID
1107

Case 8:19-cv-00910-S-B-AEP-CAP Document 68-8 Filed 10/02/20 Page 51 of 77 PageID
Case 2:00-cv-02841-CAP Document 348 Filed 01/06/05 Page 1 of 10 PageID
1108

1-6-05
FILED IN OPEN COURT
Luther D. Thomas, Clerk
By:
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE CLARUS CORPORATION SECURITIES LITIGATION | CASE NO. 1:00-CV-2841-CAP |
|---|---|

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the sixth day of January, 2005, this matter came before the Court for

hearing pursuant to the Order of this Court dated November 19, 2004 ("the

"Order") to determine: (1) whether the terms and conditions of the Stipulation and

Agreement of Settlement dated August 3, 2004 (the "Stipulation") are fair,

reasonable and adequate for the settlement of all claims asserted by the Settlement

Class against the Defendants in the Complaint now pending in this Court under the

above caption, including the release of the Defendants and the Released Parties,

and should be approved; (2) whether judgment should be entered dismissing the

Complaint on the merits and with prejudice in favor of the Defendants and as

against all persons or entities who are members of the Settlement Class herein who

have not requested exclusion therefrom; (3) whether to approve the Plan of

Allocation as a fair and reasonable method to allocate the settlement proceeds

among the members of the Settlement Class; and (4) whether and in what amount

Case 8:19-cv-00910-S-B-AEP Document 68-8 Filed 10/03/05 Page 52 of 77 PageID
Case 2:00-cv-02841-CAP Document 348 Filed 01/06/05 Page 52 of 77 PageID
1109

to award Plaintiffs' Counsel fees and reimbursement of expenses; the Court having

considered all matters submitted to it at the hearing and otherwise; and it appearing

that due and adequate notice having been given to the Settlement Class as required

in the Order; and the Court having considered and determined the fairness and

reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions used in the

Stipulation and all terms used herein shall have the same meanings as set forth in

the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, the

Plaintiffs, all Settlement Class Members, and the Defendants.

3. The Court finds that with respect to the Settlement Class, the

prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been

satisfied in that: (a) the number of Settlement Class Members is so numerous that

joinder of all members thereof is impracticable; (b) there are questions of law and

fact common to the Settlement Class; (c) the claims of the Settlement Class

Representatives are typical of the claims of the Settlement Class they seek to

represent; (d) the Settlement Class Representatives have and will fairly and

adequately represent the interests of the Settlement Class; (e) the questions of law

and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action for purposes of this Settlement on behalf of all persons and entities who purchased or otherwise acquired Clarus Corporation ("Clarus") common stock between December 8, 1999 and October 25, 2000, inclusive (the "Settlement Class"). Excluded from the Settlement Class are Defendants, members of each Individual Defendant's immediate family, any entity in which Defendants or any excluded person has or had a controlling interest, the officers and directors of Clarus, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. Also excluded from the Settlement Class are the persons and/or entities who requested exclusion from the Settlement Class as listed on Exhibit A annexed hereto.

5.      Notice of the Pendency of this Action as a Class Action and of the Proposed Settlement was the best practicable notice under the circumstances, including individual notice given to all Settlement Class Members who could be

3

Case 8:19-cv-00919-S-B-AEP Document 68-8 Filed 10/02/05 Page 54 of 77 PageID
Case 2:00-cv-02841-CAP Document 348 Filed 01/06/05 Page 4 of 10
1111

identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995.

6. The Settlement is approved as fair, reasonable and adequate, and the Settlement Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

8. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release, and such Settlement Class Members are permanently enjoined from filing or pursuing any Released Claim against any Released Party.

4

9.      Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Settled Defendants' Claims.

10.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)     offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)     offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence,

5

Case 8:19-cv-00910-S-B-AEP Document 68-8 Filed 10/02/05 Page 56 of 77 PageID
Case 2:00-cv-02841-CAP Document 348 Filed 01/06/05 Page 56 of 10
1113

fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)  construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)  construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

11.  The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

6

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Lead Plaintiff John Nittolo is hereby awarded $ 6,000, Lead Plaintiff T.F.M. Investment Group is hereby awarded $ 8,950, Lead Plaintiff Ronald Williams is hereby awarded $ 13,750, and Plaintiff William Dell is hereby awarded $ 1,680, for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class, which amounts shall be paid to them from the Settlement Fund.

