# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KYLE PRITCHARD, Individually and
on Behalf of All Others Similarly
Situated,

        Plaintiff,

   v.

APYX MEDICAL CORPORATION f/k/a
BOVIE MEDICAL CORPORATION,
and CHARLES D. GOODWIN,

        Defendants.

Case No. 8:19-cv-00919-SCB-AEP

CLASS ACTION

**REPLY MEMORANDUM IN FURTHER SUPPORT OF:
(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND
(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Plaintiff Gregory P. Mouton and plaintiff Kyle Pritchard (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, respectfully submit this reply memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 64); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 66).[1]

## I.    PRELIMINARY STATEMENT

Following hard-fought litigation and a successful mediation facilitated by a highly respected mediator, Plaintiffs proposed a $3,000,000 all cash, non-reversionary Settlement for approval by the Court.[2]  The reaction of the Settlement Class confirms that the Settlement is an excellent result.  Following an extensive notice program, including the mailing of approximately 4,980 Postcard Notices to potential Settlement Class Members, not a single objection or request for exclusion has been received.[3]  The absence of any objection or request for exclusion by Settlement Class Members, including institutional investors, provides strong evidence of the

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 9, 2020 (ECF No. 55-1, the "Stipulation") or the Declaration of Casey E. Sadler in Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees, and Reimbursement of Litigation Expenses (ECF No. 68).  Unless otherwise indicated, all emphasis is added and quotations and citations are omitted.

[2] As stated in the opening papers, Plaintiffs contemplated submitting revised proposed Orders concurrently with this reply memorandum that would account for any objections or requests for exclusion.  However, in light of Lead Counsel's compliance with the Court clerk's October 20, 2020 request asking Lead Counsel to email the proposed Orders in Word format, and the fact that no objections or requests for exclusion were filed or received, the proposed Orders are not being filed concurrently herewith.

[3] *See* Supplemental Declaration of Josephine Bravata Concerning: (A) The Notice Program; and (B) Report on Requests for Exclusion and Objections (the "Suppl. Mailing Decl.") (attached as Exhibit A hereto), at ¶¶3, 10-11.

1

fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.

Accordingly, for all the reasons set forth herein, and in the opening papers filed with the Court on October 2, 2020, Plaintiffs and their counsel respectfully request that the Court approve the Settlement, Plan of Allocation and request for attorneys' fees and reimbursement of Litigation Expenses.

## II.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.    The Court-Approved Notice Program

In accordance with the Court's July 21, 2020 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 56, the "Preliminary Approval Order"), the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), under the supervision of Lead Counsel, began mailing the Postcard Notice to potential Settlement Class Members and nominees on August 4, 2020. *See* ECF No. 68-3 (the "Initial Mailing Decl."), at ¶¶2-6. SCS ultimately mailed the Court-approved Postcard Notice to an aggregate of 4,980 potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees. *See* Suppl. Mailing Decl., ¶¶3-4. In addition, the Summary Notice was published in *Investor's Business Daily* and transmitted over *PR Newswire* on August 24, 2020, and the Notice, Claim Form, Stipulation, and Preliminary Approval Order, among other important case-related documents, were posted on the Settlement Website. *See* Initial Mailing Decl., ¶¶8, 10. The Postcard Notice, Notice, and Summary Notice informed Settlement Class Members of the October 16, 2020 deadline to file an objection to the Settlement, Plan of

Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, or request exclusion from the Settlement Class.

On October 2, 2020, fourteen (14) days prior to the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. The motions are supported by the declarations of Plaintiffs, Lead Counsel, Liaison Counsel, and the Claims Administrator. These papers are available on the public docket and were posted on the Settlement Website. *See* ECF Nos. 64-68; Supp. Mailing Decl., at ¶7.

Following this extensive notice process, ***not a single*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or requested exclusion. *See* Suppl. Mailing Decl., ¶¶10-11.

### B.   The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Request

The reaction of a class to a settlement is "an important factor" in assessing its fairness and adequacy. *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005) (finding that a "low percentage of objections points to the reasonableness of a proposed settlement and supports its approval"). Here, the lack of objections and requests for exclusion, weighs heavily in favor of the Court granting the requested relief. *See e.g.*, *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) ("In a class of hundreds of thousands, the low number of opt-outs and objections reflects the Class' overall satisfaction with the Settlement."); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13176646, at *5 (N.D. Ga. Nov. 9, 2011) ("The absence of any objection to the settlement here further supports final approval.");

3

*Burrow v. Forjas Taurus S.A.*, 2019 WL 4247284, at *30 (S.D. Fla. Sept. 6, 2019) ("low opt-out and objection rates weigh[ed] in favor of granting final approval" of the settlement); *Ellen Berman & Dayana Guach v. General Motors LLC*, 2019 WL 6163798, at *6 (S.D. Fla. Nov. 18, 2019) (same).