14. Plaintiffs' Counsel are hereby awarded 33 1/3% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ 523,406.54 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

7

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $4.5 million ($4,500,000) in cash that is already on deposit, plus interest thereon and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 57,757 copies of the Notice were disseminated to putative Settlement Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to $33\frac{1}{3}\%$ of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $550,000 and for awards to Plaintiffs John Nittolo, T.F.M. Investment Group, Ronald Williams, and William Dell for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class, in an amount not to exceed $35,000 collectively, to be paid solely from the Settlement Fund, subject to approval by the Court as permitted pursuant to 15 U.S.C. §78u-4(4), and only three objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

8

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

(f)     Plaintiffs' Counsel have devoted over 13,009.2 hours, with a lodestar value of $4,133,312.50, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

16.     Without affecting the finality of this Judgment in any way, exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with

9

Case 8:19-cv-00019-S-BeAER-CAP Document 68-8 Filed 10/02/20 Page 60 of 77 PageID
Case 1:00-cv-02841-CAP Document 148 Filed 01/06/05 Page 10 of 10
1117

administering and distributing the settlement proceeds to the members of the

Settlement Class.

17.   Without further order of the Court, the parties may agree to reasonable

extensions of time to carry out any of the provisions of the Stipulation.

18.   There is no just reason for delay in the entry of this Order and Final

Judgment and immediate entry by the Clerk of the Court is expressly directed

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## IT IS SO ORDERED

Dated:      Atlanta, Georgia

_____, 2005

_____

The Honorable Charles A. Pannell, Jr.
Judge, United States District Court
Northern District of Georgia
Atlanta Division

10

# EXHIBIT F

Case 8:19-cv-00919-S-B-AEP Document 69-8 Filed 10/02/20 Page 62 of 77 PageID
Case 1:98-cv-01922-CAP Document 181 Filed 03/22/04 Page 1 of 18
1119


FILED IN OPEN COURT
Luther D. Thomas, Clerk
By: _____
Deputy Clerk



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE MEDIRISK, INC., | ) |
| SECURITIES LITIGATION | ) C.A. No. 1:98-CV-1922-CAP |
| | ) |

## ORDER AND FINAL JUDGMENT

On the 22nd day of March, 2004, a hearing having been held before this

Court to determine: (1) whether the terms and conditions of the Stipulation and

Agreement of Settlement dated December 17, 2003 (the "Stipulation") are fair,

reasonable and adequate for the settlement of all claims asserted by the Class

against the Defendants in the Complaint now pending in this Court under the above

caption, including the release of the Defendants and the Released Parties, and

should be approved; (2) whether judgment should be entered dismissing the

Complaint on the merits and with prejudice in favor of the Defendants and as

against all persons or entities who are members of the Class herein who have not

requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a

fair and reasonable method to allocate the settlement proceeds among the members

of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees

and reimbursement of expenses. The Court having considered all matters



submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to (a) all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Medirisk, Inc. ("Medirisk") during the period from May 4, 1998 through and including June 30, 1998 (the "Class Period"); and (b) all persons or entities reasonably identifiable, who purchased or otherwise acquired Medirisk common stock issued in a secondary public offering pursuant to, or traceable to, a registration statement and prospectus that became effective on June 11, 1998, except those persons or entities excluded from the definition of the Class, as shown by the records of Medirisk's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

2

1.     The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members, and the Defendants.

2.     The Court finds that the prerequisites for a class action under Rules 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of (a) all persons who purchased or otherwise acquired the common stock of Medirisk during the period from May 4, 1998 through and including June 30, 1998; and (b) all persons who purchased or otherwise acquired Medirisk common stock issued in a secondary public offering pursuant to, or traceable to, a registration statement and prospectus made effective on June 11, 1998.  Excluded from the Class are the following: the

3

Individual Defendants, the Underwriter Defendants; members of the immediate family of each of the Individual Defendants; any subsidiary or affiliate of Medirisk and the directors, officers and employees of Medirisk or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest; and, the legal representatives, heirs, successors and assigns of any excluded person and/or entity. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit A annexed hereto.