In addition, there has not been a single objection to the Plan of Allocation. *See* Suppl. Mailing Decl., ¶11. This reaction supports approval of the Plan of Allocation. *See In re Catalina Mktg. Corp. Sec. Litig.*, 2007 WL 9723529, at *1 (M.D. Fla. July 9, 2007) (finding the plan of allocation fair, reasonable, and adequate and noting that "no class member [] objected to the settlement amount or plan of allocation."); *In re Rayonier Inc. Sec. Litig.*, 2017 WL 4535984, at *1 (M.D. Fla. Oct. 5, 2017) (approving plan of allocation where no objections to the plan were submitted); *In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6827291, at *1 (M.D. Ga. Dec. 11, 2019) (approving plan of allocation where "[t]he Notice, which included the Plan of Allocation, was available to potential Settlement Class Members and nominees on the settlement website and no objections to the proposed plan were submitted.").

Finally, the absence of ***any*** objections to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Plaintiffs be reimbursed for the costs incurred as a direct result of their representation of the Settlement Class as authorized by the Private Securities Litigation Reform Act of 1995, supports a finding that the request is fair and reasonable. *See Cabot East Broward 2 LLC v. Cabot*, 2018 WL 5905415, at *1 and *8 (S.D. Fla. Nov. 9, 2018) (awarding 33⅓% of $100 million settlement fund, reimbursement of expenses and lead plaintiff PSLRA awards where "no Class Member submitted an objection either to the request for fees, or the request for costs and incentive

4

awards."); *Gonzalez v. TCR Sports Broadcasting Holding, LLP*, 2019 WL 2249941, at *1, *6 and *9 (S.D. Fla. May 24, 2019) (awarding one-third of $2.5 million settlement fund, reimbursement of expenses, and lead plaintiff PSLRA awards, and noting that "no objections have been filed and that none were presented at the final fairness hearing"); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13353222, at *2 (N.D. Ga. Nov. 9, 2011) (awarding 34% of the $12.5 million gross settlement fund, plus expenses, and stating: "[i]n addition, the absence of any objection by Class Members to the requested attorneys' fees and reimbursement of costs and expenses is significant, and supports the reasonableness of the requested fee").[4]

## III.    CONCLUSION

Based on the foregoing, and for the additional reasons set forth in the opening papers, Plaintiffs and their counsel respectfully request that the Court: (1) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (2) award attorneys' fees to Lead Counsel in the amount of 33⅓% of the Settlement Fund, together with expenses in the amount of $37,616.93; and (3) grant Lead Plaintiff Gregory P. Mouton's request for $7,500 and plaintiff Kyle Pritchard's request for $2,500 in costs incurred as a direct result of their representation of the Settlement Class.

---

[4] *See also In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6771749, at *1-*2 (M.D. Ga. Dec. 11, 2019) (awarding 33⅓% of $21 million settlement fund, reimbursement of expenses and PSLRA awards to Plaintiffs where "[t]here were no objections to the requested attorneys' fees and expenses."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 WL 12540344, at *7 (N.D. Ga. Oct. 26, 2012) ("In sum, the *Johnson* factors, a survey of fee awards in comparable cases, and the absence of any objection by class members all support an award of attorney fees equal to one-third of the [$75 million] settlement fund.").

Dated:   October 30, 2020          Respectfully submitted,

*/s/ Casey E. Sadler*
Casey E. Sadler (*pro hac vice*)
Joseph D. Cohen (*pro hac vice*)
**GLANCY PRONGAY & MURRAY**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: csadler@glancylaw.com
       jcohen@glancylaw.com

*Lead Counsel for the Settlement Class*


-and-


Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300
Email: lwd@desmondlawfirm.com

*Liaison Counsel for the Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Plaintiffs hereby certifies that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of all counsel of record in this matter.

Dated:  October 30, 2020

*/s/ Casey E. Sadler*
Casey E. Sadler