4. Notice of the Pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

7. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and unknown claims, arising out of purchases or sales of Medirisk common stock during the Class Period which have been or could have been asserted by any member of the Class (the "Settled Claims") against any and all of the Defendants and Medirisk, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, agents, employees,

5

attorneys, advisors, investment advisors, auditors, accountants, insurers and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant or Medirisk has or had a controlling interest or which is or was related to or affiliated with any of the Defendants or Medirisk, and the legal representatives, heirs, successors in interest or assigns of the Defendants and Medirisk (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims") against any of the

6

Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants or against the Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by any of the Plaintiffs or the Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any

7

Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)     offered or received against the Defendants or against the Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d)     construed against the Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

8

10. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' Counsel are hereby awarded _33⅓_ % of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ _250,000.00_ in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in

9

connection with administering and distributing the settlement proceeds to the members of the Class.

14.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:    Atlanta, Georgia
          22 March          , 2004


The Honorable Charles A. Pannell, Jr.
Judge, United States District Court
Northern District of Georgia
Atlanta Division

# EXHIBIT G

Case 8:19-cv-00910-S-B-AEP   Document 68-8   Filed 10/02/20   Page 73 of 77 PageID
1130
Case 1:99-cv-01280-CAP   Document 143   Filed 07/20/04   Page 73 of 77

**ORIGINAL**

Copies served
By Courtroom Deputy



FILED IN CHAMBERS
7-20-04
Luther D. Thomas, Clerk

By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: THE MAXIM GROUP, INC.<br>SECURITIES LITIGATION | Case No. 1:99-CV-1280-CAP |

### ~~[PROPOSED]~~ FINAL JUDGMENT AND
### ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated ~~July 20~~, 2004, on plaintiffs' application for approval of the settlement set forth in the Stipulation of Settlement, dated as of ~~February~~ March 10, 2004 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order and the Court having considered all papers filed and proceedings conducted herein and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including Members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court approves the

settlement set forth in the Stipulation and finds that said settlement and the related Plan of Allocation is, in all respects, fair, just, reasonable and adequate to the Class.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Class Action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Representative Plaintiffs and the other Members of the Class, and against Released Persons. Each of the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to the Representative Plaintiffs, the Members of the Class and Defendants, and the parties hereby directed to perform its terms.

6. Upon the Effective Date hereof, the Representative Plaintiffs and each Member of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

7. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

2

8.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Representative Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Class Action or the Released Claims.

9.      The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10.     The Court hereby approves the Plan of Allocation set forth in the Notice.

11.     Any Notice Expenses and Administrative Expenses not heretofore paid or provided for shall be paid out of the cash portion of the Settlement Fund, without further order of the Court, but subject to Court review.

3

12. Representative Plaintiffs' Counsel are hereby awarded $1,000,000.00 as attorneys' fees and $259,363.12 as reimbursement of expenses. Payment of these amounts to Lead Counsel from the Settlement Fund shall be made within thirty (30) days after the Effective Date of the Settlement. The Court finds that such award is reasonable and appropriate in light of the quality of work performed, the result achieved, and the complexity and difficulty of the Class Action.

13. Approval of the Plan of Allocation submitted by Lead Counsel or any order entered regarding the application for attorneys' fees or for reimbursement of expenses shall in no way disturb or affect this Final Judgment.

14. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or used as an admission of, or concession by Defendants as to any claim asserted in the Class Action or any other action or proceeding, (b) are not and shall not be construed to be evidence of an admission or concession by the Plaintiffs that claims asserted in the Class Action against the Defendants lacks merit, and (c) shall not be offered or received in evidence in any action or proceeding except in a proceeding to enforce the terms of the Stipulation.

15. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and

4

Case 8:19-cv-00949-S-BAEP-CA Document 68-143 Filed 10/02/20 Page 77 of 77 PageID
Case 2:99-cv-01280-CAP Document 143 Filed 07/20/04 Page 5 of 5
1134

any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16.     The Court finds that during the course of the Class Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and in such event, all orders entered and releases delivered in connection herewith shall be null and void to extent provided by and in accordance with the Stipulation.

Dated: July 20, 2004

ENTERED

THE HON. CHARLES A. PANNELL, JR.

5